James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue
New York, NY 10017
(212) 953-2381
Attorneys for Petitioner
DONJON MARINE CO., INC.
As owner of Tug WILLIAM E.

**07 CV 3840**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/16/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE COMPLAINT

of

DONJON MARINE CO., INC., as owner of
Tug WILLIAM E. for Exoneration from or
Limitation of Liability,

 Petitioner.

CV

**ORDER RESTRAINING SUITS, APPROVING PETITIONER'S SECURITY, DIRECTING ISSUE OF NOTICE AND THE FILING OF CLAIMS**

A Verified Complaint having been filed herein on May 16, 2007, by the above-named Petitioner as the owner of the Tug WILLIAM E., an 84.8-foot towing vessel built in 1952 for Exoneration from or Limitation of Liability, pursuant to 46 U.S.C. §§ 30501 *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure concerning any alleged claims, damages, and/or losses arising out of an accident, which occurred on or about January 31, 2007, as more fully described in the Verified Complaint;

**AND** the Verified Complaint filed having stated that the value of the Petitioner's interest in the Vessel did not exceed the sum of $95,000 on the date of the incident;

**AND** the Petitioner has filed with the Court an *Ad Interim* Stipulation for Value/Letter of Undertaking dated May 15, 2007, for the benefit of any and all claimants, with surety, equal to the amount or value of Petitioner's interest in the said Vessel, with interest at six percent (6%) per annum from the date hereof, executed by Shipowners Claims Bureau, Inc. as Manager for the marine insurer, American Steamship Owners Mutual Protection and Indemnity Association.

**NOW**, on motion of attorneys for Petitioner, it is hereby:

**ORDERED** that the above-described *Ad Interim* **Stipulation for Value/Letter of Undertaking** in the sum of $95,000 with interest as aforesaid, filed by Petitioner for the benefit of any and all claimant(s) as security representing the Petitioner's interest in the Vessel, be and is **hereby approved**, and

**IT IS FURTHER ORDERED** that the Court, only upon motion and good cause shown, shall cause appraisement of the value of the Vessel and may thereupon order said security increased or reduced if it finds the amount thereof insufficient or excessive, and

**IT IS FURTHER ORDERED** that any Claimant in these proceedings may express, only upon good cause shown and by written notice filed with the Court and served upon all parties of record, its dissatisfaction with Shipowners Claims Bureau, Inc. as Manager for the marine insurer, American Steamship Owners Mutual Protection and Indemnity Association as surety. In this event, Petitioner shall within thirty (30) days of the entry of an order by the Court concerning the surety,

cause security to be posted in the form provided by Supplemental Rule F(1) of the Federal Rules of Civil Procedure and satisfactory to this Court failing which the injunction entered concurrently herewith will be vacated as to all Claimants, and the Court will make such further orders as the justice of the cause may require, and

**IT IS FURTHER ORDERED** that a **Notice shall be issued by the Clerk of this Court** to all persons asserting claims or suits with respect to which the Complaint seeks Exoneration from or Limitation of Liability admonishing them to file their respective claims with the Clerk of this Court, in writing, and to serve on the attorneys for the Petitioner a copy thereof, **ON OR BEFORE THE 5-th DAY OF July 2007**, or be defaulted; and that if any Claimant desires to contest either the right to Exoneration from or the right to Limitation of Liability, such Claimant shall file and serve on the attorneys for the Petitioner, James E. Mercante, Esq., RUBIN, FIORELLA & FRIEDMAN LLP, 292 Madison Avenue, 11th Floor, New York, New York 10017, an Answer to the Complaint on or before the said date, unless the claim has included an Answer to the Complaint, so designated, or be defaulted, and

**IT IS FURTHER ORDERED** that the aforesaid **Notice shall be published** in the ~~Staten Island Advance~~ New York Law Journal, a newspaper with a general circulation including Richmond County, New York, once a week for four (4) weeks before the return date of said Notice, as provided by the aforesaid Supplemental Admiralty Rule "F" and copies of said Notice shall be mailed by Petitioner in accordance with the rule to every person known to have a made any claim against the Vessel or Petitioner, or to his attorneys, and

**IT IS FURTHER ORDERED** that the further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution hereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any Court of any jurisdiction, or otherwise, against the Vessel owner, and/or the Vessel, and the taking of any steps and the making of any motion in such actions, suits or proceedings except in this action, to recover damages for or in respect to the aforesaid accident as more fully described in the Verified Complaint, **be and they hereby are restrained, stayed and enjoined** until the hearing and determination of this action, and all warrants of arrest and/or attachment issued or sought in such other suits, actions or legal proceedings be and the same are hereby dissolved and further warrants of arrest and/or attachment are hereby prohibited, and

**IT IS FURTHER ORDERED** that service of this order as a Restraining Order be made through the Post Office by mailing a conformed copy hereof to the person or persons to be restrained, or to their respective attorneys.

Dated: New York, New York
       May 16, 2007

_____
                        U.S.D.J.