Mark H. Edwards (ME 7106)
GORAYEB & ASSOCIATES, P.C.
Attorney for Claimant/Respondent
DENNIS KIRBY
100 William Street, Suite 1205
New York, New York 10038
(212) 267-9222

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN THE MATTER OF THE COMPLAINT

of

DONJON MARINE CO., INC. as owner of Tug WILLIAM E. for Exoneration from or Limitation of Liability,

      Petitioner.
-----------------------------------------------------------x

07 CV 3840 (RWS)(DFE)

CLAIM OF RESPONDENT DENNIS KIRBY AND ANSWER TO PETITIONER'S VERIFIED COMPLAINT

**A JURY TRIAL IS DEMANDED**

  Claimant/Respondent, DENNIS KIRBY, by his attorney, Gorayeb & Associates, P.C., as and for his Claim and Answer to the Verified Complaint for Exoneration from or Limitation of Liability of Petitioner, DONJON MARINE CO., INC., alleges, upon information and belief, as follows:

### CLAIM

  1. That on January 31, 2007, Petitioner DONJON MARINE CO., INC. owned the Tug, "William E."

  2. On January 31, 2007, the "William E." was in dry dock at Caddell Dry Dock and Repair Co., Inc., located at or about Dry Dock 3, at Richmond Terrace and Broadway, Staten Island, New York, for renovation, sandblasting,

painting, alteration, repair and/or other and/or additional work, labor and services.

3. On January 31, 2007, DENNIS KIRBY, an employee of Caddell Dry Dock and Repair Co., Inc., was performing local land-based sandblasting of said "William E." in connection with said work.

4. The work that DENNIS KIRBY was performing on the "William E." constituted work on a "structure" pursuant to the substantive law of the State of New York.

5. During the performance of his work on January 31, 2007, DENNIS KIRBY was required to work at an elevated height and in the process was required to use a ladder to perform said work.

6. That Peitioner knew and/or should have known that DENNIS KIRBY would be required to work at a significant elevated height in order to perform the required work and that proper safety equipment and procedures would be required to perform said work, which were not provided to him.

7. On January 31, 2007, while performing said work at a significant elevated height on a ladder, the ladder moved and caused DENNIS KIRBY to fall to the ground and sustain serious personal injuries and was otherwise damaged. The ladder upon which he was working failed to prevent, or break his fall.

8. DENNIS KIRBY was injured as a result of and including but not limited to the privity, knowledge, negligence and strict liability of Petitioner, its, agents, servants and/or employees, Petitioner's violation of Rule 23 of the Industrial Code of the State of New York [12 NYCRR 23] and Petitioner's violation of Sections 200, 240(1) and 241(6) of the Labor Law of the State of New

York and/or the violation of other applicable statutes, rules and industry standards.

9. DENNIS KIRBY has sustained serious personal injuries, including those physical, mental and emotional in nature and has otherwise been damaged for which he seeks past and future compensation in a monetary amount to be determined by the trier of fact and he demands judgment thereon, together with interest, costs and disbursements.

10. Claimant DENNIS KIRBY makes this claim with a reservation of rights and without waiver of his right to proceed against Petitioner in his prior pending suit [07 Civ. 3742 (RWS)] against Petitioner, upon such terms as the Court deems proper and just.

## ANSWER TO COMPLAINT

11. Answering Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "1," and respectfully refers questions of law to the Court.

12. Answering Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "2," except admits that DONJON MARINE CO., INC. has an office and place of business at 1250 Liberty Avenue, Hillside, New Jersey.

13. Answering Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "3," except admits that Petitioner was the owner of the Tug "William E." on January

31, 2007.

14.   Answering Claimant/Respondent admits that Petitioner was served with the State Court action as alleged in Paragraph "4."

15.   Answering Claimant/Respondent admits the allegations contained in Paragraph "5," to the extent that they refer to DENNIS KIRBY.

16.   Answering Claimant/Respondent denies the allegations contained in Paragraph "6."

17.   Answering Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "7" as to the value of the Tug "William E.," but admits that Claimant/Respondent's claim(s) for injury(s) and damages will exceed the value of $95,000.

18.   Answering Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "8" as to the value of the Tug "William E.," but admits that a purported and conclusory statement has been submitted from an alleged marine consultant that appears to be an appraisal.

