James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue
New York, NY 10017
(212) 953-2381
Attorneys for Petitioner
DONJON MARINE CO., INC.
As owner of Tug WILLIAM E.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
IN THE MATTER OF THE COMPLAINT

        of

DONJON MARINE CO., INC. as owner of Tug
WILLIAM E. for Exoneration from or Limitation of
Liability,
               Petitioner.

07 civ 3840 (RWS)

**NOTICE OF MOTION**

**SIRS:**

    **PLEASE TAKE NOTICE** that upon the annexed affidavit of Michael E. Stern, sworn to on

November 27, 2007, with exhibits attached thereto, the Memorandum of Law, the Affidavit of Steve Kalil,

and upon all pleadings and proceedings had herein, the undersigned will move this Court, before the

Honorable Robert W. Sweet, of the United States District Court for the Southern District of New York,

United States Courthouse, 500 Pearl Street, New York, New York, on the 2nd day of January, 2008 at 12:00

p.m. for an Order granting Petitioner DONJON MARINE CO., INC.'s Motion for Summary Judgment

dismissing Claimant's claim.

Dated:  November 27, 2007

                      RUBIN, FIORELLA & FRIEDMAN LLP
                      Attorneys for Petitioner
                      DONJON MARINE CO., INC.

                      By: _____
                          James E. Mercante (JM 4231)
                          Michael E. Stern (MS 9113)
                      292 Madison Avenue, 11th Floor
                      New York, New York  10017
                      212 953-2381
                      Our File No. 609-8731

1

James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue
New York, NY 10017
(212) 953-2381
Attorneys for Petitioner
DONJON MARINE CO., INC.
As owner of Tug WILLIAM E.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 civ 3840 (RWS)

IN THE MATTER OF THE COMPLAINT

**AFFIDAVIT OF MICHAEL E. STERN**

of

DONJON MARINE CO., INC. as owner of Tug
WILLIAM E. for Exoneration from or Limitation
of Liability,

Petitioner.

STATE OF NEW YORK      )
                                          ) ss.
COUNTY OF NEW YORK  )

**MICHAEL E. STERN**, being duly sworn deposes and says:

1.     I am associated with the firm of RUBIN, FIORELLA & FRIEDMAN LLP, attorneys for

petitioner, DONJON MARINE CO., INC., and I am familiar with the facts of this matter

based upon personal knowledge and/or review of the file.

2.     The following exhibits are submitted in support of Donjon's motion for summary

judgment:

1

## LIST OF EXHIBITS

**Exhibit "1"**     Verified Complaint for Exoneration from or Limitation of Liability

**Exhibit "2"**     Verified Complaint filed by Dennis Kirby

**Exhibit "3"**     Caddell Dry Dock Work Order 070132

**Exhibit "4"**     Claim of Respondent Dennis Kirby

**Exhibit "5"**     Employer's First Report of Injury dated January 31, 2007

**Exhibit "6"**     Employee's Claim for Compensation dated February 8, 2007

_____

Michael E. Stern

Sworn to before me this 27th day
of November, 2007

_____

Notary Public

SUSAN RYAN
Notary Public, State of **New York**
No. 43-4912244
Qualified in Richmond **County**
Commission Expires November 9, 20 _29_

2

**EXHIBIT 1**

James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue
New York, NY 10017
(212) 953-2381
Attorneys for Petitioner
DONJON MARINE CO., INC.
As owner of Tug WILLIAM E.

**07 - CV     3840**



MAY 1 6 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
IN THE MATTER OF THE COMPLAINT

            of

DONJON MARINE CO., INC. as owner of Tug
WILLIAM E. for Exoneration from or Limitation
of Liability,

            Petitioner.

CV

**VERIFIED COMPLAINT FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY**

DONJON MARINE CO., INC. (hereinafter "Petitioner"), by its attorneys, RUBIN,
FIORELLA & FRIEDMAN LLP, for its Verified Complaint seeking Exoneration from or Limitation
of Liability, alleges, upon information and belief, as follows:

1.      This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46
U.S.C. §§ 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h)
of the Federal Rules of Civil Procedure, and Rule "F" of the Supplemental Rules for Certain
Admiralty and Maritime Claims, as hereinafter more fully appears.

2.      Petitioner, Donjon Marine Co., Inc. is a corporation organized and existing under the
laws of the state of New Jersey with an office and place of business at 1250 Liberty Avenue,
Hillside, New Jersey.

1

3.    Petitioner is the owner of the Tug WILLIAM E., an 84.8-foot towing vessel built in 1952 (hereinafter referred to as the "Vessel").

4.    On or about May 1, 2007, Petitioner received a Summons with Verified Complaint in an action captioned *DENNIS KIRBY v. DONJON MARINE CO., INC.*, filed in Supreme Court of the State of New York, County of Bronx, Index No. 13941/07, alleging claims for personal injury.

5.    Plaintiff alleges that on or about January 31, 2007, he was engaged in work relating to the Vessel and claims to have sustained injury.

6.    Plaintiff's claim or claims were not due to any fault, neglect, or want of care on the part of Petitioner, or the Vessel, and occurred without Petitioner's privity or knowledge.

7.    Plaintiff's claim or claims may exceed Petitioner's interest in the Vessel.

8.    The Vessel was valued at $95,000 (**EXHIBIT A**, report of Thomas O. Mowbray Marine Sales dated May 15, 2007)

9.    Pursuant to Supplementary Rules F of the Federal Rules of Civil Procedure, Petitioner offers an *Ad Interim* Stipulation for Value/Letter of Undertaking in the amount of $95,000, said amount being not less than the value of Petitioner's interest in the Vessel at the time of the accident and there being no pending freight. (**EXHIBIT B**, *Ad Interim* Stipulation for Value/Letter of Undertaking).

10.    Venue in this district is proper as Plaintiff's law suit was brought within the district.

11.    Petitioner is entitled to Exoneration from liability for any claims arising from the accident and from any and all claims that have been or may hereafter be made, provided by 46 U.S.C. § 30501 *et seq.* and the various statutes supplementary thereto and amendatory thereof, and Petitioner alleges that it has valid defenses thereto on the facts and law.

2

12.   Petitioner claims, in the alternative, the benefit of Limitation of Liability provided by 46 U.S.C. § 30501 *et seq.* and the various statutes supplementary thereto and amendatory thereof.

13.   Petitioner has provided security herewith in the form of an *Ad Interim* Stipulation for Value/Letter of Undertaking sufficient to cover its interest in the Vessel with surety for payment into Court, whenever the same shall be ordered, as provided for by the aforesaid statute and by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and by the rules and practices of this Court.

**WHEREFORE**, Petitioner prays:

(1)   That this Court adjudge that Petitioner is not liable for any loss, injury, or damages arising out of the accident; or,

(2)   If Petitioner is adjudged liable, that such liability be limited to the value of Petitioner's interest in the Vessel in the maximum amount of $95,000, and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, be divided pro-rata according to the above-mentioned statutes among such claimants as may duly prove their claim, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

(3)   That this Court issue an Order to include the following:

(a)   Directing the issuance of Notice to all persons asserting claims with respect to the accident, which this Complaint seeks Exoneration from or Limitation of Liability, to file their respective claims with the Clerk of this Court and to serve on Petitioner's undersigned counsel a copy thereof on or before a date

3

to be named in the Notice.

(b) Directing Petitioner to file an *Ad Interim* Stipulation for Value/Letter of Undertaking as security for the benefit of any and all Claimants, in the amount of Petitioner's interest in the Vessel as of the date of the accident, $95,000, with interest at the rate of 6% per annum from the date of said security or whenever the Court shall so order.

(c) Directing that upon Petitioner's filing of an *Ad Interim* Stipulation for Value/Letter of Undertaking, an injunction shall issue enjoining the prosecution against Petitioner, his representatives, insurers, and the Vessel, of any and all claims, suits, actions or proceedings, whether or not already begun, with respect to the accident, except in this proceeding.

(4) That Petitioner may have such other and further relief as the justice of the cause may require.

Dated: May 15, 2007

RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys for Petitioner
DONJON MARINE CO., INC.

By: _____
  James E. Mercante (JM 4231)
292 Madison Avenue, 11th Floor
New York, New York  10017
212 953-2381
Our File No. 609-8731

VERIFICATION PURSUANT 28 U.S.C. § 1746

The undersigned a partner of the firm of  RUBIN, FIORELLA & FRIEDMAN LLP, attorneys of record for Petitioner; that the undersigned has read the foregoing Complaint for Exoneration from or Limitation of Liability and knows the contents thereof; that the same are true to my own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters I believe them to be true.

The grounds for my belief as to all matters not stated to be upon my own knowledge, are materials contained in the file.

The reason for the attorney's verification is that Petitioners reside outside the county where my firm maintains its office.

I verify under penalty of perjury that the foregoing  is true and correct.

Executed on May 15, 2007

_____
James E. Mercante (JM 4231)

# THOMAS O. MOWBRAY
# MARINE SALES

(973)984-2295
FAX: (973) 984-5181
mowbraytug@aol.com

NIGHT (973) 538-1789
(570) 476-6724

11A WETMORE AVENUE, MORRISTOWN, N.J. 07960

## CERTIFICATE OF MARKET EVALUATION

File # : T-828

"WILLIAM E."

<u>TUGBOAT</u>

| | |
|---|---|
| **Official Number:** | 264306 |
| **Dimensions:** | 84.8' x 24' x 9.6' |
| **Tonnage:** | 147 Gross |
| **Built:** | 1952 by Jacobson Shipyard, Oyster Bay, N. Y. |
| **Engine:** | One (1) GM 12-567-E, 1,200 H. P. |
| **Capacities:** | 150 Gallons of Lube Oil 12,000 Gallons of Fuel Oil |
| **Gear:** | Falk reduction gear 2.5 : 1 |
| **Generators:** | One (1) 15 KW Shaft generator, Two (2) KW driven by GM-2-71. |
| **Accommodations:** | Eight Men |

$ 95,000.00

**ALL PARTICULARS BELIEVED TO BE CORRECT BUT NOT GUARANTEED.**

_(signature)_ 5-15-c

## YOUR MARINE CONSULTANTS

**EXHIBIT 2**



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

—————————————————————X

DENNIS KIRBY,

                            Plaintiff,

        -against-

DONJON MARINE CO., INC.,

                            Defendant.

