James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue
New York, NY 10017
(212) 953-2381
Attorneys for Petitioner
DONJON MARINE CO., INC.
As owner of Tug WILLIAM E.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          07 civ 3840 (RWS)
IN THE MATTER OF THE COMPLAINT

    of

DONJON MARINE CO., INC. as owner of Tug
WILLIAM E. for Exoneration from or Limitation
of Liability,

    Petitioner.

---

# MEMORANDUM OF LAW IN SUPPORT OF PETITIONER DONJON MARINE CO., INC.'S MOTION FOR SUMMARY JUDGMENT

Of Counsel:

James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)

                 **RUBIN, FIORELLA & FRIEDMAN LLP**
                 292 Madison Avenue, 11th Floor
                 New York, NY 10017
                 212-953-2381
                 Attorneys for Petitioner
                 Donjon Marine Co, Inc..

# TABLE OF CONTENTS

|                                                                        | Page |

TABLE OF AUTHORITIES .................................................. ii

PRELIMINARY STATEMENT ............................................. 1

STATEMENT OF UNDISPUTED FACTS ................................. 2

POINT I    FEDERAL LAW PREEMPTS
KIRBY'S STATE LAW CLAIMS ................................. 3

    Exclusive Remedy against Employer ................................. 3

    Exclusive Remedy Against Vessel Owner ........................... 5

POINT II    DONJON WAS NOT NEGLIGENT ............................... 6

    *(i) Turnover Duty Not Breached* ...................................... 7

    *(ii) Active Control Duty Not Breached* .............................. 8

    *(iii) Duty To Intervene Not Breached* ............................... 8

POINT III    DONJON IS ENTITLED TO EXONERATION ................... 9

POINT IV    DONJON IS ENTITLED TO LIMIT LIABILITY ................ 10

CONCLUSION ............................................................. 12

# TABLE OF AUTHORITIES

**Pages**

**Cases**

Bentley v. L & M Lignos Enterprise, 2007 U.S.Dist.LEXIS 70659 (N.D.Ohio Sept. 21, 2007) . 5

Cammon v. City of New York, 96 N.Y.2d 793, 725 N.Y.S.2d 642 (2001) . . . . . . . . . . . . . . . . . 5

Chelentis v. Luckenbach S.S. Co., 247 U.S. 372, 62 L.Ed. 1171,
 38 S.Ct. 501 (1918) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Cole v. Noble Drilling Corp., 2007 U.S.Dist.LEXIS 64055 (S.D.Miss. Aug. 28, 2007) . . . . . 3, 8

Complaint of Great Lakes Dredge & Dock Company,
 1996 U.S. Dist. LEXIS 5553 (E.D.Ill. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Emanuel v. Sheridan Transportation Corp., 779 N.Y.S.2d 168 (1st Dept. 2004) . . . . . . . . . . 4, 8

Gravatt v. City of New York, 1998 WL 171491 (S.D.N.Y. Apr. 10, 1998) . . . . . . . . . . . . . . . 3, 4

Helenic Lines, Ltd. v. Prudential Lines, Inc., 72 F.2d 159 (3rd Cir. 1984) . . . . . . . . . . . . . . . . 10

Howlett v. Birkdale Shipping Co., 512 U.S. 92 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

In the Matter of the Complaint of James Miller Marine Service, Inc., 2003 A.M.C. 1777 (S.D.N.Y.
 June 17, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7

In the Matter of the Complaint of Jules S. Cornfield, 365 F. Supp. 2d 271 (E.D.N.Y. 2004) . . 10

In the Matter of Guglielmo, 897 F.2d 58 (2 Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

O'Hara v. Weeks Marine, Inc. 294 F.3d 55 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

Scindia Steam Navigation Co. v. De Los Santos, 451 U.S. 156, 101 S.Ct. 1614,
 68 L.Ed.2d 1 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

Tibak v. City of New York, 546 N.Y.S.2d 602 (1st Dept. 1989) . . . . . . . . . . . . . . . . . . . . . . . 6, 11

**Statutes**

33 U.S.C. §901 et seq. .................................................... 2 - 5.

46 U.S.C. §30501 et seq. .................................................... 9

New York Labor Law §200, 240-241. ......................................... 11.