19.   Answering Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "9" as to the value of the Tug "William E.," and further denies knowledge and information sufficient to form a belief that $95,000 is not less than Petitioner's interest in said Tug and further denies knowledge and information sufficient to form a belief as to the absence of pending freight.

20.   Answering Claimant/Respondent admits Paragraph "10" that venue

is proper.

21. Answering Claimant/Respondent denies the allegations contained in Paragraph "11," as to DENNIS KIRBY, and further denies knowledge and information sufficient to form a belief as to the remaining allegations contained therein and respectfully refers questions of law to the Court.

22. Answering Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "12," and Petitioner's entitlement thereto and respectfully refers questions of law to the Court.

23. Answering Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "13," and respectfully refers questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

24. The Complaint fails to state a cause of action and/or petitioner is not entitled to the relief requested.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

25. The substantive law of the State of New York is applicable to certain of DENNIS KIRBY's claims against Petitioner; to wit, Cammon v. City of New York, 96 N.Y.2d 793, 749 N.E.2d 211, 725 N.Y.S.2d 642 (2001); Aguilar v. Henry Marine Service, Inc., 12 A.D.3d 542, 785 N.Y.S.2d 95 (2d Dept., 2004).

WHEREFORE, it is respectfully requested that DENNIS KIRBY be compensated in a monetary amount commensurate with the injuries and damages that he sustained, to be determined by the trier of fact, and that judgment be entered thereon and further, that Petitioner's Complaint be dismissed in its entirety as against DENNIS KIRBY.

Dated: New York, NY
       June 27, 2006

>	GORAYEB & ASSOCIATES, P.C.
> Attorney for DENNIS KIRBY
>
> BY: _____
>     Mark H. Edwards (ME 7106)
>     100 William Street, Suite 1205
>     New York, New York 10038
>     (212) 267-9222
>     File No.: 7401-LL/MU

TO: RUBIN, FIORELLA & FRIEDMAN LLP
    Attorney for DONJON MARINE CO., INC.
    292 Madison Avenue
    New York, New York 10017
    (212) 953-2381
    File No.: 609-8731

## **VERIFICATION**

MARK H. EDWARDS, an attorney at law, duly admitted to practice in the Courts of this State, affirms under the penalties of perjury that:

I am associated with the law firm of GORAYEB & ASSOCIATES, P.C., attorney for the claimant and respondent in the above entitled action; that affirmant has read the foregoing **CLAIM and ANSWER** and knows the contents thereof; that the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes it to be true and the reason that this verification is not made by claimant/respondent and is made by affirmant is that claimant and respondent is not presently in the county where the attorney for the claimant and respondent has its office.

Affirmant further says that the source of affirmant's information and the grounds of Affirmant's belief as to all matters not stated upon affirmant's knowledge are from investigations made on behalf of said claimant and respondent.

Dated:  New York, New York
        June 27, 2007

_____
MARK H. EDWARDS (ME 7106)

STATE OF NEW YORK
                            SS.: **AFFIDAVIT OF SERVICE**
COUNTY OF NEW YORK

    I, MARIA A. URGILES, being duly sworn, depose and say: I am not a party to the action, am over 18 years of age, and reside in the County of Queens.

    On June 27, 2007, I served the within **CLAIM AND VERIFIED ANSWER** by

☒    **Service by mail** by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth:

        RUBIN, FIORELLA & FRIEDMAN LLP
        Attorney for DONJON MARINE CO., INC.
        292 Madison Avenue
        New York, New York 10017
        (212) 953-2381
        File No.: 609-8731

                                                    _____
                                                    MARIA A. URGILES

Sworn to before me on
June 27, 2007

_____
Notary Public

                                     JASMINE FERNANDEZ
                                     Commissioner of Deeds
                                   City of New York - No. 4-6755
                                   Certificate Filed in New York County
                                   Commission Expires March 1, 20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE COMPLAINT

of

DONJON MARINE CO., INC. as
owner of Tug WILLIAM E. for
Exoneration from or Limitation of
Liability,

        Petitioner.

07 CV 3840 (RWS)(DFE)

**CLAIM OF RESPONDENT DENNIS KIRBY AND
ANSWER TO PETITIONER'S VERIFIED COMPLAINT**

Mark H. Edwards (ME 7106)
GORAYEB & ASSOCIATES, P.C.
Attorney for DENNIS KIRBY
100 William Street, Suite 1205
New York, New York 10038
(212) 267-9222
File No.: 7401 - LL/MU