—————————————————————X

**SUMMONS**

Index No.: 13941-07

The basis of venue is:
**Plaintiff's Residence**
Plaintiff designates Bronx
County as the place of trial.
Plaintiff resides:
868 East 156th Street
Bronx, New York 10455
County of Bronx

**To the above named Defendant:**

    **You are hereby summoned** to answer the complaint in this action, and to
serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance on the Plaintiff's attorney within twenty days after the
service of this summons, exclusive of the day of service, where service is made by
delivery upon you personally within the state, or, within 30 days after completion of
service where service is made in any other manner.  In case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded in
the complaint.

DATED:      New York, New York
            April 11, 2007

                            Yours, etc.

                            CHRISTOPHER J. GORAYEB
                            GORAYEB & ASSOCIATES, P.C.
                            Attorney for Plaintiff
                            DENNIS KIRBY
                            100 William Street, Ste. 1205
                            New York, New York 10038
                            (212) 267-9222
                            File No. 7401 - LL/MU

**DEFENDANT'S ADDRESS:**
**DONJON MARINE CO., INC.:1250 Liberty Avenue, Hillside, New Jersey 07205**

Law Offices
~~RAYEB & ASSOCIATES, P.C.~~
100 WILLIAM STREET
:W YORK, NEW YORK 10038

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------X

DENNIS KIRBY,

                    Plaintiff,

          -against-

DONJON MARINE CO., INC.,

                    Defendant.

------------------------------------------------------------X

**<u>VERIFIED COMPLAINT</u>**

Index No.: 13941-07

       Plaintiff, **DENNIS KIRBY**, by his attorney, **GORAYEB & ASSOCIATES, P.C.**, complaining of the defendant, respectfully alleges, upon information and belief, as follows:

1. That plaintiff was and still is a resident of the State of New York, County of Bronx.

2. That this action falls within one or more of the exemptions set forth in CPLR §1602.

3. That at all times hereinafter mentioned, the defendant, **DONJON MARINE CO., INC.** (hereinafter **"DONJON"**), was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

4. That at all times hereinafter mentioned, **DONJON**, was and still is a partnership organized and existing under and by virtue of the Laws of the State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, **DONJON**, was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

6. That at all times hereinafter mentioned, and upon information and belief, **DONJON**, maintained a principal place of business in the State of New Jersey

Law Offices
RAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
W YORK, NEW YORK 10038

with its principle place of business at 1250 Liberty Avenue, Hillside, New Jersey 07205.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF DENNIS KIRBY

7. Plaintiff, **DENNIS KIRBY**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "6" together with the same force and effect as though same were more fully set forth at length herein.

8. That on January 31, 2007, **DONJON**, owned the property located at Dry Dock 3 located at Richmond Terrace and Broadway, Staten Island, New York.

9. That on January 31, 2007, DONJON owned a vessel known as or named "William E."

10. That on January 31, 2007, the "William E" was in dry dock at Caddell Dry Dock and Repair Co., Inc.

11. That on January 31, 2007, the "William E" was in dry dock #3 at Caddell Dry Dock and Repair Co., Inc.

12. That on January 31, 2007, **DONJON**, owned a vessel or structure located at Dry Dock 3 located at Richmond Terrace and Broadway, Staten Island, New York

13. That on January 31, 2007, **DONJON,** maintained a vessel or structure located at Dry Dock 3 located at Richmond Terrace and Broadway, Staten Island, New York.

14. That on or prior to January 31, 2007, the "William E" was transported to Caddell Dry Dock and Repair Co., Inc., on Staten Island for renovation, refitting, painting and/or repair.

15. That on or prior to January 31, 2007, **DONJON,** was hired and/or retained to act as a contractor for the refitting, renovation, painting, repair and/or alteration

of a vessel known as "William E" at Dry Dock 3 located at Richmond Terrace

and Broadway, Staten Island, New York.

16. That on or prior to January 31, 2007, **DONJON**, entered into an agreement and

contract by which **CADDELL DRY DOCK AND REPAIR CO, INC.** was to

provide certain work, labor, painting, renovation and/or repairs with respect to

certain renovation, alterations and/or repairs of its vessel, the "William E".

17. That on or prior to January 31, 2007, **DONJON** entered into an agreement and

contract by which **CADDELL DRY DOCK AND REPAIR CO., INC.** was to

provide certain work, labor, painting, renovation and/or repairs to a vessel it

owned at Dry Dock 3 located at Richmond Terrace and Broadway, Staten

Island, New York.

18. That on or prior to January 31, 2007, **DONJON** retained a contractor to perform

renovation, painting, repair and/or alteration of a vessel at Dry Dock 3 located at

Richmond Terrace and Broadway, Staten Island, New York.

19. That on or prior to January 31, 2007, **DONJON** retained **CADDELL DRY

DOCK AND REPAIR CO., INC.** to provide work, labor and/or services at the

vessel at Dry Dock 3 located at Richmond Terrace and Broadway, Staten

Island, New York.

20. That at all times hereinafter mentioned, and on, or prior to January 31, 2007,

**DONJON** hired and/or retained **CADDELL DRY DOCK AND REPAIR CO.,

INC.** pursuant to a written contract and/or agreement a contractor.

21. That on January 31, 2007, renovation, refitting, painting, alterations and/or

repairs were being performed on the "William E" at Dry Dock 3 located at the

premises of CADDELL DRY DOCK AND REPAIR CO., INC.

22. That on January 31, 2007, renovation, painting, repair and/or alterations were

being performed on a vessel known as "William E" at Dry Dock 3 located at

Richmond Terrace and Broadway, Staten Island, New York.

23. That on January 31, 2007, plaintiff was engaged in the performance of renovation, refitting, painting, repair and/or alterations on said vessel.

24. That the Defendant, its agents, servants and/or employees had the duty to provide the Plaintiff with a safe place to work.

25. That the Defendant, its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

26. That on January 31, 2007, while plaintiff **DENNIS KIRBY**, was lawfully and carefully working on a ladder on said vessel, he was caused to fall from said ladder by reason of the negligence and/or violation of statute of the defendant, its agents, servants and/or employees in the ownership, operation, direction, supervision, possession, control, construction, repair, rehabilitation, refitting, painting and/or alteration of the said vessel sustaining the injuries hereinafter alleged.

27. That the defendant, its agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, repair, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation, refitting and/or alteration of the said vessel in that they failed to provide the plaintiff with a safe place to work; failed to provide the plaintiff with a hazard-free work place; failed to provide the plaintiff with proper and safe elevated working surfaces, scaffolds and ladders, so fixed, secured and/or maintained and braced so as to prevent the plaintiff from falling from same; failed to provide the plaintiff with proper and approved safety devices so placed, fixed and/or secured so as to afford proper protection to the plaintiff working thereat; violated the applicable provisions of the Labor Law of the State of New York, the Industrial Code of the State of New York and the provisions of the Occupational Safety & Health Administration as they pertain to construction;

failed to inspect the work areas on the date of the accident and prior thereto to

see that the elevated working surfaces, scaffolds and ladders were safe; and

failed to provide the plaintiff with any safety devices to prevent plaintiff from

falling from said elevated working surfaces, scaffolds and ladders.

28. That the defendant, its agents, servants and/or employees had actual and/or

constructive notice of the dangerous and defective conditions existing upon the

work site.

29. That the accident and the injuries resulting therefrom were caused solely and

wholly by reason of the negligence of the defendant, its agents, servants and/or

employees without any fault, want of care or culpable conduct on the part of the

plaintiff contributing thereto.

30. That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame

maimed and disabled and so remains.  That he has been unable to attend to

his usual vocation and activities and that he has been obliged to expend and

will expend in the future, sums of money for medical aid and attention, all to his

damage in an amount that exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF DENNIS KIRBY

31. Plaintiff, **DENNIS KIRBY**, repeats, reiterates and realleges each and every

allegation contained in paragraphs "1" through "29" together with the same

force and effect as though same were more fully set forth at length herein.

32. That on January 31, 2007, there existed in full force and effect within the State

of New York, Sections 200, 240(1) and 241(6) of the Labor Law of the State of

New York.

33. That the defendant had the duty to comply with the provisions of sections 200,

240(1), and 241(6) of the Labor Law of the State of New York.

34. That said defendant violated Sections 200, 240(1) and 241(6) of the Labor Law

Law Offices
FLAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

of the State of New York.

35. That on January 31, 2007, there existed Rule 23 of the Industrial Code of the State of New York.

36. That the defendant had the duty to comply with the provisions of Rule 23 of the Industrial Code of the State of New York.

37. That by reason of the negligence of the defendant aforesaid, the defendant violated Rule 23 of the Industrial Code of the State of New York.

38. That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, the plaintiff **DENNIS KIRBY** demands judgment against the defendant in an amount that exceeds the jurisdictional limits of all lower courts on each cause of action, with costs, interest and disbursements.

Dated:     New York, New York
           April 11, 2007

Yours, etc.

CHRISTOPHER J. GORAYEB
GORAYEB & ASSOCIATES, P.C.
Attorney for Plaintiff
DENNIS KIRBY
100 William Street
New York, New York 10038
(212) 267-9222
File#/7401 - LLMU

Law Offices
RAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
W YORK, NEW YORK 10038

## ATTORNEY'S VERIFICATION

CHRISTOPHER J. GORAYEB, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member of the law firm of GORAYEB & ASSOCIATES, P.C., attorney of record for plaintiff, I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. The reason this verification is made by me and not Plaintiff is that Plaintiff does not reside in the county wherein the attorney for the plaintiff maintain its offices.

DATED:    New York, New York
          April 11, 2007

_____
CHRISTOPHER J. GORAYEB

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

**EXHIBIT 3**

MAY 1 4 2007

PAGE __1__ OF __3__

DATE  __MARCH 29, 2007__ ᵍ

BILL NO. __14608__

VESSEL _____ " WILLIAM  E " & OWNERS _____

CADDELL W.O.# 070132

# CADDELL DRY DOCK AND REPAIR CO., INC., DR.
— DRY DOCKS & SHIPYARD —

718 442-2112
FAX: 718-981-7493
FOOT OF BROADWAY • P.O. BOX 327 • STATEN ISLAND, N.Y. 10310

NET 10 DAYS 1% PER MONTH SERVICE CHARGE AFTER 10 DAYS.