## PRELIMINARY STATEMENT

Petitioner, Donjon Marine Co., Inc., moves for summary judgment to dismiss Dennis Kirby's claim for personal injury. Kirby filed a claim in this admiralty proceeding alleging that he was injured during the course of his employment by non-party Caddell Dry Dock and Repair Co., Inc.

A sand blaster and painter employed by Caddell Dry Dock, Kirby alleges he fell from a ladder located on Caddell Dry Dock's marine repair facility. At the time of the accident, Kirby was sandblasting the hull of Donjon Marine's tugboat, the WILLIAM E, which was at Caddell Dry Dock's facility for maintenance and repair. During this lawsuit, it has come to Donjon Marine's attention that Kirby has been collecting federal workers' compensation benefits from his employer pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA" or the "Act"). These federal benefits are an injured employee's exclusive remedy against his employer. It is for this reason that Kirby filed a meritless claim against the owner of the tugboat he was sandblasting, Donjon Marine. Kirby attempts to hold the vessel owner strictly liable under New York State Labor Law. However, Kirby cannot state a cause of action against Donjon Marine because state law claims are expressly preempted by the LHWCA.

Accordingly, the case is ripe for resolution as a matter of law and Donjon Marine is entitled to prevail because:

(i) LHWCA expressly preempts state law claims.

(ii) LHWCA permits only a federal maritime law negligence cause of action against a vessel owner. Elements of proof that Donjon Marine was negligent are missing.

(iii) Donjon Marine is entitled to exoneration from or limitation of liability under federal maritime law, to wit, the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*

## STATEMENT OF UNDISPUTED FACTS

The material facts, set forth in Donjon's Local Rule 56.1 Statement of Undisputed Material Facts, are summarized herein.

Donjon Marine is the owner of a tugboat called the WILLIAM E. It is a towing vessel built in 1952 about 85 feet in length. Donjon hired Caddell Dry Dock to perform certain maintenance and repair work on the tug at Caddell Dry Dock, located on navigable waters of the Kill Van Kull waterway. On or about **January 25, 2007**, Donjon Marine delivered the tug WILLIAM E into the care and custody of Caddell Dry Dock. *See* Affidavit of Caddell Dry Dock's President, Steve Kalil at ¶ 5; hereinafter "Kalil Affidavit"; (Exhibit 3; Caddell Dry Dock Work Order 070132).[1]

Just a few days into the project, on **January 31, 2007**, Caddell Dry Dock's employee, Dennis Kirby, was standing on a twelve-foot A-frame ladder sandblasting the hull of the tugboat when he fell. (Exhibit 6; Employee's Claim for Compensation signed by Kirby on February 8, 2007). At the time of the incident, the tugboat was docked in Caddell Dry Dock's dry dock number 3. The A-frame ladder was neither on board nor leaning against the tug WILLIAM E.

Donjon Marine was not involved in nor did it supervise Kirby's work. Kirby's supervisor was James Mullusky, another Caddell Dry Dock employee. (Exhibit 6; Employee's Claim for Compensation; Kalil Affidavit at ¶9).

Kirby subsequently applied for federal compensation benefits under the Longshore and Harbor Workers' Compensation Act and, indeed, he was awarded federal compensation and has been receiving regular monetary and medical benefits. Accordingly, Kirby did not sue his employer, Caddell Dry Dock, because he is foreclosed by the LHWCA from doing so. Instead,

---

[1] All exhibit references are to exhibits in support of summary judgment attached to the Affidavit of Michael E. Stern, Esq.

Kirby filed suit in state court against Donjon Marine alleging causes of action in negligence and New York Labor Law sections 200, 240 and 241. Donjon Marine removed the case to federal court on the basis of diversity and admiralty jurisdiction, and initiated this admiralty proceeding wherein a vessel owner is entitled to seek Exoneration from or Limitation of Liability pursuant to federal maritime law.