DONJON MARINE CO, INC
1250 LIBERTY AVENUE
HILLSIDE , NEW JERSEY 07205

1/25/07 - 2/14/07
**1.) DRY-DOCKING:-**
DRY-DOCKED VESSEL, DD# 3, 1/15/07 FOR EXAMINATION, PAINTING AND TO PERFORM NECESSARY UNDERWATER REPAIRS. PROVIDED THE SERVICES OF MOTOR BOAT AND LINE HANDLERS DURING DRY-DOCKING AND UN-DOCKING OF VESSEL.                                      # ($ 30,695.00)

**2.) SHORE POWER:-**
PROVIDED CABLE, CONNECTED AND FURNISHED 208/120 VOLT A/C SHORE POWER TO VESSEL. AFTER COMPLETING REPAIRS DISCONNECTED AND REMOVED.                          # ($ 8, 165.00)

**3.) SAND SWEEP / SPOT BLAST AND PAINT HULL:-**
FURNISHED LABOR, MATERIAL, EQUIPMENT. MADE NECESSARY PRTOTECTION COVERING ON ALL EXPOSED EQUIPMENT ON DECK. SAND SWEPT AND SPOT BLASTED VESSEL'S BOTTOM, SIDES AND ENDS FROM KEEL TO MAIN DECK. BLEW AND REMOVED ALL REMAIN GRIT FROM HULL. APPLIED O/F PAINT AS FOLLOWS:-
ONE (1) FULL COAT OF 235 RED FROM KEEL TO MAIN DECK.
ONE (1) FULL COAT OF 235 BLACK FROM KEEL TO MAIN DECK.
CUT IN WATER LINE AND PAINTED IN ALL MARKINGS ON HULL AS ORIGINAL.
TOUCHED UP ALL DISTURBED AREAS WHERE NECESSARY.
CLEANED DRY DOCK AND REOVED ALL GRIT FOR PROPER DISPOSAL.                      # ($ 14,500.22)

**4.) CLEAN AND GAS FREE ENGINE ROOM BILGE:-**
SET UP VACUUM SLOP OIL TRUCK, HOSES ----ETC. PUMPED OUT EXISTING SLOPS AND WATER IN WAY OF ENGINE ROOM BILGE. CLEANED BILGES USING DEGREASER, WASHED, AND GAS FREED AS DIRECTED. OBTAINED GAS FREE MARINE CHEMIST CERTIFICATE. PUMPED OUT, REMOVED SLOP OIL TRUCK AND PROPERLY DISPOSED SLOPS.APPROX.1500.GAL. PROVIDED THE SERVICES OF A COMPETENT PERSON TO CHECK SPACES DAILY AND UPDATED GAS FREE CERTIFICATE FOR THE DURATION OF THE REPAIRS.
                                                                          # ($ 8,150.00)

**5.) MAIN RUDDER RENEWAL:-**
FURNISHED LABOR, MATERIAL, EQUIPMENT. SET UP MATERIAL, ERECTED NECESSARY STAGING, AND FITTED OVER HEAD PAD EYES TO HULL AND TO RUDDER FOR LIFTING RUDDER. MADE NECESSARY DISCONNECTION TO STEERING SYSTEM. REMOVED RUDDER STOCK PACKING. RAISED RUDDER, UNSHIPPED AND LOWERED RUDDER TO DRY DOCK. RIGGED, REMOVED AND TRANSFERRED TO SHOP FOR RENEWAL. SET UP MATERIAL 6" DIA ABS GRADE # 2 SHAFTING APPROX. 14 FT. RIGGED INTO MACHINE SHOP. SET IN LATHE. CLEANED UP AND TOOK NECESSARY MIC READINGS AGAINST OLD RUDDER STOCK. SET UP, FABRICATED AND MACHINED NEW RUDDER STOCK AS PER SAMPLE. SET UP MATERIAL, FABRICATED AND MACHINED NEW CARRIER PLATE FOR NEW RUDDER STOCK. SIZE: 14"X14" X 2" PLATE. SET UP MATERIAL, FABRICATED AND MACHINED NEW SELLEVE FOR RUDDER STOCK. SIZE: 61/2" I.D X 8" O.D X S/S TUBING. INSTALLED AND MADE UP. SET UP AND MILLED SQUARE IN TOP OF NEW RUDDER STOCK. SET UP AND MACHINED O.D OF RUDDER STOCK IWO UPPER BUSHING AS NEEDED. SET UP AND APPLIED FIBERGLASS UNDER BUSHING ON NEW RUDDER STOCK. SET UP MATERIAL, FABRICATED AND MACHINED NEW SLLEVE FOR GUDGEON PINTLE PIN. SIZE: 5" O.D X 4" ID X 5" S/S TUBING. INSTALLED AND SECURED. SET UP AND JACKED OUT EXISTING WORN PINTLE BEARING FOR RUDDER SHOE. SET UP AND BORED SHOE TO MAKE ROUND. SET UP NEW Y/F CUTLASS BEARING, MACHINED O.D TO PROPER SIZE. INSTALLED AND SECURED. TOOK NECESSARY MEASUREMENTS OF THE OLD RUDDER BLADE. SET UP THE FOLLOWING MATERIAL IN PLATE SHOP TO FABRICATE NEW RUDDER BLADE. (1) 48'X 118" X ¾" MAIN RUDDER BLADE PLATE. (1) 111/2" X 108' X ¾" MAIN RUDDER BLADE SIDE EXTENSION. (10) 41/2" X ¾' FLAT BAR STIFFINERSX 56" LONG EA. (2) 6"X6"X1/2" ANGLE X 10 'EA AS LEADING EDGE ANGLES.  FABRICATED NEW RUDDER AS PER SAMPLE.SAND BLASTED AND COATED. INSTALLED NEW (6) ZINC ANODES AND WELDED. FITTED RUDDER BLADE TO RUDDER STOCK WITH ASSOCIATED STIFFENERSAND WELDED. RIGGED NEW RUDDER AND INSTALLED. CUT RUDDER SHOE AND REWELDED AS NECESSARY FOR PROPER ALIGNMENT. INSTALLED NEW PACKING AND MADE UP ON PACKING GLAND. RE INSTALLED TILLER WITH NEW BOLTS AND SECURED.MADE NECESSARY RE-CONNECTIONS TO STEERING SYSTEM AS ORIGINAL. TESTED RUDDER MOVEMENT TO OWNER'S REP SATISFACTION. TOUCHED UP WELDED AREAS. DISMANTLED STAGING AND REMOVED ALL USED GEAR BACK TO SHOP.
                                                                          # ($ 33,300.22)

PAGE __2__ OF __3__

DATE ___MARCH 29, 2007___    BILL NO. ___14608___

VESSEL ___" WILLIAM  E "  & OWNERS___

CADDELL W.0# 070132

# CADDELL DRY DOCK AND REPAIR CO., INC., DR.
### DRY DOCKS & SHIPYARD
718 442-2112
FAX: 718-981-7493
FOOT OF BROADWAY • P.O. BOX 327 • STATEN ISLAND, N.Y. 10310
NET 10 DAYS 1% PER MONTH SERVICE CHARGE AFTER 10 DAYS.

CONT-
**6) PROPELLER:-**
FURNISHED LABOR, MATERIAL, EQUIPMENT. ERECTED NECESSARY STAGING AND SET UP NECESSARY GEAR. FLUSHED OFF WELDS AND REMOVED PROPELLER NUT STOPPER. RELEASED AND REMOVED PROPELLER NUT. RELEASED AND REMOVED WATER SEAL RETAINER RING AND REMOVED SEAL. SET UP STRONG BACK, APPLIED HEAT TO PROPELLER AND JUMPED. RIGGED PROPELLER, REMOVED FROM TAIL SHAFT AND LOADED ON OUT SIDE CONTRACTOR TRUCK FOR RECONDITIONING OWNER'S ACCOUNT. CLEANED P/S SHAFT TAPER, SET UP AND TOOK NECESSARY RUN OUT READINGS AND CHECKED CLEARANCES. TOOK DELIVERY OF O/F P/S RECONDITIONED PROPELLER, RIGGED, REMOVED FROM TRUCK AND TRANSFERRED TO VESSEL. AFTER COMPLETING SHAFTING REPAIRS. FITTED PROPELLER ON TAIL SHAFT AND INSTALLED. CLEANED AND RE-INSTALLED PROPELLER NUT. SET UP WEDGES, APPLIED HEAT TO PROPELLER AND DROVE UPON TAIL SHAFT. REMOVED WEDGES AND MADE UP PROPELLER NUT, INSTALLED, TACK WELDED STOPPER AND SECURED. INSTALLED NEW WATER SEAL. RE-INSTALLED RETAINER RING MADE UP SCREWS AND WIRLACED. COVERED PROPELLER NUT WITH PLUG CEMENT.                          # ($ 5,750.00)

**7. TAIL SHAFT REPAIRS:-**
FURNISHED LABOR, MATERIAL, EQUIPMENT. MADE NECESSARY REMOVALS IN ENGINE ROOM. RELEASED PORT / STBD STERN GLAND AND REMOVED PACKING. MADE NECESSARY DISCONNECTION TO TAIL SHAFT COUPLING AND REMOVED.WITHDREW TAIL SHAFT, RIGGED REMOVED AND FROM VESSEL AND TRANSFERRED TO MACHINE SHOP INCLUDING COUPLING, BOLTS. TEMP. INSTALLED TEMP. BLANK IWO STERN TUBE SIZE; 16" DIA X 3/8' PLATE. CHASED COUPLINGS BOLTS AS NEEDED.TOOK NECESSARY MIC READINGS IWO CUTLASS BEARINGS AND TAIL SHAFT. SET UP, CUT AND REMOVED EXISTING OLD S/S LINERS IWO PACKING AND INNER BEARING AS DIRECTED. SET UP S/S MATERIAL. SIZE: (1) 91/4" O.D X ¾' WALL SEAMLESS 304 S/S TUBING.CUT, FABRICATED AND BORED NEW S/S LINERS FOR TAIL SHAFT TO PROPER SIZE. SET UP NECESSARY GEAR TO SHRINK NEW LINERS ON TAIL SHAFT. HEATED AND INSTALLED INBOARD AND OUT BOARD LINERS ON TAIL SHAFT AND SECURED. SET UP AND MACHINED NEW LINERS TO PROPER SIZE FOR FIBER GLASS. UPON APPROVAL, APPLIED FIBER GLAS AND SHAFT COATING IWO EXPOSED AREAS BETWEEN LINERS, TESTED AND MADE UP AS ORIGINAL. UPON APPROVAL, RIGGED TAIL SHAFT TRANSFERRED TO VESSEL READY FOR INSTALLATION. REMOVED BLANK. SET UP NECESSARY GEAR. CLEANED AND RE-INSTALLED TAIL SHAFT. FITTED COUPLING ON TAIL SHAFTSL SHAFT AND INSTALLED MADE NECESSARY RE-CONNECTIONS TO TAIL SHAFT COUPLING AND MADE UP BOLTS, NUTS AND SECURED. DRILLED AND TAPPED STUFFING BOX AS NECESSARY FOR NEW S/S STUDS RENEWALS. INSTALLED NEW PACKING AND MADE UP ON PACKING GLAND. CHECKED STERN GLAND FOR LEAKS AND PROVED TIGHT. UPON APPROVAL, REINSTALLED ALL REMOVALS IN ENGINE ROOM AS ORIGINAL.        # ($ 32,976.20)