**POINT I**

**FEDERAL LAW PREEMPTS
KIRBY'S STATE LAW CLAIMS**

**Exclusive Remedy against Employer**

As this Court has already determined, where there is a comprehensive federal statute which needs to be applied uniformly, that federal statute will preempt state law. Gravatt v. City of New York, 1998 WL 171491 (S.D.N.Y. Apr. 10, 1998) (Sweet, D.J.) (holding the LHWCA preempts state law in actions between (1) harbor workers, (2) their employers and (3) vessel owners). Here the same federal statute applies, the LHWCA, which "establishes a comprehensive federal workers' compensation program that provides longshoremen and their families with the medical, disability, and survivor benefits for work-related injuries and death." Howlett v. Birkdale Shipping Co., 512 U.S. 92, 96 (1994). It is also well-settled that the LHWCA provides the *exclusive* remedy available to the harbor worker in an action against his employer and a vessel owner. 33 U.S.C. § 905 (a) and (b).[2] *See* Cole v. Noble Drilling Corp.,

---

[2] Section 905 provides, in relevant part:

> (a) The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death . . .
>
> (b) In the event of injury to a person covered under this chapter caused by the negligence

Page 3 of 12

2007 U.S.Dist.LEXIS 64055 (S.D.Miss. Aug. 28, 2007) (holding the LHWCA provides exclusive theory of recovery against vessel owner by an injured employee); Gravatt, 1998 WL 171491; Emanuel v. Sheridan Transportation Corp., 779 N.Y.S.2d 168 (1st Dept. 2004).

By its express terms, the LHWCA applies to an injury occurring upon "navigable waters of the United States" including a "*dry dock*" (33 U.S.C. § 903 (a))[3] when the employee is engaged in maritime employment. 33 U.S.C. § 902 (3).[4]

Kirby was injured while engaged in maritime employment at Caddell Dry Dock and, as such, he was awarded and is receiving benefits under the LHWCA. Kirby is a LHWCA-covered employee. 33 U.S.C.§ 902 (3). *See* Gravatt, 1998 WL 171491 (employee injured repairing fendering system around a bridge was a covered employee); In the Matter of the Complaint of James Miller Marine Service, Inc., 2003 A.M.C. 1777 (S.D.N.Y. June 17, 2003) (injured dock worker a covered employee; as such, state law claims were preempted). As such, the LHWCA provides Kirby's exclusive remedy against Caddell Dry Dock, who was obligated to and did

---

of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title . . . The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter.

[3]    Section 903 (a) applies:

in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock ... or other adjoining area customarily used by an employee in loading, unloading, repairing, dismantling, or building a vessel)."

[4]

The LHWCA defines an "employee" to mean any "person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harbor-worker including a ship repairman, shipbuilder, and ship-breaker". 33 U.S.C. § 902 (3).

secure federal compensation benefits for covered employees *irrespective of fault*. 33 U.S.C. § 904

### Exclusive Remedy Against Vessel Owner

Similarly, the LHWCA provides Kirby's exclusive remedy against the vessel owner, Donjon Marine. 33 U.S.C. § 905 (b). The sole exclusive remedy against the vessel owner sounds in negligence. 33 U.S.C. § 905 (b). There is no strict liability remedy against the vessel owner. Indeed, in 1972, Congress specifically amended the LHWCA to forbid an injured maritime worker from recovering against a vessel owner pursuant to theories of strict liability. Emanuel, 779 N.Y.S.2d at 173 ("Congress, by amending this statute, sought to encourage 'safety within the industry by placing the duty of care on the party best able to prevent accidents [i.e., the employer]'"). Thus, as a matter of law, Kirby's state law claims are preempted. *See* Bentley v. L & M Lignos Enterprise, 2007 U.S.Dist.LEXIS 70659 (N.D.Ohio Sept. 21, 2007), *citing* H.R. Rep. No. 92-1441, 1972 U.S.C.C.A.N. at 4705 ("The Committee does not intend that the [section 905(b) action] shall be applied differently in different ports depending on the law of the State in which the port may be located . . . [but] that law questions . . . shall be determined as a matter of Federal law").