**8.) SEA VALVES:-**
FURNISHED LABOR, MATERIAL, EQUIPMENT. OPENED, SCRAPED OUT, THOROUGHLY CLEANED, GROUND IN SEATS FOR INSPECTION (1) 6" DIA AND (1) 2" SEA VALVES. UPON APPROVAL, CLOSED (1) 2" DI ASEA VALVE WITH NEW GASKET, BOLTS, and NUTS AND REPACKED AS ORIGINAL. AT OWNER'S REQUEST COMPLETELT REMOVED BEYOND REPAIR (1) 6" DIA VALVE FOR RENEWAL. INSTALLED (1) NEW O/F 6" DIA VALVE WITH NEW GASKET, BOLTS, AND NUTS. CHECKED SEA VALVES FOR LEAKS DURING UN-DOCKING OF VESSEL AND PROVED TIGHT.        # ($ 3,500.00)

**9.) RAW WATER PIPING REPAIRS:-**
FURNISHED LABOR, MATERIAL, EQUIPMENT. CROPPED, MADE TARGET AND RENEWD DEFFECTIVE RAW WATER PIPING IN ENGINE ROOM FOR MAIN ENGINE COOLING SYSTEM AS DIRECTED. SIZE: (1) 4" DIA EXHVY PIPE X 6 FT. WITH NECESSARY FITTINGS (3) 4" 45 DRGREE ELBOWS AND (1) LONG RADIOUS 90 DEGREE ELBOW AND (2) SHORT 90 DEGREE ELBOWS —ET. SECURED, TESTED AND PROVED TIGHT.
        # ($ 4,200.00)

**10.) ZINC ANODES:-**
FURNISHED LABOR, MATERIAL, EQUIPMENT.UNBOLTED DETERIORATED ZINC ANODES AND REMOVED FROM HULL WHERE DIRECTED FOR RENEWALS. CHASRED STUDS THREADS AND CLEANED NUTS READY FOR NEW ZINC ANODES INSTALLATIONS. INSTALLED YARD FURNISHED 6" X 11/4" X 12" ZINC ANODES TO HULL WHERE DIRECTED. MADE UP NUTS AND SECURED.A TOTAL OF THIRTY (30) ANODES.        # ($ 4,430.00)

DATE  MARCH 19, 2007                                    BILL NO.

VESSEL                  " WILLIAM E " & OWNERS

CADDELL W.O# 070132

# CADDELL DRY DOCK AND REPAIR CO., INC., DR.

## DRY DOCKS & SHIPYARD

718 442-2112
FAX: 718-981-7493
FOOT OF BROADWAY • P.O. BOX 327 • STATEN ISLAND, N.Y. 10310

NET 10 DAYS 1% PER MONTH SERVICE CHARGE AFTER 10 DAYS.

CONT—
**11.) NEW TRANSDUCER INSTALLATION:-**
FURNISHED LABOR, MATERIAL, EQUIPMENT. LAYED OUT AND PROVIDED NECESSARY OPENINING TO HULL IWO FWD BALLAST TANK FOR NEW HOUSING AND TRANSDUCER INSTALLATION. SET UP MATERIAL AND FABRICATED 8" DIA EXHVY PIPE X 13" LONG, 8" FLANGE AND 8" DIA BLANK, ½" THREADED COUPLING FOR WIRE HI-HAT INSTALLATION. ALIGNED NEW HIGH HAT, FITTED IWO OF HULL PENETRATION AND WELDED. MOUNTED TRANSDUCER AND INSTALLED. TESTED AND PROVED TIGHT.                    # ($ 4,100.00)

**12.) MISCELLANEOUS STEEL REPAIRS:-**
FURNISHED LABOR, MATERIAL, EQUIPMENT.SET UP NECESSARY FIRE LINE, STAGING TO ACCOMPLISH STEEL REPAIRS WHERE DIRECTED BY OWNER REP AS FOLLOWS:-
A.) WIRE BRUSHED AND WELDED SCATTERED WASTED SEAMS AND BUTTS IWO OF BOTTOM PLATING AS MARKED AND WELDED (3) PASSES.
B.) MADE NECESSARY TEMPLATES, LAYED NECESSARY SECTIONS OF 3/8" PLATE DOUBLERS AS FOLLOWS:-
(1) 48" X 72" X 3/8" PL & (1) 15"X20"X3/8" PL & (1) 19"X19"X3/8" PL & (1) 24"X14"X3/8" PL, (4) 26"X36"X3/8" PL.
(1) 60"X45"X3/8" PL & (1) 41"X12"X3/8" PL & (1) 11"X15"X3/8" PL & (2) 18"X13"X3/8" PL & (1) 16"X16"X3/8"PL
(1) 14"X22"X3/8" PL & (1) 22"X18"X3/8" PL & (1) 22"X25"X3/8"PL & (1) 24"X36"X3/8" PL & (1) 16"X19"X3/8" PL.
(2) 16"X24"X3/8" PL & (1) 25"X21"X3/8" PLATE.
CUT, SNAD BLASTED AND COATED. FITTED AS DOUBLERS IWO BOTTOM AND SIDE SHELL PLATING PORT AND STBD WHERE DIRECTED BY OWNER REP. TESTED AND PROVED TIGHT.
C.) CHECKED VESSEL DURING UNDOCKING AND LOCATED EXTRA LEAKS IWO OLD PLATES. AT OWNER'S REQUEST DRY-DOCKED VESSEL AGAIN. LOCATED NEW EXTRA LEAKS IN PRESENCE OF OWNER REP. SET UP NECESSARY FIRE LINE, STAGING TO ACCOMPLISH EXTRA STEEL REPAIRS WHERE DIRECTED BY OWNER REP AS FOLLOWS:-
MADE NECESSARY TEMPLATES, LAYED NECESSARY SECTIONS OF 5/8" PLATE DOUBLERS AS FOLLOWS:-
1) 30"X24"X3/8" PL & (1) 16"X24"X5/8" PL & (1) 16"X25"X3/8" PL & (1) 13"X15"X3/8" PLATE.
CUT, SNAD BLASTED AND COATED. FITTED AS DOUBLERS IWO LEAKING AREAS AND WELDED.TESTED AND PROVED TIGHT. HELD VESSEL ON FRY-DOCK, CHECKED VESSEL DURING UNDOCKING AND PROVED TIGHT.
                                                        # ($ 17,450.30)

**13.) MISCELLANEOUS:-**
A.) AT OWNER'S REQUEST, PUMPED APPROX. 4000 GAL OF FUEL IWO FWD FUEL TANK AND STORED AS DIRECTED. UOPN COMPLETION, PUMPED FUEL BACK TO VESSEL.
B.) CLEANED VESSEL AND DRY DOCK IWO REPAIRS, REMOVED (4) DRUMS OF OILY WATER W/ RAGS, MUCK AND PROPERLY DISPOSED.                                  # ($ 5,700.00)

**14.) OVER TIME (PREMUIM)**
AT OWNER'S REQUEST WORKED OVER TIME AS NECESSARY.
ATOTAL OF 114 HRS @ $ 65.00                          # ($ 7,410.00)

ALL FOR THE SUM OF ———————— $ 180,326.92

INVOICE #   070132      DATE 3/19/07

| COMPANY | | | |
|---|---|---|---|
| G/L ACCT # | AMOUNT | JOB # | COST CODE |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Approved By:

**EXHIBIT 4**

Mark H. Edwards (ME 7106)
GORAYEB & ASSOCIATES, P.C.
Attorney for Claimant/Respondent
DENNIS KIRBY
100 William Street, Suite 1205
New York, New York 10038
(212) 267-9222


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
IN THE MATTER OF THE COMPLAINT

              of

DONJON MARINE CO., INC. as
owner of Tug WILLIAM E. for
Exoneration from or Limitation of
Liability,

              Petitioner.
-------------------------------------------------------x

**07 CV 3840 (RWS)(DFE)**

**CLAIM OF RESPONDENT
DENNIS KIRBY AND
ANSWER TO PETITIONER'S
VERIFIED COMPLAINT**

**A JURY TRIAL IS DEMANDED**

       Claimant/Respondent, DENNIS KIRBY, by his attorney, Gorayeb &

Associates, P.C., as and for his Claim and Answer to the Verified Complaint for

Exoneration from or Limitation of Liability of Petitioner, DONJON MARINE CO.,

INC., alleges, upon information and belief, as follows:

## CLAIM

      1.     That on January 31, 2007, Petitioner DONJON MARINE CO., INC.

owned the Tug, "William E."

      2.     On January 31, 2007, the "William E." was in dry dock at Caddell

Dry Dock and Repair Co., Inc., located at or about Dry Dock 3, at Richmond

Terrace and Broadway, Staten Island, New York, for renovation, sandblasting,

painting, alteration, repair and/or other and/or additional work, labor and services.

3.      On January 31, 2007, DENNIS KIRBY, an employee of Caddell Dry
Dock and Repair Co., Inc., was performing local land-based sandblasting of said
"William E." in connection with said work.

4.      The work that DENNIS KIRBY was performing on the "William E."
constituted work on a "structure" pursuant to the substantive law of the State of
New York.

5.      During the performance of his work on January 31, 2007, DENNIS
KIRBY was required to work at an elevated height and in the process was
required to use a ladder to perform said work.

6.      That Peitioner knew and/or should have known that DENNIS
KIRBY would be required to work at a significant elevated height in order to
perform the required work and that proper safety equipment and procedures
would be required to perform said work, which were not provided to him.

7.      On January 31, 2007, while performing said work at a significant
elevated height on a ladder, the ladder moved and caused DENNIS KIRBY to fall
to the ground and sustain serious personal injuries and was otherwise damaged.
The ladder upon which he was working failed to prevent, or break his fall.

8.      DENNIS KIRBY was injured as a result of and including but not
limited to the privity, knowledge, negligence and strict liability of Petitioner, its,
agents, servants and/or employees, Petitioner's violation of Rule 23 of the
Industrial Code of the State of New York [12 NYCRR 23] and Petitioner's
violation of Sections 200, 240(1) and 241(6) of the Labor Law of the State of New

York and/or the violation of other applicable statutes, rules and industry

standards.