Kirby asserted in his Answer to Donjon's Limitation of Liability Petition that New York substantive law may apply to his claim citing Cammon v. City of New York, 96 N.Y.2d 793, 725 N.Y.S.2d 642 (2001). Kirby's reliance on Cammon is misplaced. Cammon held that state law claims against a *land owner* (the City of New York) and a *land-based contractor* are not preempted by the Act. The Court of Appeals held that state law was not preempted where "the tort was maritime but local and there are no far-reaching implications for vessels, seafarers or entities engaged in maritime commercial transactions". Here, unlike Cammon, the claim is

against the vessel owner, Donjon Marine. The holding in Cammon does not apply to claims against a vessel owner.

In an important decision involving a vessel owner and applying maritime law, Emanuel, 779 N.Y.S.2d 168, a rigger was killed when he fell from a gangway while a vessel was in dry dock. The plaintiff sued the vessel owner alleging both New York Labor Law claims *and* claims under the LHWCA. The Appellate Division affirmed dismissal of the Labor Law claims, holding "state law may not be applied where it would conflict with maritime law". Similarly, in Tibak v. City of New York, 546 N.Y.S.2d 602 (1st Dept. 1989), the Appellate Division affirmed grant of summary judgment dismissing a dock builder's Labor Law claims against the City of New York, holding that *"the provisions of the New York State Labor Law under which the action was brought do not apply since the rights and liabilities of the parties under the general maritime law cannot be enlarged or impaired by State statute"*. (Emphasis added).

In light of the foregoing, Kirby's state law negligence and Labor Law claims are preempted by federal maritime law.

## POINT II

## DONJON WAS NOT NEGLIGENT

Kirby's New York state law negligence claim is also preempted. The LHWCA permits a federal maritime negligence claim against the vessel owner and preempts state law negligence claims. Thus, to establish a *prima facie* case of negligence against Donjon Marine, Kirby must establish that Donjon Marine owed Kirby a duty of care and breached it, resulting in injury.

The LHWCA does not define the duty or duties that a vessel owner may owe to a harbor worker. However, the United States Supreme Court in Scindia Steam Navigation Co. v. De Los Santos, 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981), delineated three duties owed by a

vessel owner to a maritime employee covered under the LHWCA. *See* James Miller Marine, 2003 A.M.C. 1777 (applying *Scindia* duties to claims of injured repairman). These duties include (i) the *turnover duty*, (ii) the *active control duty*, and (iii) the *duty to intervene*. Kirby has not and, indeed cannot, establish that Donjon Marine breached any of these *Scindia* duties.[5]

### (i) Turnover Duty Not Breached

The *turnover duty* "confines itself to the condition of the vessel at the time the stevedore [or contractor] embarks upon its operations." James Miller Marine, 2003 A.M.C. at 1781, *citing* Sinagra v. Atlantic Ocean Shipping, Ltd., 182 F. Supp.2d 294, 300 (E.D.N.Y. 2001). This duty obligates the vessel owner to exercise "ordinary care under the circumstances to have the [vessel] and its equipment in such condition that an expert and experienced stevedore will be able by the exercise of reasonable care to carry on its [operations] with reasonable safety." Scindia, 451 U.S. at 166 - 67. *See* O'Hara v. Weeks Marine, Inc. 294 F.3d 55, 65 (2d Cir. 2002).

The turnover duty relates only to the condition of the vessel upon the commencement of the contracted for operations, which in this case is **January 25, 2007**. It is undisputed that Kirby claims to have been injured on **January 31, 2007**, nearly one week after Donjon Marine turned the vessel over to Caddell Dry Dock. Further, it is undisputed that Kirby fell from a free-standing A-frame ladder supplied by his employer while on his employer's dry dock. Kirby does not allege that he fell due to any dangerous condition on Donjon Marine's tugboat. (Exhibit 4; Claim of Respondent; Exhibit 6; Employee's Claim for Compensation).

Accordingly, Kirby has not and cannot establish a violation of the vessel owner's turnover duty.

---

[5] Kirby has not alleged a claim under federal maritime law in either his state court complaint or his claim in this admiralty proceeding.