9.    DENNIS KIRBY has sustained serious personal injuries, including

those physical, mental and emotional in nature and has otherwise been damaged

for which he seeks past and future compensation in a monetary amount to be

determined by the trier of fact and he demands judgment thereon, together with

interest, costs and disbursements.

10.    Claimant DENNIS KIRBY makes this claim with a reservation of

rights and without waiver of his right to proceed against Petitioner in his prior

pending suit [07 Civ. 3742 (RWS)] against Petitioner, upon such terms as the

Court deems proper and just.


### ANSWER TO COMPLAINT

11.    Answering Claimant/Respondent denies knowledge and

information sufficient to form a belief as to the allegations of Paragraph "1," and

respectfully refers questions of law to the Court.

12.    Answering Claimant/Respondent denies knowledge and

information sufficient to form a belief as to the allegations of Paragraph "2,"

except admits that DONJON MARINE CO., INC. has an office and place of

business at 1250 Liberty Avenue, Hillside, New Jersey.

13.    Answering Claimant/Respondent denies knowledge and

information sufficient to form a belief as to the allegations of Paragraph "3,"

except admits that Petitioner was the owner of the Tug "William E." on January

31, 2007.

14.    Answering Claimant/Respondent admits that Petitioner was served with the State Court action as alleged in Paragraph "4."

15.    Answering Claimant/Respondent admits the allegations contained in Paragraph "5," to the extent that they refer to DENNIS KIRBY.

16.    Answering Claimant/Respondent denies the allegations contained in Paragraph "6."

17.    Answering Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "7" as to the value of the Tug "William E.," but admits that Claimant/Respondent's claim(s) for injury(s) and damages will exceed the value of $95,000.

18.    Answering Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "8" as to the value of the Tug "William E.," but admits that a purported and conclusory statement has been submitted from an alleged marine consultant that appears to be an appraisal.

19.    Answering Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "9" as to the value of the Tug "William E.," and further denies knowledge and information sufficient to form a belief that $95,000 is not less than Petitioner's interest in said Tug and further denies knowledge and information sufficient to form a belief as to the absence of pending freight.

20.    Answering Claimant/Respondent admits Paragraph "10" that venue

is proper.

21.    Answering Claimant/Respondent denies the allegations contained in Paragraph "11," as to DENNIS KIRBY, and further denies knowledge and information sufficient to form a belief as to the remaining allegations contained therein and respectfully refers questions of law to the Court.

22.    Answering Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "12," and Petitioner's entitlement thereto and respectfully refers questions of law to the Court.

23.    Answering Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "13," and respectfully refers questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

24.    The Complaint fails to state a cause of action and/or petitioner is not entitled to the relief requested.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

25.    The substantive law of the State of New York is applicable to certain of DENNIS KIRBY's claims against Petitioner; to wit, Cammon v. City of New York, 96 N.Y.2d 793, 749 N.E.2d 211, 725 N.Y.S.2d 642 (2001); Aguilar v. Henry Marine Service, Inc., 12 A.D.3d 542, 785 N.Y.S.2d 95 (2d Dept., 2004).

WHEREFORE, it is respectfully requested that DENNIS KIRBY be

compensated in a monetary amount commensurate with the injuries and damages

that he sustained, to be determined by the trier of fact, and that judgment be

entered thereon and further, that Petitioner's Complaint be dismissed in its entirety

as against DENNIS KIRBY.

Dated:  New York, NY
        June 27, 2006

                  GORAYEB & ASSOCIATES, P.C.
                  Attorney for DENNIS KIRBY

BY: _____
                  Mark H. Edwards (ME 7106)
                  100 William Street, Suite 1205
                  New York, New York 10038
                  (212) 267-9222
                  File No.: 7401-LL/MU

TO:  RUBIN, FIORELLA & FRIEDMAN LLP
      Attorney for DONJON MARINE CO., INC.
      292 Madison Avenue
      New York, New York 10017
      (212) 953-2381
      File No.: 609-8731

## VERIFICATION

MARK H. EDWARDS, an attorney at law, duly admitted to practice in the Courts of this State, affirms under the penalties of perjury that:

I am associated with the law firm of GORAYEB & ASSOCIATES, P.C., attorney for the claimant and respondent in the above entitled action; that affirmant has read the foregoing **CLAIM and ANSWER** and knows the contents thereof; that the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes it to be true and the reason that this verification is not made by claimant/respondent and is made by affirmant is that claimant and respondent is not presently in the county where the attorney for the claimant and respondent has its office.

Affirmant further says that the source of affirmant's information and the grounds of Affirmant's belief as to all matters not stated upon affirmant's knowledge are from investigations made on behalf of said claimant and respondent.

Dated:    New York, New York
          June 27, 2007

_____
MARK H. EDWARDS (ME 7106)

STATE OF NEW YORK

SS.:    **AFFIDAVIT OF SERVICE**

COUNTY OF NEW YORK

 I, MARIA A. URGILES, being duly sworn, depose and say: I am not a party to the action, am over 18 years of age, and reside in the County of Queens.

 On June 27, 2007, I served the within **CLAIM AND VERIFIED ANSWER** by

☒ **Service by mail** by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth:

  RUBIN, FIORELLA & FRIEDMAN LLP
  Attorney for DONJON MARINE CO., INC.
  292 Madison Avenue
  New York, New York 10017
  (212) 953-2381
  File No.:  609-8731

      MARIA A. URGILES

Sworn to before me on
June 27, 2007

Notary Public

JASMINE FERNANDEZ
Commissioner of Deeds
City of New York - No. 4-6755
Certificate Filed in New York County
Commission Expires March 1, 20___

**EXHIBIT 5**

UX-23 06 12:18

**Employer's First Report c   njury
or Occupational Illness**
(See Instructions on reverse - Leave items   ed 2 blank)

U.S. Depa     ent of Labor
Employment Stand
Office of Workers' C
pensation Programs

U-153

Revised - Location of Injury

OMB No. 1215-0031

| 1. OWCP No. | 2. Carrier No. | 3. Date and Time of Accident | | | Hour |
|---|---|---|---|---|---|
| | | Mo. | Day | Yr. | 10:00 ☒ AM |
| | | 1 | 31 | 07 | ☐ PM |

| 4. Name of Injured/Deceased Employee (Type or print - first, M.I., last)    3332 | 5. Employee's Address (No., street, city, state, ZIP code) |
|---|---|
| DENNIS KIRBY                SISTER:ROBERTA KINLOCK 718-318-<br>917-379-8689<br>Telephone | 123 W. 111 St. NY. 10026  Apt. 2B |

| 6. Injury is Reported Under the Following Act (Mark one) | 7. Indicate Where Injury Occurred (Longshore Act only) (Mark one) | 8. Sex | 9. Date of Birth |
|---|---|---|---|
| A ☒ Longshore and Harbor Workers' Compensation Act | A ☐ Aboard Vessel or Over Navigable Waters | ☒ M    ☐ F | 7/23/52 |
| B ☐ Defense Base Act | B ☐ Pier/Wharf | 10. Social Security No. (Required by Law) |  |
| C ☐ Nonappropriated Fund Instrumentalities Act | C ☐ Dry Dock | 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 |  |
| D ☐ Outer Continental Shelf Lands Act | D ☐ Marine Terminal | 11. Did Injury Cause Death? |  |
| | E ☐ Building Way | ☒ No    ☐ Yes - If yes, skip to 16 |  |
| | F ☐ Marine Railway | 12. Did Injury Cause Loss of Time Beyond Day or Shift of Accident? | ☒ Yes<br>☐ No |
| | G ☐ Other Adjoining Area | 13. Date and Hour Employee First Lost Time Because of Injury  Mo. 2  Day 1  Yr. 07  Hour ☐ AM ☐ PM |  |

| 14. Did Employee Stop Work Immediately? | 15. Date and Hour Employee Returned to Work | 16. Was Employee Doing Usual Work When Injured/Killed? (If no, explain in item 26) |
|---|---|---|
| ☒ Yes<br>☐ No | | ☒ Yes<br>☐ No |

| 17. Did Injury/Death Occur on Employer's Premises? | 18. Dept. in Which Employee Normally Works(ed) | 19. Occupation |
|---|---|---|
| ☒ Yes<br>☐ No | PAINTER/BLASTING | PAINTER/BLASTER |

| 20. Date and Hour Pay Stopped<br>2/1/07 | 21. Which Days Usually Worked Per Week? (Mark (X) days)  S M T W T F S | 22. Date Employer or Foreman First Knew of Accident.  1/31/07 |
|---|---|---|

| 23. Wages or Earnings (Include overtime, allowances, etc.) | 24. Exact Place Where Accident Occurred (See instructions on reverse). This item should specify area if accident was in maritime employment and occurred in area adjoining navigable waters | 25. How was Knowledge of Accident or Occupational Illness Gained? |
|---|---|---|
| a. Hourly $ 13.52 | on Dry Dock 3 | |
| b. Daily $ | ABOARD DON JON TUG "WILLIAM E" | |
| c. Weekly $ | D.D.3  not on Tug | |
| d. Yearly $ | | |

26. Describe in full how the accident occurred   (Relate the events which resulted in the injury or occupational disease.  Tell what the injured was doing at the time of the accident. Tell what happened and how it happened. Name any objects or substance involved and tell how they were involved. Give full details on all factors which led to or contributed to the accident.