*(ii) Active Control Duty Not Breached*

The *active control* duty is implicated once the contracted for operations are underway. It is settled law that a vessel owner has no duty to monitor the operations being conducted by contractors. A duty arises only if the vessel owner "actively involves itself in those operations *and* negligently injures a longshoreman or other harbor worker" . . . or if the vessel owner acts negligently with respect to hazards "in areas, or from equipment, under the active control of the vessel during the [contractor's] operation." Emanuel, 779 N.Y.S.2d at 174, *citations omitted*. This duty recognizes that although the vessel owner does not retain the primary responsibility for safety in a work area turned over to an independent contractor "no such cessation [of a vessel owner's responsibility] results as to areas or equipment over which the vessel's crew retains operational control." Cole, 2007 U.S.Dist.LEXIS at * 27.

Donjon Marine had no control whatsoever over the sandblasting and painting performed by Caddell Dry Dock employees, including Kirby. To the contrary, Caddell Dry Dock was in complete control over the work Kirby performed. *See* Kalil Affidavit at ¶ 9. In fact, Kirby concedes in his complaint that Donjon engaged Caddell Dry Dock to "provide certain work, labor, painting, renovation and/or repairs with respect to certain renovation, alterations and/or repairs of its vessel, the William E". (Exhibit 2; Verified Complaint at ¶ 16). Further, it is undisputed that Kirby did not fall on or off the tugboat.

Accordingly, Kirby has not and cannot establish a violation of the vessel owner's active control duty.

*(iii) Duty To Intervene Not Breached*

The third *Scindia* duty applies to the vessel owner's responsibilities once operations are underway. In general, a vessel owner "may rely on the stevedore to avoid exposing the

longshoreman to unreasonable hazards ... The ship is not the common employer of the longshoremen and owes no such statutory duty to them." Scindia, 451 U.S. at 170. Thus, the vessel owner has no duty to warn or otherwise take action to correct dangerous situations unless it has a duty to intervene.

Under the duty to intervene, a vessel owner can be liable for failing to intervene "if it acquires knowledge that (1) a *condition of the vessel or her equipment* poses an unreasonable risk of harm; *and* (2) the stevedore or other contractor is not exercising reasonable care to protect its employees from that risk." O'Hara, 294 F.3d at 65 (emphasis supplied). Kirby does not, and indeed cannot, allege any injury caused by a condition of the *vessel or her equipment*. As such, Donjon Marine had no duty to intervene in the sandblasting work being performed by Kirby.

Accordingly, Kirby has not and cannot establish a violation of the vessel owner's duty to intervene.

## POINT III

## DONJON IS ENTITLED TO EXONERATION

Nearly three hundred years ago, England enacted a statute designed to protect shipowners against unlimited liability by limiting a vessel owner's liability to the value of the vessel plus pending freight. In an effort to make United States shipowners competitive with their English counterparts, Congress, in 1851, enacted the Limitation of Liability Act (46 U.S.C. § 30501 *et seq.*), which created a federal statutory right designed to protect shipowners from unlimited liability for the consequences of maritime accidents. The Limitation of Liability Act permits the shipowner to limit its liability to the value of the vessel, "*provided that the events or circumstances giving rise to the damage occurred without the vessel owner's privity or knowledge.*" Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 453 (2001). In a proceeding

under the Limitation of Liability Act, the vessel owner may also contest liability and seek complete exoneration from liability. *Id.*

Where a negligence claim is filed in response to a petition for exoneration from or limitation of liability, the claimant, here Kirby, bears the initial burden of proving that negligence caused his injury. *See* In the Matter of the Complaint of Jules S. Cornfield, 365 F. Supp. 2d 271, 276 (E.D.N.Y. 2004). Only if Kirby meets this burden, will the burden shift to the vessel owner, Donjon Marine, to establish that it was not personally involved in or responsible for the negligence. *See* In the Matter of Guglielmo, 897 F.2d 58, 61 (2 Cir. 1990); James Miller Marine, 2003 A.M.C. at 1779.