EMPLOYEE WAS SANDBLASTING STARBOARD SIDE OF VESSEL "WILLIAM E" WHEN HE ALLEGEDLY (Use additional sheet(s) if required and attach to this report)
FELL OFF STEP LADDER APPROX 6 - 7'

| 27. Nature of Injury - (Name part of body affected - fractured left leg, bruised right thumb, etc.) If there was amputation of a member of the body, describe. | HE FELL WITH LADDER FOUND ON TOP OF HIM<br><br>CUT ON FOREHEAD, HE WAS CONSCIOUS WHEN AMBULANCE CAME, PERHAPS INJURED RIGHT HAND |
|---|---|

| 28. Has Medical Attention Been Authorized? | 29. Enter Date of Authorization | 30. Was First Treating Physician Chosen by Employee? | 31. Has Insurance Carrier Been Notified? |
|---|---|---|---|
| ☒ Yes<br>☐ No | 1/31/07 | ☒ Yes<br>☐ No | ☒ Yes<br>☐ No |

▶ Name                                          Address - Enter Number, Street, City, State, ZIP code          ◀

32. Physician

| 33. Hospital | |
|---|---|
| ST. VINCENTS EMERGENCY VIA AMBULANCE | 355 BARD AVE. SI.N.Y. 10310 |
| 34. Insurance Carrier<br>Signal c/o Lacorte Burns & Company | 1050 Kings Hwy N Ste 202,  Cherry Hill, NJ 08034-1909 |
| 35. Employer<br>Caddell Dry Dock & Repair | ft of Broadway, PO Box 327 Staten Island, NY 10310 |
| 36. Nature of Employer's Business<br>Dry Dock & Repair Vessels | 37. Signature of Person Authorized to Sign for Employer |
| 38. Official Title of Person Signing This Report<br>Insurance Manager | 39. Date of This Report<br>1/31/07 |

Form LS-202
Rev. Oct. 1999

# EXHIBIT 6

646-702-7792

**Employee's Claim for Compensation**

**U.S. Department of Labor**
Employment Standards Administration
Office of Workers' Compensation Programs



| See Instructions On Reverse | OMB No.1215-0160 |
|---|---|

| 3. Name of person making claim (Type or print) | 1. OWCP No. |
|---|---|

First: **Denis**  MI: **F.**  Last: **KIRBY**

2. Carrier's No.

| 5. Claimant's address (number, street, city, state, ZIP code) | 4. Date of Injury **1-31-07** |
|---|---|

line1: **85 Arlington Avenue**    city: **Brooklyn**
line2: **c/o Rita Blake**    state: **NY**   zip:

country:

6. Marital Status
☐ Married   ☒ Single

| 7. Sex ☒ Male ☐ Female | 8. Date of Birth (mm/dd/yyyy) **7/23/52** | 9. Social Security Number (Required by law) **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** | 10. Did injury cause loss of time beyond day or shift of accident? ☒ Yes ☐ No |
|---|---|---|---|

| 11. On date of injury give **7:30** ☒AM ☐PM | a. Hour began work | b. Hour of accident **9:45** ☒AM ☐PM | c. Did you stop work immediately? ☒ yes ☐ No | 12. Date and hour pay stopped? (mm/dd/yyyy) **1-31-07** (hh:mm am/pm) |
|---|---|---|---|---|

| 13. Date and hour you returned to work (mm/dd/yyyy) **N/A** (hh:mm am/pm) **N/A** | 14. Occupation (Job title; longshore worker, welder, etc.) **Painter** | 15. Injured while doing regular work? ☒ Yes ☐ No (If "No," explain in Item 24) |
|---|---|---|

| 16. Wages or earnings when injured (Include overtime allowances, etc.) a. Weekly **$635 Average** | b. Total earnings during year immediately before injury, began 5/2/06 **22,052.4** | 17. Has 3rd party or other claim been made because of this injury? ☐ Yes ☒ No |
|---|---|---|

| 18. Number of years you worked for this employer **8 months** | 19. Number of days usually worked per week **5** | 20. Name of supervisor at time of accident? **Jimmy - Supervisor** |
|---|---|---|

| 21. Earliest date supervisor or employer knew of accident (mm/dd/yyyy) **1/31/07** | 22. Were you employed elsewhere during the week injured? ☒ No ☐ Yes (If "Yes," state where and when on reverse.) |
|---|---|

23. Exact place where accident occurred (Street address, city, town, name of vessel, pier, terminal, etc.)
**CADDELL DRY DOCK YARD**

24. Describe in full how the accident occurred (Relate the events which resulted in the injury or occupational disease. Tell what the injured was doing at the time of the accident. Tell what happened and how it happened. Name any objects or substances involved and tell how they were involved. Give full details on all factors which led or contributed to the accident. If more space is needed, continue on reverse.)
**WHILE SANDBLASTING SHIP ON LADDER, LADDER FELL AND I FELL TO THE FLOOR (APPROX 12 FEET +)**

| 25. Nature of injury (name part of body affected - fractured left leg, bruised right thumb, etc. If there was a loss or loss of use of a part of the body, describe.) | **BACK, NECK, HEAD, FACE, RIGHT ARM, RIGHT COLLAR BONE, LEFT SCAPULA** |
|---|---|

| 26. Have you received medical attention for this injury? (If "Yes," give name and address of doctor, clinic, hospital, etc.) ☒ Yes ☐ No **ST. VINCENT'S HOSP. SI (4 DAYS) DR. J. KAPLAN   NYC ORTHO   DR. M. FINKEL NICNEUND** | 27. Were you treated by a physician of your choice? ☒ Yes ☐ No |
|---|---|

| 28. Was such treatment provided by employer? ☐ Yes ☐ No **BY BY AMBULANCE** | 29. Are you still disabled on account of this injury? ☐ Yes ☐ No | 30. Have you worked during the period of disability? ☐ Yes ☒ No |
|---|---|---|

| 31. Have you received any wages since becoming disabled? ☐ Yes ☒ No (If "Yes," give dates on reverse.) | 32. Has injury resulted in permanent disability, amputation or serious disfigurement? **PROBABLY** ☐ Yes (Describe on reverse.) ☐ No |
|---|---|

| 33. Name of employer (individual or firm name) **CADDELL DRY DOCK** | 34. Nature of employer's business **SHIP REPAIR** |
|---|---|

| 35. Address of employer (Number, street, city, state, ZIP code) **RICHMOND TERRACE, STATEN ISLAND** | 36. If accident occurred outside the U.S., state whether you are a U.S. Citizen ☐ Yes ☐ No |
|---|---|

| 37. I hereby make claim for compensation benefits, monetary and medical, under the **LONGSHORE AND HARBOR WORKERS' COMPENSATION** Act Signature of claimant or person acting in his/her behalf X **Dennis Kirby** | 38. Date of this claim (mm/dd/yyyy) **2-8-07** |
|---|---|

Section 31(a)(1) of the Longshore Act 33 U.S.C. 931(a)(1) provides, as follows: Any claimant or representative of a claimant who knowingly and willfully makes a false statement or representation for the purpose of obtaining a benefit or payment under this Act shall be guilty of a felony, and on conviction thereof shall be punished by a fine not to exceed $10,000, or by imprisonment not to exceed five years, or by both.

Form LS-203
Rev. Sept. 1998

James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue
New York, NY 10017
(212) 953-2381
Attorneys for Petitioner
DONJON MARINE CO., INC.
As owner of Tug WILLIAM E.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK   07 civ 3840 (RMS)
IN THE MATTER OF THE COMPLAINT

      **AFFIDAVIT OF STEVE KALIL**

    of

DONJON MARINE CO., INC. as owner of Tug
WILLIAM E. for Exoneration from or Limitation
of Liability,

      Petitioner.

_____

COUNTY OF RICHMOND

      : ss.

STATE OF NEW YORK

  **STEVE KALIL**, being duly sworn deposes and says:

1.  I am president of Caddell Dry Dock and Repair Co., Inc. ("Caddell Dry Dock") I

make this affidavit upon personal knowledge and information.

2.  Caddell Dry Dock is a full service vessel repair facility in New York, with six dry

docks, located on the waterfront of Staten Island on the Kill Van Kull waterway.

3.  A dry dock is essentially a dock that can be flooded to allow a customer's vessel

to be floated in, then drained of the seawater to allow the vessel to come to rest on

a platform so work can be performed. Attached are photographs of Caddell Dry

1

Dock's dock #3.  (Exhibit A)

4.    Dennis Kirby was hired in May 2006 by Caddell Dry Dock.

5.    On January 25, 2007, Donjon Marine Co., Inc. brought its tugboat WILLIAM E
to Caddell Dry Dock for certain maintenance and repair work. The tugboat was
assigned to Caddell Dry Dock's dock #3.

6.    The work to be performed by Caddell Dry Dock included sandblasting and then
repainting the hull of the tugboat.  Caddell Dry Dock furnished the labor, material
and equipment, including ladders, necessary for this work.  *See* Caddell Dry
Dock's March 29, 2007 Work Order attached hereto as Exhibit B.

7.    Dennis Kirby was assigned by Caddell Dry Dock to sandblast the Tug WILLIAM
E's hull.

8.    On January 31, 2007, Dennis Kirby was sandblasting the starboard side of the
tugboat from a 12-foot A-frame ladder positioned on the dock when he fell.  This
ladder was not aboard the tugboat or leaning up against it.

9.    James Mullusky, a Caddell Dry Dock employee, was Dennis Kirby's supervisor.

_____
Steve Kalil

Sworn to before me this
26th day of November, 2007

_____
Notary Public

CYNTHIA PATTELLI
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01PA5088086
QUALIFIED IN RICHMOND COUNTY
COMMISSION EXPIRES NOVEMBER 10, 2009

2

# EXHIBIT A











# EXHIBIT B

MAY 1 4 2007

PAGE __1__ OF __3__

DATE __MARCH 29, 2007__                                    BILL NO. __14608__

VESSEL                         " WILLIAM  E "  & OWNERS

CADDELL W.0# 070132

# CADDELL DRY DOCK AND REPAIR CO., INC., DR.
## DRY DOCKS & SHIPYARD
718 442-2112
FAX: 718-981-7493
FOOT OF BROADWAY • P.O. BOX 327 • STATEN ISLAND, N.Y. 10310

NET 10 DAYS 1% PER MONTH SERVICE CHARGE AFTER 10 DAYS.