As discussed above, Kirby cannot introduce any facts bearing on Donjon Marine's negligence, nor has Kirby even alleged that he was injured due to negligence.

Accordingly, Donjon Marine is entitled to exoneration from liability as a matter of maritime law.

## POINT IV

## DONJON IS ENTITLED TO LIMIT LIABILITY

Even if Kirby could meet his burden to establish that he was injured due to some act of third-party negligence, under the undisputed facts shown here, Donjon Marine has shown that it lacked *privity or knowledge* of any such negligent act or omission. In order for negligence to be considered as within the *privity or knowledge* of the vessel owner to break limitation, the negligence would have to have been that of Donjon Marine's management level employees. *See e.g.* Helenic Lines, Ltd. v. Prudential Lines, Inc., 72 F.2d 159 (3rd Cir. 1984). Here, the undisputed facts demonstrate that not even a crew member of the tugboat was involved in or supervised Kirby's work. Kirby has not and cannot allege that a management level employee in

Page 10 of 12

Donjon Marine's offices had any involvement in Kirby's work. Thus, even if Kirby could put forth a viable theory of liability in negligence, which he cannot, Donjon Marine will nonetheless be entitled to limit its liability to value of the tugboat, i.e., $95,000. (*Ad Interim* Stipulation of Value/Letter of Undertaking).

The New York Labor Law, relied upon by Kirby, provides essentially that the owner of a structure is *strictly liable* for an injury to a construction worker. The Labor Law does not dictate the quantum of recoverable damages. See New York Labor Law §§ 240 and 241. Thus, even if state Labor Law applied, which as demonstrated herein it does not, Donjon Marine would nonetheless be entitled to limit its liability to the value of its tugboat under the Limitation of Liability Act, a federal statute enacted by Congress in 1851.

Indeed, if the state Labor Law could be read to subject a vessel owner to unlimited liability, it must yield to the limited liability provisions of the federal Limitation of Liability Act. It is well-established that state law is preempted by federal maritime law where it "works material prejudice to the characteristic features of the general maritime law or interferes with the proper harmony and uniformity of that law in its international and interstate relations." Complaint of Great Lakes Dredge & Dock Company, 1996 U.S. Dist. LEXIS 5553 (E.D.Ill. 1996). State laws which defeat existing maritime rights or enlarge existing maritime liabilities are preempted. *Id*; *C.f.* Tibak, 546 N.Y.S.2d 602 (holding that *"rights and liabilities of the parties under the general maritime law cannot be enlarged or impaired by State statute"*).

In Great Lakes Dredge & Dock Company, the District Court dismissed the claimants state law claims for economic losses, holding that the state law claims were preempted by the general maritime law: "This is so, because to allow claims involving purely economic losses would be to enlarge substantially Great Lakes'-- and the City's-- potential liability under federal

Page 11 of 12

maritime law. Such an expansion is expressly prohibited." See Chelentis v. Luckenbach S.S. Co., 247 U.S. 372, 382, 62 L.Ed. 1171, 38 S.Ct. 501 (1918) (state rule that greatly expanded the applicable "maritime rule concerning measure of recovery" may not be applied in admiralty proceeding).

Given the nature of the federal limitation of liability right of a vessel owner, and the history behind it, Kirby's right to pursue state law damages, which expand the remedies available under the Limitation Act must be denied.

Accordingly, even if Kirby can establish any negligence that would befall the vessel, Donjon Marine, the vessel owner, is entitled to limit its liability to the value of the vessel, $95,000.

## CONCLUSION

For the reasons set forth herein, there are no genuine issues of material fact present in this case. Kirby's state law claims are preempted by the federal Longshore and Harbor Workers' Compensation Act. Moreover, Donjon did not breach any duty it may have owed to Kirby. Similarly, Donjon Marine is entitled to exoneration from liability. As a matter of law, Kirby's complaint should be dismissed.

Dated: November 27, 2007

RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys for Petitioner
DONJON MARINE CO., INC.
By: _____
James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)
292 Madison Avenue, 11th Floor
New York, New York 10017
212 953-2381
Our File No. 609-8731