DONJON MARINE CO, INC
1250 LIBERTY AVENUE
HILLSIDE , NEW JERSEY 07205

1/25/07 - 2/14/07
**1.) DRY-DOCKING:-**
DRY-DOCKED VESSEL, DD# 3, 1/15/07 FOR EXAMINATION, PAINTING AND TO PERFORM NECESSARY
UNDERWATER REPAIRS. PROVIDED THE SERVICES OF MOTOR BOAT AND LINE HANDLERS DURING DRY-
DOCKING AND UN-DOCKING OF VESSEL.                                    # ($ 30,695.00)

**2.) SHORE POWER:-**
PROVIDED CABLE, CONNECTED AND FURNISHED 208/120 VOLT A/C SHORE POWER TO VESSEL. AFTER
COMPLETING REPAIRS DISCONNECTED AND REMOVED.                        # ($ 8, 165.00)

**3.) SAND SWEEP / SPOT BLAST AND PAINT HULL:-**
FURNISHED LABOR, MATERIAL, EQUIPMENT. MADE NECESSARY PRTOTECTION COVERING ON ALL EXPOSED
EQUIPMENT ON DECK. SAND SWEPT AND SPOT BLASTED VESSEL'S BOTTOM, SIDES AND ENDS FROM KEEL
TO MAIN DECK. BLEW AND REMOVED ALL REMAIN GRIT FROM HULL. APPLIED O/F PAINT AS FOLLOWS:-
ONE (1) FULL COAT OF 235 RED FROM KEEL TO MAIN DECK.
ONE (1) FULL COAT OF 235 BLACK FROM KEEL TO MAIN DECK.
CUT IN WATER LINE AND PAINTED IN ALL MARKINGS ON HULL AS ORIGINAL.
TOUCHED UP ALL DISTURBED AREAS WHERE NECESSARY.
CLEANED DRY DOCK AND REOVED ALL GRIT FOR PROPER DISPOSAL.            # ($ 14,500.22)

**4.) CLEAN AND GAS FREE ENGINE ROOM BILGE:-**
SET UP VACUUM SLOP OIL TRUCK, HOSES ---ETC. PUMPED OUT EXISTING SLOPS AND WATER IN WAY OF
ENGINE ROOM BILGE. CLEANED BILGES USING DEGREASER, WASHED, AND GAS FREED AS DIRECTED.
OBTAINED GAS FREE MARINE CHEMIST CERTIFICATE. PUMPED OUT, REMOVED SLOP OIL TRUCK AND
PROPERLY DISPOSED SLOPS.APPROX.1500.GAL. PROVIDED THE SERVICES OF A COMPETENT PERSON TO
CHECK SPACES DAILY AND UPDATED GAS FREE CERTIFICATE FOR THE DURATION OF THE REPAIRS.
                                                                    # ($ 8,150.00)

**5.) MAIN RUDDER RENEWAL:-**
FURNISHED LABOR, MATERIAL, EQUIPMENT. SET UP MATERIAL, ERECTED NECESSARY STAGING, AND
FITTED OVER HEAD PAD EYES TO HULL AND TO RUDDER FOR LIFTING RUDDER. MADE NECESSARY
DISCONNECTION TO STEERING SYSTEM. REMOVED RUDDER STOCK PACKING. RAISED RUDDER, UNSHIPPED
AND LOWERED RUDDER TO DRY DOCK. RIGGED, REMOVED AND TRANSFERRED TO SHOP FOR RENEWAL. SET
UP MATERIAL 6" DIA ABS GRADE # 2 SHAFTING APPROX. 14 FT. RIGGED INTO MACHINE SHOP. SET IN LATHE.
CLEANED UP AND TOOK NECESSARY MIC READINGS AGAINST OLD RUDDER STOCK. SET UP, FABRICATED
AND MACHINED NEW RUDDER STOCK AS PER SAMPLE. SET UP MATERIAL, FABRICATED AND MACHINED
NEW CARRIER PLATE FOR NEW RUDDER STOCK. SIZE: 14"X14" X 2" PLATE. SET UP MATERIAL, FABRICATED
AND MACHINED NEW SELLEVE FOR RUDDER STOCK. SIZE: 61/2" I.D X 8" O.D X S/S TUBING. INSTALLED AND
MADE UP. SET UP AND MILLED SQUARE IN TOP OF NEW RUDDER STOCK. SET UP AND MACHINED O.D OF
RUDDER STOCK IWO UPPER BUSHING AS NEEDED. SET UP AND APPLIED FIBERGLASS UNDER BUSHING ON
NEW RUDDER STOCK. SET UP MATERIAL, FABRICATED AND MACHINED NEW SLLEVE FOR GUDGEON PINTLE
PIN. SIZE: 5" O.D X 4" ID X 5" S/S TUBING. INSTALLED AND SECURED. SET UP AND JACKED OUT EXISTING
WORN PINTLE BEARING FOR RUDDER SHOE. SET UP AND BORED SHOE TO MAKE ROUND. SET UP NEW Y/F
CUTLASS BEARING, MACHINED O.D TO PROPER SIZE. INSTALLED AND SECURED. TOOK NECESSARY
MEASUREMENTS OF THE OLD RUDDER BLADE. SET UP THE FOLLOWING MATERIAL IN PLATE SHOP TO
FABRICATE NEW RUDDER. BLADE. (1) 48"X 118" X ¾" MAIN RUDDER BLADE PLATE. (1) 111/2" X 108' X ¾" MAIN
RUDDER BLADE SIDE EXTENSION. (10) 41/2" X ¾" FLAT BAR STIFFINERSX 56" LONG EA. (2) 6"X6"X1/2" ANGLE
X 10 'EA AS LEADING EDGE ANGLES. FABRICATED NEW RUDDER AS PER SAMPLE.SAND BLASTED AND
COATED. INSTALLED NEW (6) ZINC ANODES AND WELDED. FITTED RUDDER BLADE TO RUDDER STOCK WITH
ASSOCIATED STIFFENERSAND WELDED. RIGGED NEW RUDDER AND INSTALLED. CUT RUDDER SHOE AND
REWELDED AS NECESSARY FOR PROPER ALIGNMENT. INSTALLED NEW PACKING AND MADE UP ON PACKING
GLAND. RE INSTALLED TILLER WITH NEW BOLTS AND SECURED.MADE NECESSARY RE-CONNECTIONS TO
STEERING SYSTEM AS ORIGINAL. TESTED RUDDER MOVEMENT TO OWNER'S REP SATISFACTION. TOUCHED
UP WELDED AREAS. DISMANTLED STAGING AND REMOVED ALL USED GEAR BACK TO SHOP.
                                                                    # ($ 33,300.22)

PAGE __2__ OF __3__

DATE __MARCH 29, 2007__   BILL NO. __14608__

VESSEL __" WILLIAM  E "  & OWNERS__

CADDELL W.0# 070132

# CADDELL DRY DOCK AND REPAIR CO., INC., DR.
### DRY DOCKS & SHIPYARD
718 442-2112
FAX: 718-981-7493
FOOT OF BROADWAY • P.O. BOX 327 • STATEN ISLAND, N.Y. 10310

NET 10 DAYS 1% PER MONTH SERVICE CHARGE AFTER 10 DAYS.

CONT—
**6.) PROPELLER:-**
FURNISHED LABOR, MATERIAL, EQUIPMENT. ERECTED NECESSARY STAGING AND SET UP NECESSARY GEAR. FLUSHED OFF WELDS AND REMOVED PROPELLER NUT STOPPER. RELEASED AND REMOVED PROPELLER NUT. RELEASED AND REMOVED WATER SEAL RETAINER RING AND REMOVED SEAL. SET UP STRONG BACK, APPLIED HEAT TO PROPELLER AND JUMPED. RIGGED PROPELLER, REMOVED FROM TAIL SHAFT AND LOADED ON OUT SIDE CONTRACTOR TRUCK FOR RECONDITIONING OWNER'S ACCOUNT. CLEANED P/S SHAFT TAPER, SET UP AND TOOK NECESSARY RUN OUT READINGS AND CHECKED CLEARANCES. TOOK DELIVERY OF O/F P/S RECONDITIONED PROPELLER, RIGGED, REMOVED FROM TRUCK AND TRANSFERRED TO VESSEL. AFTER COMPLETING SHAFTING REPAIRS. FITTED PROPELLER ON TAIL SHAFT AND INSTALLED. CLEANED AND RE-INSTALLED PROPELLER NUT. SET UP WEDGES, APPLIED HEAT TO PROPELLER AND DROVE UPON TAIL SHAFT. REMOVED WEDGES AND MADE UP PROPELLER NUT, INSTALLED, TACK WELDED STOPPER AND SECURED. INSTALLED NEW WATER SEAL. RE-INSTALLED RETAINER RING MADE UP SCREWS AND WIRLACED. COVERED PROPELLER NUT WITH PLUG CEMENT.                    # ($ 5,750.00)

**7. TAIL SHAFT REPAIRS:-**
FURNISHED LABOR, MATERIAL, EQUIPMENT. MADE NECESSARY REMOVALS IN ENGINE ROOM. RELEASED PORT / STBD STERN GLAND AND REMOVED PACKING. MADE NECESSARY DISCONNECTION TO TAIL SHAFT COUPLING AND REMOVED.WITHDREW TAIL SHAFT, RIGGED REMOVED AND FROM VESSEL AND TRANSFERRED TO MACHINE SHOP INCLUDING COUPLING, BOLTS. TEMP. INSTALLED TEMP. BLANK IWO STERN TUBE SIZE; 16" DIA X 3/8" PLATE. CHASED COUPLINGS BOLTS AS NEEDED.TOOK NECESSARY MIC READINGS IWO CUTLASS BEARINGS AND TAIL SHAFT. SET UP, CUT AND REMOVED EXISTING OLD S/S LINERS IWO PACKING AND INNER BEARING AS DIRECTED. SET UP S/S MATERIAL. SIZE: (1) 9¼" O.D X ¾" WALL SEAMLESS 304 S/S TUBING.CUT, FABRICATED AND BORED NEW S/S LINERS FOR TAIL SHAFT TO PROPER SIZE. SET UP NECESSARY GEAR TO SHRINK NEW LINERS ON TAIL SHAFT. HEATED AND INSTALLED INBOARD AND OUT BOARD LINERS ON TAIL SHAFT AND SECURED. SET UP AND MACHINED NEW LINERS TO PROPER SIZE FOR FIBER GLASS. UPON APPROVAL, APPLIED FIBER GLAS AND SHAFT COATING IWO EXPOSED AREAS BETWEEN LINERS, TESTED AND MADE UP AS ORIGINAL. UPON APPROVAL, RIGGED TAIL SHAFT TRANSFERRED TO VESSEL READY FOR INSTALLATION. REMOVED BLANK. SET UP NECESSARY GEAR. CLEANED AND RE-INSTALLED TAIL SHAFT. FITTED COUPLING ON TAIL SHAFTSL SHAFT AND INSTALLED MADE NECESSARY RE-CONNECTIONS TO TAIL SHAFT COUPLING AND MADE UP BOLTS, NUTS AND SECURED. DRILLED AND TAPPED STUFFING BOX AS NECESSARY FOR NEW S/S STUDS RENEWALS. INSTALLED NEW PACKING AND MADE UP ON PACKING GLAND. CHECKED STERN GLAND FOR LEAKS AND PROVED TIGHT. UPON APPROVAL, REINSTALLED ALL REMOVALS IN ENGINE ROOM AS ORIGINAL.              # ($ 32,976.20)

**8.) SEA VALVES:-**
FURNISHED LABOR, MATERIAL, EQUIPMENT. OPENED, SCRAPED OUT, THOROUGHLY CLEANED, GROUND IN SEATS FOR INSPECTION (1) 6" DIA AND (1) 2" SEA VALVES. UPON APPROVAL, CLOSED (1) 2" DI ASEA VALVE WITH NEW GASKET, BOLTS, and NUTS AND REPACKED AS ORIGINAL. AT OWNER'S REQUEST COMPLETELT REMOVED BEYOND REPAIR (1) 6" DIA VALVE FOR RENEWAL. INSTALLED (1) NEW O/F 6" DIA VALVE WITH NEW GASKET, BOLTS, AND NUTS. CHECKED SEA VALVES FOR LEAKS DURING UN-DOCKING OF VESSEL AND PROVED TIGHT.                    # ($ 3,500.00)

**9.) RAW WATER PIPING REPAIRS:-**
FURNISHED LABOR, MATERIAL, EQUIPMENT. CROPPED, MADE TARGET AND RENEWD DEFFECTIVE RAW WATER PIPING IN ENGINE ROOM FOR MAIN ENGINE COOLING SYSTEM AS DIRECTED. SIZE: (1) 4" DIA EXHVY PIPE X 6 FT. WITH NECESSARY FITTINGS (3) 4" 45 DRGREE ELBOWS AND (1) LONG RADIOUS 90 DEGREE ELBOW AND (2) SHORT 90 DEGREE ELBOWS —ET. SECURED, TESTED AND PROVED TIGHT.                    # ($ 4,200.00)

**10.) ZINC ANODES:-**
FURNISHED LABOR, MATERIAL, EQUIPMENT.UNBOLTED DETERIORATED ZINC ANODES AND REMOVED FROM HULL WHERE DIRECTED FOR RENEWALS. CHASRED STUDS THREADS AND CLEANED NUTS READY FOR NEW ZINC ANODES INSTALLATIONS. INSTALLED YARD FURNISHED 6" X 11/4" X 12" ZINC ANODES TO HULL WHERE DIRECTED, MADE UP NUTS AND SECURED.A TOTAL OF THIRTY (30) ANODES.              # ($ 4,430.00)

DATE ___MARCH 19, 2007___                                                                BILL NO. _____

VESSEL _____ " WILLIAM  E "  & OWNERS _____

CADDELL W.0# 070132

# CADDELL DRY DOCK AND REPAIR CO., INC., DR.
## ─── DRY DOCKS & SHIPYARD ───
718 442-2112
FAX: 718-981-7493
FOOT OF BROADWAY • P.O. BOX 327 • STATEN ISLAND, N.Y. 10310

NET 10 DAYS 1% PER MONTH SERVICE CHARGE AFTER 10 DAYS.

CONT—

**11.) NEW TRANSDUCER INSTALLATION:-**
FURNISHED LABOR, MATERIAL, EQUIPMENT. LAYED OUT AND PROVIDED NECESSARY OPENINING TO HULL
IWO FWD BALLAST TANK FOR NEW HOUSING AND TRANSDUCER INSTALLATION. SET UP MATERIAL AND
FABRICATED 8" DIA EXHVY PIPE X 13" LONG, 8" FLANGE AND 8" DIA BLANK, ½" THREADED COUPLING FOR
WIRE HI-HAT INSTALLATION. ALIGNED NEW HIGH HAT, FITTED IWO OF HULL PENETRATION AND WELDED.
MOUNTED TRANSDUCER AND INSTALLED. TESTED AND PROVED TIGHT.                    # ($ 4,100.00)

**12.) MISCELLANEOUS STEEL REPAIRS:-**
FURNISHED LABOR, MATERIAL, EQUIPMENT.SET UP NECESSARY FIRE LINE, STAGING TO ACCOMPLISH STEEL
REPAIRS WHERE DIRECTED BY OWNER REP AS FOLLOWS:-
A.) WIRE BRUSHED AND WELDED SCATTERED WASTED SEAMS AND BUTTS IWO OF BOTTOM PLATING AS
MARKED AND WELDED (3) PASSES.
B.) MADE NECESSARY TEMPLATES. LAYED NECESSARY SECTIONS OF 3/8" PLATE DOUBLERS AS FOLLOWS:-
(1) 48" X 72" X 3/8" PL & (1) 15"X20"X3/8" PL & (1) 19"X19"X3/8" PL & (1) 24"X14"X3/8" PL, (4) 26"X36"X3/8" PL.
(1) 60"X45"X3/8" PL & (1) 41"X12"X3/8" PL & (1) 11"X15"X3/8" PL & (2) 18"X13"X3/8" PL & (1) 16"X16"X3/8"PL
(1) 14"X22"X3/8" PL & (1) 22"X18"X5/8" PL & (1) 22"X25"X3/8"PL & (1) 24"X36"X3/8" PL & (1) 16"X19"X3/8" PL.
(2) 16"X24"X3/8" PL & (1) 25"X21"X3/8" PLATE.
CUT, SNAD BLASTED AND COATED. FITTED AS DOUBLERS IWO BOTTOM AND SIDE SHELL PLATING PORT
AND STBD WHERE DIRECTED BY OWNER REP. TESTED AND PROVED TIGHT.
C.) CHECKED VESSEL DURING UNDOCKING AND LOCATED EXTRA LEAKS IWO OLD PLATES. AT OWNER'S
REQUEST DRY-DOCKED VESSEL AGAIN. LOCATED NEW EXTRA LEAKS IN PRESENCE OF OWNER REP. SET UP
NECESSARY FIRE LINE, STAGING TO ACCOMPLISH EXTRA STEEL REPAIRS WHERE DIRECTED BY OWNER REP
AS FOLLOWS:-
MADE NECESSARY TEMPLATES, LAYED NECESSARY SECTIONS OF 3/8" PLATE DOUBLERS AS FOLLOWS:-
1) 30"X24"X3/8" PL & (1) 16"X24"X3/8" PL & (1) 16"X25"X3/8" PL & (1) 13'X13"X3/8" PLATE.
CUT, SNAD BLASTED AND COATED. FITTED AS DOUBLERS IWO LEAKING AREAS AND WELDED.TESTED AND
PROVED TIGHT. HELD VESSEL ON FRY-DOCK, CHECKED VESSEL DURING UNDOCKING AND PROVED TIGHT.
                                                                              # ($ 17,450.30)

**13.) MISCELLANEOUS:-**
A.) AT OWNER'S REQUEST, PUMPED APPROX. 4000 GAL OF FUEL IWO FWD FUEL TANK AND STORED AS
DIRECTED. UOPN COMPLETION, PUMPED FUEL BACK TO VESSEL.
B.) CLEANED VESSEL AND DRY DOCK IWO REPAIRS, REMOVED (4) DRUMS OF OILY WATER W/ RAGS, MUCK
AND PROPERLY DISPOSED.                                                        # ($ 5,700.00)
**14.) OVER TIME (PREMUIM)**
AT OWNER'S REQUEST WORKED OVER TIME AS NECESSARY.
A TOTAL OF 114 HRS @ $ 65.00                                                  # ($ 7,410.00)

### ALL FOR THE SUM OF ———————— $ 180,326.92

| INVOICE # | _070132_ | DATE | _3/19/07_ |
| COMPANY | | _(on/on)_ | |
| G/L ACCT # | AMOUNT | JOB # | COST CODE |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Approved By: _____

James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue
New York, NY 10017
(212) 953-2381
Attorneys for Petitioner
DONJON MARINE CO., INC.
As owner of Tug WILLIAM E.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
IN THE MATTER OF THE COMPLAINT

        of

DONJON MARINE CO., INC. as owner of Tug
WILLIAM E. for Exoneration from or Limitation
of Liability,

        Petitioner.

07 civ 3840 (RWS)

**RULE 56.1 STATEMENT OF
UNDISPUTED MATERIAL FACTS**

Petitioner DONJON MARINE CO., INC. by its attorneys, RUBIN, FIORELLA & FRIEDMAN LLP, as and for its Local Rule 56.1 Statement of Undisputed Material Facts states as follows:

1.    Donjon Marine Co., Inc. is the owner of a tugboat called the WILLIAM E. It is a towing vessel build in 1952 about 85 feet in length. *See* Verified Complaint for Exoneration from or Limitation of Liability at ¶ 3. (Exhibit 1)[1]

2.    Caddell Dry Dock and Repair Co., Inc. is a full service vessel repair facility with 6-dry docks located on navigable waters of the United States at Staten Island, New York. *See*

[1]All exhibit references are to the supporting exhibits attached to the Affidavit of Michael E. Stern, Esq.

1

Affidavit of Steve Kalil at ¶ 2.  ("Kalil Affidavit")

3.    Donjon Marine engaged Caddell Dry Dock to perform maintenance and repair work on the WILLIAM E at Caddell Dry Dock.  *See* Verified Complaint filed by Dennis Kirby at ¶ 16. (Exhibit 2)

4.    Claimant DENNIS KIRBY was employed by Caddell Dry Dock.  *See* Claim of Respondent Dennis Kirby at ¶ 3.  (Exhibit 4)

5.    On January 31, 2007, KIRBY was sandblasting the starboard side of the tugboat from a 12-foot A-frame ladder positioned on the dock. (Exhibit 4)

6.    KIRBY alleges injury when he fell from the A-frame ladder.  (Exhibit 4)

7.    Donjon Marine did not supervise any of the work performed by DENNIS KIRBY.

8.    The A-frame ladder from which KIRBY alleges to have fallen was owned by Caddell Dry Dock.  *See* Kalil Affidavit at ¶ 6.

9.    The A-frame ladder from which KIRBY alleges to have fallen was located on the facility owned by Caddell Dry Dock.  *See* Employer's First Report of Injury dated January 31, 2007. (Exhibit 5); Employee's Claim for Compensation dated February 8, 2007.  (Exhibit 6).

10.    The A-frame ladder was not aboard the Tug WILLIAM E.  *See* Kalil Affidavit at ¶8.

11.    The A-frame ladder was not leaning up against the Tug WILLIAM E.  *See* Kalil Affidavit at ¶ 8.

12.    KIRBY submitted a claim for workers' compensation benefits under the Longshore and Harbor Workers' Compensation Act.  ("LHWCA")  *See* Employee's Claim for Compensation dated February 8, 2007.  (Exhibit 6)

13.    Signal Mutual Indemnity, LHWCA insurance carrier for Caddell Dry Dock, has been

2

making payments to KIRBY pursuant to the LHWCA.

Dated: November 27, 2007

                RUBIN, FIORELLA & FRIEDMAN LLP
                Attorneys for Petitioner
                DONJON MARINE CO., INC.

                By:
                    James E. Mercante (JM 4231)
                    Michael E. Stern (MS 9113)
                292 Madison Avenue, 11th Floor
                New York, New York  10017
                212 953-2381
                Our File No. 609-8731