EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
IN THE MATTER OF THE COMPLAINT

**07 CV 3840 (RWS)(DFE)**

of

**NOTICE OF DEPOSITION**

DONJON MARINE CO., INC. as
owner of Tug WILLIAM E. for
Exoneration from or Limitation of
Liability,

Petitioner.
----------------------------------------------------------x
TO:    RUBIN, FIORELLA & FRIEDMAN, LLP
       292 Madison Avenue
       New York, New York 10017

COUNSELORS:

**PLEASE TAKE NOTICE** that in accordance with Rule 30 of the Federal
Rules of Civil Procedure, testimony will be taken by deposition upon oral
examination before a Certified Shorthand Reporter of the State of New York, or
other person authorized by the laws of the State of New York to administer oath,
with respect to all matters relevant to the subject matter involved in this action, at
which time you will please produce the following persons whose testimony is to be
taken:

PARTY BEING DEPOSED:    Each and every corporate officer, engineer,
                        vessel officer, crew member and each and every
                        other employee of Donjon Marine Co., Inc. who
                        was present at Caddell Dry Dock from the time
                        when the vessel was first delivered to Caddell
                        Dry Dock through and including the date of the
                        accident.

DATE:                   November 27, 2007

TIME:                   10:00 A.M.

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

PLACE:                          GORAYEB & ASSOCIATES, P.C.
                                100 William Street, Suite 1205
                                New York, New York 100038

Dated: New York, New York
       November 19, 2007

                                Mark H. Edwards (ME 7106)
                                GORAYEB & ASSOCIATES, P.C.
                                Attorney for Respondent
                                DENNIS KIRBY
                                100 William Street, Suite 1205
                                New York, New York 10038
                                (212) 267-9222

STATE OF NEW YORK

SS.:   **AFFIDAVIT OF SERVICE**

COUNTY OF NEW YORK

I, Maria Urgiles, being duly sworn, depose and say: I am not a party to the action, am over 18 years of age, and reside in the County of Queens, State of New York.

On November 19, 2007, I served the within **NOTICE OF DEPOSITION** to the Federal Express office location at 100 William Street, New York, New York, for overnight delivery service on the following attorneys:

RUBIN, FIORELLA & FRIEDMAN, LLP
292 Madison Avenue
New York, New York 10017

Maria Urgiles

Sworn to before me on
November 19, 2007

Notary Public

JANIRA RODRIGUE
Commissioner of Deeds, Cit .   New York
No. 1-6659
Certificate Filed in New York County
Commission Expires Jan. 1, 2007
2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE COMPLAINT                    **07 CV 3840 (RWS)(DFE)**

of

DONJON MARINE CO., INC. as
owner of Tug WILLIAM E. for
Exoneration from or Limitation of
Liability,

                        Petitioner.

## **RULE 30 NOTICE OF DEPOSITION**

**GORAYEB & ASSOCIATES, P.C.**
Attorneys for Respondent DENNIS KIRBY
100 William Street, Suite 1205
New York, New York 10038
(212) 267-9222
FILE NO. 7401 - LL

EXHIBIT D



# JANUARY 2007
## NEW YORK, NY

## LOCAL CLIMATOLOGICAL DATA
### NOAA, National Climatic Data Center

**JANUARY 2007**

NEW YORK, NY
LA GUARDIA AIRPORT (KLGA)
Lat:40°46'N  Long:73°52'W  Elev (Ground) 11 Feet
Time Zone: EASTERN    WBAN: 14732    ISSN#: 0198-3644

| Date | MAXIMUM | MINIMUM | AVERAGE | DEP FROM NORMAL | AVERAGE DEW PT | AVERAGE WET BULB | HEATING | COOLING | WEATHER | DEPTH | WATER-EQUIV | SNOW-FALL | WATER EQUIV 2400 LST | DEPTH | AVERAGE STATION | AVERAGE SEA LEVEL | RESULTANT SPEED | RES DIR | AVERAGE SPEED | SPEED | DIR | SPEED | DIR | Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | 56 | 46 | 51 | 17 | 48 | 50 | 50 | 14 | 0 | RA BR | 0 | | 0.0 | 0.0 | 1.33 | 29.85 | 29.88 | 3.9 | 20 | 8.6 | 26 | 18 | 20 | 01 |
| 02 | 56 | 43 | 48 | 14 | 27 | 39 | 44 | 17 | 0 | | 0 | | 0.0 | 0.0 | T | 30.09 | 30.12 | 15.3 | 31 | 16.1 | 37 | 31 | 30 | 02 |
| 03 | 52 | 49 | 46 | 12 | 27 | 44 | 19 | 19 | 0 | | 0 | | 0.0 | 0.0 | 0.00 | 30.12 | 30.15 | 10.1 | 23 | 10.6 | 24 | 24 | 20 | 03 |
| 04 | 58 | 44 | 51 | 13 | 53 | 54 | 14 | 14 | 0 | RA BR | 0 | | 0.0 | 0.00 | 30.12 | 30.11 | 8.9 | 31 | 9.1 | 30 | 22 | 24 | 04 |
| 05 | 62 | 52 | 57 | 13 | 53 | 55 | 8 | 8 | 0 | | 0 | | 0.0 | 0.04 | 29.89 | 29.93 | 7.0 | 20 | 7.4 | 20 | 22 | 15 | 05 |
| 06 | 72 | 55 | 64 | 31 | 50 | 58 | 1 | 1 | 0 | RA BR | 0 | | 0.0 | 0.04 | 29.71 | 29.75 | 11.6 | 26 | 14.1 | 35 | 30 | 28 | 06 |
| 07 | 56 | 40 | 51 | 18 | 31 | 41 | 14 | 14 | 0 | RA BR | 0 | | 0.0 | 0.13 | 29.71 | 29.65 | 7.0 | 32 | 10.6 | 32 | 32 | 28 | 07 |
| 08 | 47 | 42 | 41 | 8 | 37 | 42 | 16 | 16 | 0 | RA BR | 0 | | 0.0 | 0.15 | 29.63 | 29.68 | 7.0 | 35 | 9.9 | 30 | 30 | 21 | 08 |
| 09 | 45 | 37 | 41 | 8 | 20 | 28 | 24 | 24 | 0 | RA BR | 0 | | 0.0 | 0.00 | 29.79 | 29.82 | 13.5 | 27 | 14.8 | 30 | 26 | 29 | 09 |
| 10 | 38 | 31 | 35 | 2 | 14 | 28 | 30 | 30 | 0 | | 0 | | 0.0 | 0.00 | 30.11 | 30.14 | 17.8 | 31 | 18.1 | 33 | 33 | 32 | 10 |
| 11 | 41 | 29 | 35 | 2 | 15 | 28 | 30 | 30 | 0 | RA DZ FG+ BR | 0 | | 0.0 | 0.00 | 30.53 | 30.56 | 6.0 | 25 | 9.4 | 28 | 22 | 29 | 11 |
| 12 | 57 | 30 | 43 | 10 | 44 | 48 | 22 | 22 | 0 | RA DZ FG+ BR HZ | 0 | | 0.0 | T | 30.35 | 30.38 | 11.4 | 11 | 11.4 | 25 | 25 | 26 | 12 |
| 13 | 57 | 46 | 52 | 20 | 41 | 43 | 13 | 13 | 0 | RA DZ FG+ BR HZ | 0 | | 0.0 | 0.03 | 30.16 | 30.19 | 3.9 | 18 | 8.1 | 17 | 16 | 05 | 13 |
| 14 | 46 | 42 | 44 | 12 | 41 | 43 | 21 | 21 | 0 | RA | 0 | | 0.0 | 0.05 | 30.21 | 30.21 | 8.4 | 16 | 8.7 | 16 | 18 | 06 | 14 |
| 15 | 51 | 40 | 46 | 14 | 41 | 43 | 19 | 19 | 0 | RA | 0 | | 0.0 | 0.02 | 29.93 | 29.94 | 6.4 | 07 | 6.9 | 21 | 05 | 17 | 15 |
| 16 | 57 | 25 | 41 | 9 | 24 | 34 | 24 | 24 | 0 | RA SN BR UP | 0 | | 0.0 | T | 29.97 | 30.01 | 18.2 | 32 | 18.6 | 32 | 34 | 32 | 16 |
| 17 | 31 | 23 | 26 | -6 | 4 | 23 | 39 | 39 | 0 | RA SN BR | T | | 0.0 | 0.00 | 30.60 | 30.63 | 8.2 | 33 | 13.2 | 39 | 35 | 31 | 17 |
| 18 | 38 | 25 | 32 | 0 | 22 | 29 | 33 | 33 | 0 | SN | 0 | | T | 0.08 | 30.40 | 30.46 | 2.9 | 11 | 4.4 | 15 | 13 | 12 | 18 |
| 19 | 43 | 25 | 38 | 6 | 25 | 32 | 27 | 27 | 0 | SN | F | | F | 0.05 | 29.80 | 29.83 | 4.4 | 29 | 13.8 | 43 | 31 | 13 | 19 |
| 20 | 35 | 23 | 29 | -3 | 11 | 24 | 36 | 36 | 0 | SN | T | | 0.5 | T | 29.98 | 30.01 | 23.1 | 31 | 24.0 | 44 | 36 | 20 | 20 |
| 21 | 34 | 28 | 26 | -6 | 4 | 28 | 39 | 39 | 0 | SN | 0 | | 0.0 | 0.00 | 30.28 | 30.31 | 6.2 | 32 | 7.9 | 25 | 07 | 25 | 21 |
| 22 | 34 | 30 | 31 | -1 | 21 | 28 | 34 | 34 | 0 | | 0 | | 0.0 | T | 29.89 | 29.92 | 1.8 | 06 | 5.4 | 07 | 22 | 13 | 22 |
| 23 | 40 | 34 | 34 | -2 | 18 | 25 | 31 | 31 | 0 | | 0 | | 0.0 | 0.00 | 29.84 | 29.87 | 12.8 | 31 | 13.2 | 26 | 23 | 24 | 23 |
| 24 | 37 | 27 | 37 | -5 | 19 | 31 | 28 | 28 | 0 | SN HZ | F | | 0.2 | 0.00 | 29.82 | 29.84 | 12.8 | 31 | 12.3 | 26 | 30 | 21 | 24 |
| 25 | 37 | 17 | 27 | -5 | 13 | 24 | 38 | 38 | 0 | SN HZ | T | | 0.4 | T | 29.92 | 29.94 | 12.1 | 34 | 13.9 | 37 | 31 | 28 | 25 |
| 26 | 24 | 11 | 18 | -14 | -14 | 14 | 47 | 47 | 0 | RA | 0 | | 0.0 | 0.00 | 29.94 | 29.97 | 17.8 | 31 | 18.6 | 38 | 30 | 30 | 26 |
| 27 | 41 | 21 | 32 | 0 | 0 | 26 | 33 | 33 | 0 | RA SN HZ | 0 | | 0.0 | T | 29.76 | 29.79 | 4.3 | 23 | 5.5 | 16 | 22 | 22 | 27 |
| 28 | 43 | 22 | 38 | 6 | 14 | 34 | 27 | 27 | 0 | SN | T | | 0.2 | 0.02 | 29.61 | 29.64 | 2.4 | 34 | 8.0 | 07 | 01 | 03 | 28 |
| 29 | 42 | 21 | 28 | 0 | 25 | 23 | 37 | 37 | 0 | SN | T | | 0.4 | 0.04 | 29.91 | 29.94 | 10.4 | 31 | 11.3 | 21 | 29 | 21 | 29 |
| 30 | 32 | 20 | 28 | -1 | 10 | 25 | 35 | 35 | 0 | SN | 0 | | 0.4 | 0.00 | 29.91 | 29.94 | 13.0 | 26 | 11.1 | 27 | 27 | 20 | 30 |
| 31 | 34 | 27 | 31 | -1 | 13 | 25 | 34 | 34 | 0 | SN | F | | 0.4 | 0.04 | 29.94 | 30.01 | 13.0 | 31 | 14.3 | 34 | 34 | 32 | 31 |

| | MAXIMUM | MINIMUM | AVERAGE | DEP FROM NORMAL | | | HEATING | COOLING | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| < MONTHLY AVERAGES | 44.8 | 33.1 | 39.0 | | 24.2 | 33.8 | 25.9 | 0.0 | | | | TOTALS > | 1.9 | 3.17 | 30.01 | 30.04 | 7.2 | 30 | 11.9 | | | | | > MONTHLY AVERAGES |
| DEPARTURE FROM NORMAL | 6.2 | 6.6 | 6.4 | Ω | | | | | | | | | -0.39 | | | | | | | | | | | |

**Temperature °F** (columns: MAXIMUM, MINIMUM, AVERAGE, DEP FROM NORMAL, AVERAGE DEW PT, AVERAGE WET BULB)

**Deg Days BASE 65°** (HEATING, COOLING)

**SNOW/ICE ON GND(IN)** (0700 LST, 1300 LST EQUIV WATER)

**PRECIPITATION ON GND(IN)** (2400 LST FALL SNOW, 2400 LST EQUIV WATER)

**PRESSURE (INCHES OF HG)** (AVERAGE STATION, AVERAGE SEA LEVEL)

**WIND** (RESULTANT SPEED, RES DIR, AVERAGE SPEED, MAXIMUM 2-MIN SPEED/DIR, MAXIMUM 5-SEC SPEED/DIR)

### DEGREE DAYS
| | MONTHLY | SEASON TO DATE |
|---|---|---|
| TOTAL DEPARTURE | | |
| HEATING: | 802 | 1965 |
| COOLING: | 0 | 0 |

TOTAL DEPARTURE: -206 / -694
TOTAL DEPARTURE: 0 / 0

GREATEST 24-HR PRECIPITATION: 1.34    DATE: 07-08
GREATEST 24-HR SNOWFALL: 0.5    DATE: 19
GREATEST SNOW DEPTH: T    DATE: 31+

NUMBER OF DAYS WITH →
MAXIMUM TEMP >= 90: 0
MAXIMUM TEMP <= 32: 4
MINIMUM TEMP <= 32: 16
MINIMUM TEMP <= 0: 0
THUNDERSTORMS: 1
HEAVY FOG: 0

### SUNSHINE, CLOUD, & VISIBILITY TABLES ON PAGE 3

SEA LEVEL PRESSURE
MAXIMUM: 30.75    DATE: 17
MINIMUM: 29.53    TIME: 08

PRECIPITATION >= 0.01 INCH: 14
PRECIPITATION >= 0.10 INCH: 3
SNOWFALL >= 1.0 INCH: 0



# HOURLY PRECIPITATION
## (WATER EQUIVALENT IN INCHES)

**NEW YORK, NY (KLGA)**
**JANUARY 2007**

**WBAN # 14732**

### FOR HOUR (LST) ENDING AT

| Date | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
|------|---|---|---|---|---|---|---|---|---|----|----|----|
| 01 | | | | | | | | | | | | |
| 02 | 0.04 | T | 0.02 | 0.08 | 0.03 | 0.03 | 0.17 | 0.40 | 0.27 | 0.17 | 0.07 | 0.02 |
| 03 | | | | | | | | | | | | |
| 04 | | | | | | | | | | | | |
| 05 | | | | | | | | | | | | 0.01 |
| 06 | 0.15 | T | | | | | T | | | | | |
| 07 | | | | | | | | | | | | |
| 08 | | 0.24 | 0.11 | 0.20 | 0.02 | 0.01 | 0.10 | 0.11 | 0.06 | 0.04 | 0.02 | 0.05 |
| 09 | | | | | | | | T | 0.01 | T | T | |
| 10 | | | | | | | | T | T | T | T | |
| 11 | | | | | | | | | | | | |
| 12 | | | | | | | | | | | | |
| 13 | | | | | | | | | | | | |
| 14 | T | 0.01 | | | T | 0.01 | 0.01 | T | T | T | T | |
| 15 | 0.01 | | | | | 0.01 | 0.01 | | | | | |
| 16 | | | | | | | | | | | | |
| 17 | | | | | | T | | | | | | |
| 18 | | | | | | | | | | | | |
| 19 | | | | | | | | | | | | |
| 20 | | | | | | | | | | | | |
| 21 | | | | | | | | | | | | |
| 22 | | | | | | | | | | | | |
| 23 | | | | | | | | | | | | |
| 24 | | | | | | | | T | | | | |
| 25 | | | | | | | | | | | | T |
| 26 | | | | | | | | | | | | |
| 27 | | | | | | | | | | | | |
| 28 | 0.01 | 0.01 | | T | | T | | | | | | |
| 29 | 0.02 | T | 0.02 | | | | | | | | | |
| 30 | | | | | | | | | | | | |
| 31 | 0.04 | | | | | | | | | | | |

### FOR HOUR (LST) ENDING AT

| Date | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | Date | Sum of Hourly Data | 2400 LST Water Equiv. |
|------|----|----|----|----|----|----|----|----|----|----|----|----|------|--------------------|-----------------------|
| 01 | | | | | | | | T | | | | | 01 | 1.33 | 1.33 |
| 02 | 0.01 | 0.01 | 0.02 | 0.03 | T | | | | | | 0.02 | | 02 | 0.00 | 0.00 |
| 03 | | | | | | | | | | | | | 03 | 0.00 | 0.00 |
| 04 | | | | | | | | | | | | | 04 | 0.00 | 0.00 |
| 05 | 0.01 | 0.02 | | | | | | | | | | | 05 | 0.04 | 0.04 |
| 06 | 0.01 | | | | | | | | 0.01 | 0.03 | 0.02 | 0.09 | 06 | 0.04 | 0.15 |
| 07 | | | | | | | | | | | | | 07 | 0.15 | 1.19 |
| 08 | 0.07 | 0.01 | | 0.02 | 0.01 | 0.03 | 0.02 | T | 0.01 | | | | 08 | 1.19 | 0.00 |
| 09 | | | | | | | | | | | | | 09 | 0.00 | 0.00 |
| 10 | | | | | | | | | | | | | 10 | 0.00 | 0.00 |
| 11 | | | | | | | | | | | | | 11 | 0.00 | 0.00 |
| 12 | | | | | | | | | | | | | 12 | T | 0.03 |
| 13 | T | | | | T | | | T | T | | T | T | 13 | 0.03 | 0.05 |
| 14 | T | 0.01 | | | | | | T | | | | | 14 | 0.05 | 0.02 |
| 15 | | | | | | | | | | | | 0.01 | 15 | 0.02 | |
| 16 | | | | | | | | | | | | | 16 | T | 0.00 |
| 17 | | | | | | | | | | | | | 17 | 0.00 | T |
| 18 | | | | | 0.03 | | 0.02 | T | | | | | 18 | 0.09 | 0.09 |
| 19 | | | | | | | | T | | | | | 19 | 0.05 | 0.05 |
| 20 | | | | | | | | | | | | | 20 | T | T |
| 21 | | | | | | | | | | | | | 21 | 0.00 | 0.00 |
| 22 | | | | | | | | | | | | | 22 | 0.00 | 0.00 |
| 23 | | | | | | | | | | | | | 23 | 0.00 | 0.00 |
| 24 | | | | | | | | | | | | | 24 | 0.00 | 0.00 |
| 25 | | | | | | | | | | | | | 25 | 0.00 | 0.00 |
| 26 | | | | | | | | | | | | | 26 | 0.00 | 0.00 |
| 27 | | | | | | | | | T | | | T | 27 | T | T |
| 28 | | | | | | | | T | T | 0.02 | 0.02 | T | 28 | 0.08 | 0.08 |
| 29 | | | | | | | | T | | | T | | 29 | 0.02 | 0.02 |
| 30 | | | | | | | | | | | | | 30 | 0.04 | 0.04 |
| 31 | | | | | | | | | | | T | 0.04 | 31 | 0.04 | 0.04 |

\* Indicates sum of Hourly and Daily disagree.

**Note :** The hourly and daily precipitation totals are printed in the last 2 columns and hi-lighted in red when they disagree. NWS does not edit ASOS hourly values but may edit daily and monthly totals. Hourly, daily, and monthly totals are printed as reported by the ASOS site.

## MAXIMUM SHORT DURATION PRECIPITATION (See Note)

| Time Period (Minutes) | 5 | 10 | 15 | 20 | 30 | 45 | 60 | 80 | 100 | 120 | 150 | 180 |
|-----------------------|---|----|----|----|----|----|----|----|-----|-----|-----|-----|
| Precipitation (Inches) | | | | | | | | | | | | |
| Ending Date | | | | | | | | | | | | |
| Ending Time (Hr/Min) | | | | | | | | | | | | |

Date and time are not entered for TRACE amounts.

NOAA, National Climatic Data Center

PAGE 2

# NEW YORK, NY
## JANUARY 2007

Ceilometer (30-second) data are used to derive cloudiness at or below 12,000 feet. This cloudiness is the mean cloud cover detected during sunrise to sunset (SR-SS), or midnight to midnight (MN-MN).

Satellite data are used to derive cloudiness above 12,000 feet. Effective Cloud Amount is based on the cloud cover and the transparency of the clouds within the satellite field of view (approx. 31x31 miles).

Sky Condition is based on the sum (not to exceed 8) of the sunrise to sunset cloud cover below and above 12,000 feet. Both ceilometer and satellite data must be present to compute Sky Condition. Clear = 0-2 oktas, Partly Cloudy = 3-6 oktas, Cloudy = 7-8 oktas.

A Heating (Cooling) Degree Day is the difference between the average daily temperature and 65 degrees F. The HDD season begins July 1, the CDD season begins January 1.

Dew Point is the temperature to which the air must be cooled to achieve 100% relative humidity. Wet Bulb is the temperature the air would have if cooled to saturation at constant pressure by evaporation of water into it.

Snow Depth, Snowfall, and Sunshine data may come from nearby sites that the National Weather Service deems Climatologically representative of this site.

ADDITIONAL NOTES:
Station Augmentation-FAA CWO
Lat/Lon:/ Elevation:
Distance:1.2 MI Dir:SSE
Augmented Elements:Temp. Precip, Snow
Equipment:PSY, SRG, Snowboard

| Date | SUNSHINE TOTAL MINUTES | SUNSHINE PERCENT POSSIBLE | CLOUDINESS (OKTAS) SR-SS Sky Cover | CLOUDINESS (OKTAS) SR-SS Satellite | CLOUDINESS (OKTAS) MN-MN Sky Cover | CLOUDINESS (OKTAS) MN-MN Satellite | VISIBILITY (MILES) MINIMUM | VISIBILITY (MILES) MAXIMUM | RESERVED |
|---|---|---|---|---|---|---|---|---|---|
| 01 | | | | | | | 1.25 | 10.00 | |
| 02 | | | | | | | 10.00 | 10.00 | |
| 03 | | | | | | | 10.00 | 10.00 | |
| 04 | | | | | | | 10.00 | 10.00 | |
| 05 | | | | | | | 2.00 | 10.00 | |
| 06 | | | | | | | 2.00 | 10.00 | |
| 07 | | | | | | | 6.00 | 10.00 | |
| 08 | | | | | | | 2.00 | 10.00 | |
| 09 | | | | | | | 10.00 | 10.00 | |
| 10 | | | | | | | 10.00 | 10.00 | |
| 11 | | | | | | | 10.00 | 10.00 | |
| 12 | | | | | | | 10.00 | 10.00 | |
| 13 | | | | | | | 7.00 | 10.00 | |
| 14 | | | | | | | 0.00 | 8.00 | |
| 15 | | | | | | | 0.12 | 10.00 | |
| 16 | | | | | | | 8.00 | 10.00 | |
| 17 | | | | | | | 10.00 | 10.00 | |
| 18 | | | | | | | 1.50 | 10.00 | |
| 19 | | | | | | | 1.50 | 10.00 | |
| 20 | | | | | | | 6.00 | 10.00 | |
| 21 | | | | | | | 10.00 | 10.00 | |
| 22 | | | | | | | 9.00 | 10.00 | |
| 23 | | | | | | | 10.00 | 10.00 | |
| 24 | | | | | | | 10.00 | 10.00 | |
| 25 | | | | | | | 5.00 | 10.00 | |
| 26 | | | | | | | 10.00 | 10.00 | |
| 27 | | | | | | | 8.00 | 10.00 | |
| 28 | | | | | | | 1.50 | 10.00 | |
| 29 | | | | | | | 5.00 | 10.00 | |
| 30 | | | | | | | 1.00 | 10.00 | |
| 31 | | | | | | | 3.00 | 10.00 | |
| MONTHLY AVGS | | | | | | | 6.12 | 9.94 | |

SUNSHINE (Minutes)

Total:                Possible:
Percent Possible:

NUMBER OF DAYS WITH :
SKY CONDITION
Clear    Partly CLDV    Cloudy    Missing
  2          11

MINIMUM VISIBILITY (MILES)
<= .25    <= 3.0    >= 7.0
   2         2         16

# REFERENCE NOTES & SUPPLEMENTAL SUMMARIES

* = Extreme for the month (last occurence if more than one).

T = Trace precipitation amount.

+ = also occurs on earlier date.

FG+ = Heavy fog, visibility .25 miles or less.

BLANK entries denote missing or unreported data.

Resultant wind is the vector sum of the wind speeds and directions divided by the number of observations.

Wind direction is recorded in tens of degrees (2 digits) clockwise from true north. '00' = calm, 'VR' = variable.

Precipitation is for the 24-hour period ending at the time indicated in the column heading.

Water Equivalent of snow on the ground is reported only when the depth is 2 or more inches.

NORMALS ARE FOR THE YEARS 1971-2000

## WEATHER NOTATIONS

| QUALIFIER | | | |
|---|---|---|---|
| DESCRIPTOR | | | |
| BC Patches | | | |
| BL Blowing | | | |
| DR Low Drifting | | | |
| FZ Freezing | | | |
| MI Shallow | | | |
| PR Partial | | | |
| SH Shower(s) | | | |
| TS Thunderstorm | | | |
| VC In the Vicinity | | | |

| WEATHER PHENOMENA | | | |
|---|---|---|---|
| PRECIPITATION | OBSCURATION | OTHER | |
| DZ Drizzle | BR Mist | DS Duststorm | |
| GR Hail | DU Widespread Dust | FC Funnel Cloud | |
| GS Small Hail and/or Snow Pellets | FG Fog | +FC Tornado Waterspout | |
| IC Ice Crystals | FU Smoke | PO Well-Developed Dust/Sand Whirls | |
| PL Ice Pellets | HZ Haze | | |
| RA Rain | PY Spray | SQ Squalls | |
| SG Snow Grains | SA Sand | SS Sandstorm | |
| SN Snow | VA Volcanic Ash | GL Glaze | |
| UP Unknown Precipitation | | | |

Intensity (as indicated on pages 4 to 6):
'+' = Heavy    '-' = Moderate    '-' = Light

PAGE 3

# OBSERVATIONS AT 3-HOURLY INTERVALS

**NEW YORK, NY**   **JANUARY 2007**   **KLGA**   **WBAN # 14732**

Column headings (rotated): HOUR (LST), SKY COVER, CEILING 100's OF FT., Time (LST) Observation, SATELLITE, Eff Cld Amt Okta, VISIBILITY (MILES), WEATHER, DRY BULB, DEW POINT, WET BULB (TEMPERATURE °F), RELATIVE HUMIDITY (PCT), SPEED (MPH), DIRECTION Tens of Deg (WIND), PRESSURE (INCHES, HG) STATION, SEA LEVEL.

| HOUR (LST) | SKY COVER | CEILING | WEATHER | VISIBILITY | STATION PRES | SEA LEVEL |
|---|---|---|---|---|---|---|

JAN 01 — SUNRISE: 0716 / SUNSET: 1635
JAN 02 — SUNRISE: 0716 / SUNSET: 1636
JAN 03 — SUNRISE: 0716 / SUNSET: 1637
JAN 04 — SUNRISE: 0716 / SUNSET: 1638
JAN 05 — SUNRISE: 0716 / SUNSET: 1639
JAN 06 — SUNRISE: 0716 / SUNSET: 1640
JAN 07 — SUNRISE: 0716 / SUNSET: 1641
JAN 08 — SUNRISE: 0716 / SUNSET: 1642
JAN 09 — SUNRISE: 0716 / SUNSET: 1643
JAN 10 — SUNRISE: 0716 / SUNSET: 1644
JAN 11 — SUNRISE: 0715 / SUNSET: 1645
JAN 12 — SUNRISE: 0715 / SUNSET: 1646

NEW YORK, NY
JANUARY 2007
KLGA
WBAN # 14732

OBSERVATIONS AT 3-HOURLY INTERVALS

NEW YORK, NY
JANUARY 2007    KLGA    WBAN # 14732

**OBSERVATIONS AT 3-HOURLY INTERVALS**

## 3-HOURLY OBSERVATION NOTES

Sky Cover is the amount of the sky observed. CLR or SKC = 0, FEW = 1/8-2/8,
SCT = 3/8-4/8, BKN = 5/8-7/8, OVC = 8/8, W = Vertical Visibility = 8/8

Ceiling is reported in hundreds of feet above ground level for clouds at or below 12,000 feet.
NC = No Ceiling detected.

& = Original observation contained additional weather elements.
See page 3 for additional notes.

## SUMMARY BY HOUR

AVERAGES

| HOUR (LST) | CEILOMETER | EFF CLD ANT | DRY BULB | DEW POINT | WET BULB | RELATIVE HUMIDITY | PRESSURE STATION | SEA LEVEL | VISIBILITY | WIND SPEED (MPH) | RESULTANT WIND SPEED | RESULTANT WIND DIRECTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | | | 38 | 25 | 34 | 61 | 30.02 | 30.04 | 8.45 | 12 | 6 | 30 |
| 02 | | | 38 | 25 | 33 | 60 | 30.02 | 30.04 | 8.90 | 12 | 6 | 30 |
| 03 | | | 37 | 25 | 33 | 62 | 30.02 | 30.04 | 9.26 | 11 | 6 | 30 |
| 04 | | | 37 | 26 | 33 | 63 | 30.01 | 30.04 | 9.36 | 12 | 6 | 30 |
| 05 | | | 37 | 25 | 33 | 63 | 30.02 | 30.05 | 9.41 | 12 | 6 | 30 |
| 06 | | | 37 | 26 | 33 | 63 | 30.02 | 30.05 | 8.94 | 12 | 6 | 30 |
| 07 | | | 37 | 25 | 33 | 63 | 30.03 | 30.05 | 8.58 | 11 | 6 | 30 |
| 08 | | | 36 | 24 | 32 | 64 | 30.04 | 30.06 | 8.66 | 11 | 7 | 29 |
| 09 | | | 38 | 24 | 34 | 62 | 30.05 | 30.07 | 8.84 | 11 | 9 | 29 |
| 10 | | | 40 | 24 | 35 | 59 | 30.04 | 30.07 | 9.06 | 12 | 9 | 29 |
| 11 | | | 41 | 24 | 35 | 52 | 30.03 | 30.05 | 9.23 | 13 | 10 | 29 |
| 12 | | | 42 | 24 | 35 | 50 | 30.01 | 30.03 | 9.10 | 13 | 9 | 29 |
| 13 | | | 42 | 23 | 35 | 49 | 30.00 | 30.01 | 8.85 | 13 | 9 | 29 |
| 14 | | | 42 | 23 | 35 | 49 | 29.97 | 30.00 | 8.96 | 11 | 9 | 29 |
| 15 | | | 42 | 23 | 35 | 50 | 29.98 | 30.00 | 9.02 | 11 | 9 | 29 |
| 16 | | | 42 | 23 | 35 | 50 | 29.99 | 30.02 | 8.76 | 11 | 8 | 29 |
| 17 | | | 41 | 23 | 34 | 53 | 30.01 | 30.04 | 8.98 | 11 | 8 | 29 |
| 18 | | | 40 | 23 | 34 | 53 | 30.02 | 30.05 | 9.03 | 12 | 7 | 29 |
| 19 | | | 39 | 23 | 34 | 55 | 30.02 | 30.05 | 9.08 | 11 | 8 | 30 |
| 20 | | | 39 | 24 | 34 | 57 | 30.03 | 30.06 | 8.98 | 11 | 7 | 30 |
| 21 | | | 38 | 24 | 34 | 57 | 30.05 | 30.05 | 6.65 | 11 | 7 | 30 |
| 22 | | | 38 | 24 | 33 | 58 | | | 8.61 | 12 | | 30 |
| 23 | | | | | | | | | | | | |
| 24 | | | | | | | | | | | | |

PAGE 6



NEW YORK, NY JANUARY Temperatures

— Extreme Max — Mean Max — Mean — Mean Min — Extreme Min

Long-Term (1951-2007) Mean: 32.6
1971-2000 Normal: 32.6

NEW YORK, NY JANUARY Precipitation

Long-Term (1951-2007) Mean Monthly Total: 3.18    1971-2000 Normal: 3.56

Published By: National Climatic Data Center



# LOCAL CLIMATOLOGICAL DATA
## NOAA, National Climatic Data Center

**JANUARY 2007**
**NEW YORK, NY**

*I certify that this is an official publication of the National Oceanic and Atmospheric Administration (NOAA). It is compiled using information from weather observing sites operated by NOAA-National Weather Service / Department Of Transportation-Federal Aviation Administration and received at the National Climatic Data Center (NCDC), Asheville, North Carolina 28801.*

**DIRECTOR**

NCDC now offers an annual online subscription for the **Edited Local Climatological Data Publication**. When you purchase this subscription service, you will have **immediate online access** to all previous publications back to July 1996 and all publications thereafter until the expiration of the subscription. Your subscription is valid for one year after purchase. **The total cost for online delivery (including back issues) is significantly less than the cost for offline delivery.** To order this and other subscriptions online with your credit card, go to: **www.ncdc.noaa.gov** and choose subscriptions.

We welcome your questions or comments, please contact us at:

Toll Free Number (866) 742-3322 (voice)
Fax Number : (304) 726-4409
TDD : (828) 271-4010
or Email : ncdc.info@noaa.gov
Local Climatological Data is available at www.ncdc.noaa.gov

United States
Department of Commerce

National Oceanic and
Atmospheric Administration

National Environmental Satellite
Atmospheric Administration

---

**For address correction, please return a photocopy of this page to Subscription Services indicating changes**

FIRST CLASS
POSTAGE AND FEES PAID
NOAA
PERMIT G-19

NCDC Subscription Services Center
310 State Route 956 Building 300
Rocket Center, WV 26726

OFFICIAL BUSINESS, PENALTY FOR PRIVATE USE $300

EXHIBIT E

Mark H. Edwards (ME7106)
GORAYEB & ASSOCIATES, P.C.
100 William Street, Suite 1205
New York, New York 10038
(212) 267-9222
Attorneys for Respondent
DENNIS KIRBY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
IN THE MATTER OF THE COMPLAINT                    07 CIV 3840 (RWS)

                    of                            **RESPONSE TO**
                                                  **RULE 56.1 STATEMENT**
                                                  **OF UNDISPUTED**
                                                  **MATERIAL FACTS**

DONJON MARINE CO., INC., as Owner
Of Tug WILLIAM E. for Exoneration from
or Limitation of Liability,

                    Petitioner.

_____

    Respondent/Claimant, DENNIS KIRBY, by his attorney, GORAYEB &

ASSOCIATES, P.C., as and for his Local Rule 56.1 Response to Statement of

Undisputed Material Facts states as follows:

1. Admits.

2. Admits that Caddell Dry Dock and Repair Co., Inc. is a full service vessel repair facility with 6-dry docks located on the waterfront. (See, Kalil Affidavit)

3. Admits.

4. Admits.

5. Admits.

6. Admits.

7. Denies. (<u>See</u>, Affidavit of Dennis Kirby). Also, this statement contains no citation to evidence in violation of FRCP 56(e) and Local Civil Rule 56.1.

8. Admits.

9. Admits.

10. Admits.

11. Admits.

12. Admits.

13. Admits.

Dated: New York, New York
       January 3, 2008

GORAYEB & ASSOCIATES, P.C.
Attorney for Respondent
DENNIS KIRBY

By:_____
       Mark H. Edwards (ME 7106)
100 William Street, Suite 1205
New York, New York 10017
(212) 267-9222
Our File No: 7401

# EXHIBIT F

Mark H. Edwards (ME 7106)
GORAYEB & ASSOCIATES, P.C.
Attorney for Claimant/Respondent
DENNIS KIRBY
100 William Street, Suite 1205
New York, New York 10038
(212) 267-9222

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN THE MATTER OF THE COMPLAINT

                              of

DONJON MARINE CO., INC. as
owner of Tug WILLIAM E. for
Exoneration from or Limitation of
Liability,

                   Petitioner.
-----------------------------------------------------------x

**07 CV 3840 (RWS)(DFE)**

**PROPOSED AMENDED
CLAIM OF RESPONDENT
DENNIS KIRBY AND
ANSWER TO PETITIONER'S
VERIFIED COMPLAINT**

**A JURY TRIAL IS DEMANDED**

Claimant/Respondent, DENNIS KIRBY, by his attorney, Gorayeb &

Associates, P.C., as and for his Claim and Answer to the Verified Complaint for

Exoneration from or Limitation of Liability of Petitioner, DONJON MARINE CO.,

INC., alleges, upon information and belief, as follows:

## CLAIM

1. That on January 31, 2007, Petitioner DONJON MARINE CO., INC.

owned the Tug, "William E."

2. On January 31, 2007, the "William E." was in dry dock at Caddell Dry

Dock and Repair Co., Inc., located at or about Dry Dock 3, at Richmond Terrace

and Broadway, Staten Island, New York, for renovation, sandblasting, painting,

alteration, repair and/or other and/or additional work, labor and services.

3.      On January 31, 2007, DENNIS KIRBY, an employee of Caddell Dry Dock and Repair Co., Inc., was performing local land-based sandblasting of said "William E." in connection with said work.

4.      The work that DENNIS KIRBY was performing on the "William E." constituted work on a "structure" pursuant to the substantive law of the State of New York.

5.      During the performance of his work on January 31, 2007, DENNIS KIRBY was required to work at an elevated height and in the process was required to use a ladder to perform said work.

6.      That Peitioner knew and/or should have known that DENNIS KIRBY would be required to work at a significant elevated height in order to perform the required work and that proper safety equipment and procedures would be required to perform said work, which were not provided to him.

7.      On January 31, 2007, while performing said work at a significant elevated height on a ladder, the ladder moved and caused DENNIS KIRBY to fall to the ground and sustain serious personal injuries and was otherwise damaged. The ladder upon which he was working failed to prevent, or break his fall.

8.      DENNIS KIRBY was injured as a result of and including but not limited to the privity, knowledge, negligence (based on 33 U.S.C. 905(b), 33 U.S.C. 933, federal common law negligence and state common law negligence) and strict liability of Petitioner, its, agents, servants and/or employees, Petitioner's violation of Rule 23 of the Industrial Code of the State of New York [12 NYCRR 23] and

Petitioner's violation of Sections 200, 240(1) and 241(6) of the Labor Law of the State of New York and/or the violation of other applicable statutes, rules and industry standards.

9.     DENNIS KIRBY has sustained serious personal injuries, including those physical, mental and emotional in nature and has otherwise been damaged for which he seeks past and future compensation in a monetary amount to be determined by the trier of fact and he demands judgment thereon, together with interest, costs and disbursements.

10.    Claimant DENNIS KIRBY makes this claim with a reservation of rights and without waiver of his right to proceed against Petitioner in his prior pending suit [07 Civ. 3742 (RWS)] against Petitioner, upon such terms as the Court deems proper and just.

## ANSWER TO COMPLAINT

11.    Answering Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "1," and respectfully refers questions of law to the Court.

12.    Answering Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "2," except admits that DONJON MARINE CO., INC. has an office and place of business at 1250 Liberty Avenue, Hillside, New Jersey.

13.    Answering Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "3," except admits that

Petitioner was the owner of the Tug "William E." on January 31, 2007.

14.    Answering Claimant/Respondent admits that Petitioner was served with the State Court action as alleged in Paragraph "4."

15.    Answering Claimant/Respondent admits the allegations contained in Paragraph "5," to the extent that they refer to DENNIS KIRBY.

16.    Answering Claimant/Respondent denies the allegations contained in Paragraph "6."

17.    Answering Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "7" as to the value of the Tug "William E.," but admits that Claimant/Respondent's claim(s) for injury(s) and damages will exceed the value of $95,000.

18.    Answering Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "8" as to the value of the Tug "William E.," but admits that a purported and conclusory statement has been submitted from an alleged marine consultant that appears to be an appraisal.

19.    Answering Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "9" as to the value of the Tug "William E.," and further denies knowledge and information sufficient to form a belief that $95,000 is not less than Petitioner's interest in said Tug and further denies knowledge and information sufficient to form a belief as to the absence of pending freight.

20.    Answering Claimant/Respondent admits Paragraph "10" that venue is

proper.

21.     Answering Claimant/Respondent denies the allegations contained in
Paragraph "11," as to DENNIS KIRBY, and further denies knowledge and
information sufficient to form a belief as to the remaining allegations contained
therein and respectfully refers questions of law to the Court.

22.     Answering Claimant/Respondent denies knowledge and information
sufficient to form a belief as to the allegations contained in Paragraph "12," and
Petitioner's entitlement thereto and respectfully refers questions of law to the Court.

23.     Answering Claimant/Respondent denies knowledge and information
sufficient to form a belief as to the allegations contained in Paragraph "13," and
respectfully refers questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

24.     The Complaint fails to state a cause of action and/or petitioner is not
entitled to the relief requested.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

25.     In addition to the negligence claims based on 33 U.S.C. 905(b), 33
U.S.C. 933 and federal common law standards, the substantive law of the State of
New York is applicable to, including Petitioner's violation of Rule 23 of the Industrial
Code of the State of New York [12 NYCRR 23] and Petitioner's violation of Sections
200, 240(1) and 241(6) of the Labor Law of the State of New York and/or the
violation of other applicable statutes, rules and industry standards

WHEREFORE, it is respectfully requested that DENNIS KIRBY be

compensated in a monetary amount commensurate with the injuries and damages

that he sustained, to be determined by the trier of fact, and that judgment be

entered thereon and further, that Petitioner's Complaint be dismissed in its entirety

as against DENNIS KIRBY.

Dated: New York, NY
January 3, 2008

GORAYEB & ASSOCIATES, P.C.
Attorney for DENNIS KIRBY

BY: _____

Mark H. Edwards (ME 7106)
100 William Street, Suite 1205
New York, New York 10038
(212) 267-9222
File No.: 7401-LL/MU

TO: RUBIN, FIORELLA & FRIEDMAN LLP
Attorney for DONJON MARINE CO., INC.
292 Madison Avenue
New York, New York 10017
(212) 953-2381
File No.: 609-8731

## VERIFICATION

MARK H. EDWARDS, an attorney at law, duly admitted to practice in the Courts of this State, affirms under the penalties of perjury that:

I am associated with the law firm of GORAYEB & ASSOCIATES, P.C., attorney for the claimant and respondent in the above entitled action; that affirmant has read the foregoing **PROPOSED AMENDED CLAIM and ANSWER** and knows the contents thereof; that the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes it to be true and the reason that this verification is not made by claimant/respondent and is made by affirmant is that claimant and respondent is not presently in the county where the attorney for the claimant and respondent has its office.

Affirmant further says that the source of affirmant's information and the grounds of Affirmant's belief as to all matters not stated upon affirmant's knowledge are from investigations made on behalf of said claimant and respondent.

Dated:     New York, New York
            January 3, 2008

MARK H. EDWARDS (ME 7106)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------X

DENNIS KIRBY,

**PROPOSED AMENDED
VERIFIED COMPLAINT**

Plaintiff,

Index No.:

-against-

DONJON MARINE CO., INC.,

Defendant.

-------------------------------------------------------------------X

Plaintiff, **DENNIS KIRBY**, by his attorney, **GORAYEB & ASSOCIATES, P.C.**, complaining of the defendant, respectfully alleges, upon information and belief, as follows:

1. That plaintiff was and still is a resident of the State of New York, County of Bronx.

2. That this action falls within one or more of the exemptions set forth in CPLR §1602.

3. That at all times hereinafter mentioned, the defendant, **DONJON MARINE CO., INC.** (hereinafter **"DONJON"**), was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

4. That at all times hereinafter mentioned, **DONJON**, was and still is a partnership organized and existing under and by virtue of the Laws of the State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, **DONJON**, was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

6. That at all times hereinafter mentioned, and upon information and belief, **DONJON**, maintained a principal place of business in the State of New Jersey

with its principle place of business at 1250 Liberty Avenue, Hillside, New Jersey 07205.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF DENNIS KIRBY

7. Plaintiff, **DENNIS KIRBY**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "6" together with the same force and effect as though same were more fully set forth at length herein.

8. That on January 31, 2007, **DONJON**, owned the property located at Dry Dock 3 located at Richmond Terrace and Broadway, Staten Island, New York.

9. That on January 31, 2007, DONJON owned a vessel known as or named "William E."

10. That on January 31, 2007, the "William E" was in dry dock at Caddell Dry Dock and Repair Co., Inc.

11. That on January 31, 2007, the "William E" was in dry dock #3 at Caddell Dry Dock and Repair Co., Inc.

12. That on January 31, 2007, **DONJON**, owned a vessel or structure located at Dry Dock 3 located at Richmond Terrace and Broadway, Staten Island, New York

13. That on January 31, 2007, **DONJON**, maintained a vessel or structure located at Dry Dock 3 located at Richmond Terrace and Broadway, Staten Island, New York.

14. That on or prior to January 31, 2007, the "William E" was transported to Caddell Dry Dock and Repair Co., Inc., on Staten Island for renovation, refitting, painting and/or repair.

15. That on or prior to January 31, 2007, **DONJON**, was hired and/or retained to act as a contractor for the refitting, renovation, painting, repair and/or alteration

of a vessel known as "William E" at Dry Dock 3 located at Richmond Terrace and Broadway, Staten Island, New York.

16. That on or prior to January 31, 2007, **DONJON,** entered into an agreement and contract by which **CADDELL DRY DOCK AND REPAIR CO, INC.** was to provide certain work, labor, painting, renovation and/or repairs with respect to certain renovation, alterations and/or repairs of its vessel, the "William E".

17. That on or prior to January 31, 2007, **DONJON** entered into an agreement and contract by which **CADDELL DRY DOCK AND REPAIR CO., INC.** was to provide certain work, labor, painting, renovation and/or repairs to a vessel it owned at Dry Dock 3 located at Richmond Terrace and Broadway, Staten Island, New York.

18. That on or prior to January 31, 2007, **DONJON** retained a contractor to perform renovation, painting, repair and/or alteration of a vessel at Dry Dock 3 located at Richmond Terrace and Broadway, Staten Island, New York.

19. That on or prior to January 31, 2007, **DONJON** retained **CADDELL DRY DOCK AND REPAIR CO., INC.** to provide work, labor and/or services at the vessel at Dry Dock 3 located at Richmond Terrace and Broadway, Staten Island, New York.

20. That at all times hereinafter mentioned, and on, or prior to January 31, 2007, **DONJON** hired and/or retained **CADDELL DRY DOCK AND REPAIR CO., INC.** pursuant to a written contract and/or agreement a contractor.

21. That on January 31, 2007, renovation, refitting, painting, alterations and/or repairs were being performed on the "William E" at Dry Dock 3 located at the premises of CADDELL DRY DOCK AND REPAIR CO., INC.

22. That on January 31, 2007, renovation, painting, repair and/or alterations were being performed on a vessel known as "William E" at Dry Dock 3 located at Richmond Terrace and Broadway, Staten Island, New York.

23. That on January 31, 2007, plaintiff was engaged in the performance of renovation, refitting, painting, repair and/or alterations on said vessel.

24. That the Defendant, its agents, servants and/or employees had the duty to provide the Plaintiff with a safe place to work.

25. That the Defendant, its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

26. That on January 31, 2007, while plaintiff **DENNIS KIRBY**, was lawfully and carefully working on a ladder on said vessel, he was caused to fall from said ladder by reason of the negligence and/or violation of statute of the defendant, its agents, servants and/or employees in the ownership, operation, direction, supervision, possession, control, construction, repair, rehabilitation, refitting, painting and/or alteration of the said vessel sustaining the injuries hereinafter alleged.

27. That the defendant, its agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, repair, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation, refitting and/or alteration of the said vessel in that they failed to provide the plaintiff with a safe place to work; failed to provide the plaintiff with a hazard-free work place; failed to provide the plaintiff with proper and safe elevated working surfaces, scaffolds and ladders, so fixed, secured and/or maintained and braced so as to prevent the plaintiff from falling from same; failed to provide the plaintiff with proper and approved safety devices so placed, fixed and/or secured so as to afford proper protection to the plaintiff working thereat; violated the applicable provisions of the Labor Law of the State of New York, the Industrial Code of the State of New York and the provisions of the Occupational Safety & Health Administration as they pertain to construction;

failed to inspect the work areas on the date of the accident and prior thereto to
see that the elevated working surfaces, scaffolds and ladders were safe; and,
failed to provide the plaintiff with any safety devices to prevent plaintiff from
falling from said elevated working surfaces, scaffolds and ladders.

28. That the defendant, its agents, servants and/or employees had actual and/or
constructive notice of the dangerous and defective conditions existing upon the
work site.

29. That the accident and the injuries resulting therefrom were caused solely and
wholly by reason of the negligence of the defendant, its agents, servants and/or
employees without any fault, want of care or culpable conduct on the part of the
plaintiff contributing thereto.

30. That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame
maimed and disabled and so remains. That he has been unable to attend to
his usual vocation and activities and that he has been obliged to expend and
will expend in the future, sums of money for medical aid and attention, all to his
damage in an amount that exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF DENNIS KIRBY

31. Plaintiff, **DENNIS KIRBY**, repeats, reiterates and realleges each and every
allegation contained in paragraphs "1" through "29" together with the same
force and effect as though same were more fully set forth at length herein.

32. That on January 31, 2007, there existed in full force and effect within the State
of New York, Sections 200, 240(1) and 241(6) of the Labor Law of the State of
New York.

33. That the defendant had the duty to comply with the provisions of sections 200,
240(1), and 241(6) of the Labor Law of the State of New York.

34. That said defendant violated Sections 200, 240(1) and 241(6) of the Labor Law

of the State of New York.

35. That on January 31, 2007, there existed Rule 23 of the Industrial Code of the State of New York.

36. That the defendant had the duty to comply with the provisions of Rule 23 of the Industrial Code of the State of New York.

37. That by reason of the negligence of the defendant aforesaid, the defendant violated Rule 23 of the Industrial Code of the State of New York.

38. That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF DENNIS KIRBY

39. Plaintiff, DENNIS KIRBY, repeats, reiterates and reallleges each and every allegation contained in Paragraphs "1" through "38" together with the same force and effect as though same were more fully set forth at length herein.

40. Plaintiff asserts a violation of 33 U.S.C. 905(b) and 33 U.S.C. 933 and asserts negligence against defendant based on federal and state common law negligence.

**WHEREFORE**, the plaintiff **DENNIS KIRBY** demands judgment against the defendant in an amount that exceeds the jurisdictional limits of all lower courts on each cause of action, with costs, interest and disbursements.

Dated:     New York, New York
           January 3, 2008

Yours, etc.

MARK N. EDWARDS(ME7106)
GORAYEB & ASSOCIATES, P.C.
Attorney for Plaintiff
DENNIS KIRBY
100 William Street
New York, New York 10038
(212) 267-9222
File#/7401 - LLMU

## **ATTORNEY'S VERIFICATION**

CHRISTOPHER J. GORAYEB, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member of the law firm of GORAYEB & ASSOCIATES, P.C., attorney of record for plaintiff, I have read the annexed **PROPOSED AMENDED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. The reason this verification is made by me and not Plaintiff is that Plaintiff does not reside in the county wherein the attorney for the plaintiff maintain its offices.

DATED:    New York, New York
          January 3, 2008

_____
MARK H. EDWARDS

STATE OF NEW YORK

SS.:   **AFFIDAVIT OF SERVICE**

COUNTY OF NEW YORK

I, MARK H. EDWARDS, being duly sworn, depose and say: I am not a party to the action, am over 18 years of age, and reside in the County of Mercer, State of New Jersey.

On January 03, 2008, I served the within **NOTICE OF CROSS-MOTION WITH OPPOSITION TO PETITIONER'S SUMMARY JUDGMENT MOTION, ATTORNEY'S AFFIDAVIT, AFFIDAVIT OF DENNIS KIRBY, EXHIBITS AND MEMORANDUM OF LAW** to the Federal Express office location at 100 William Street, New York, New York, for overnight delivery service on the following attorneys:

RUBIN, FIORELLA & FRIEDMAN, LLP
292 Madison Avenue
New York, New York 10017

MARK H. EDWARDS

Sworn to before me on
January 03, 2008

Notary Public

CHRIS........
NOTARY PUBLIC, State of N.....
No. 31-4908800
Qualified in New York C......
Commission Expires Nov. 5, 2009

**FedEx** US Airbill

FedEx Tracking Number   **8594 6326 0743**

**1 From** Please print and press hard.

Date 1/3/08    Sender's FedEx Account Number   2178-7586-2

Sender's Name _____ Phone ( 212) 267-9222

Company GORAYEB ASSOCIATES, PC

Address 100 WILLIAM ST RM 1205
Dept/Floor/Suite/Room

City NEW YORK    State NY    ZIP 10038-5095

**2 Your Internal Billing Reference**   Dennis Kirby
First 24 characters will appear on invoice.

**3 To**

Recipient's Name _____ Phone ( )

Company RUBIN, FIORELLA & FRIEDMAN,LLP

Recipient's Address 292 Madison Avenue
We cannot deliver to P.O. boxes or P.O. ZIP codes.    Dept/Floor/Suite/Room

Address
To request a package be held at a specific FedEx location, print FedEx address here.

City New York    State NY    ZIP 10017

0348891263

**Find drop-off locations at fedex.com**

---

FedEx ID No. **0215**

**4a Express Package Service**   Packages up to 150 lbs.

- XX FedEx Priority Overnight
- FedEx Standard Overnight
- FedEx First Overnight

- FedEx 2Day
- FedEx Express Saver

\* To most locations

**4b Express Freight Service**   Packages over 150 lbs.

- FedEx 1Day Freight*
- FedEx 2Day Freight
- FedEx 3Day Freight

* Call for Confirmation    ** To most locations

**5 Packaging**

- FedEx Envelope*
- XX FedEx Pak*
- FedEx Box
- FedEx Tube
- Other

* Declared value limit $500.

**6 Special Handling**   Include FedEx address in Section 3.

- SATURDAY Delivery NOT Available for FedEx Standard Overnight, FedEx First Overnight, FedEx Express Saver, or FedEx 2Day Freight.
- HOLD Weekday at FedEx Location NOT Available for FedEx First Overnight.
- HOLD Saturday at FedEx Location Available ONLY for FedEx Priority Overnight and FedEx 2Day to select locations.

Does this shipment contain dangerous goods?
One box must be checked.

- X No
- Yes As per attached Shipper's Declaration
- Yes Shipper's Declaration not required.
- Dry Ice Dry Ice, 9, UN 1845 ___ x ___ kg

Dangerous goods (including dry ice) cannot be shipped in FedEx packaging.    Cargo Aircraft Only

**7 Payment** Bill to:

- XX Sender Acct. No. in Section 1 will be billed.
- Recipient
- Third Party
- Credit Card
- Cash/Check

**Total Packages**    **Total Weight**    **Total Declared Value†**

$ .00

†Our liability is limited to $100 unless you declare a higher value. See back for details. By using this Airbill you agree to the service conditions on the back of this Airbill and in the current FedEx Service Guide, including terms that limit our liability.    FedEx Use Only

**8 NEW Residential Delivery Signature Options** If you require a signature, check Direct or Indirect.

- No Signature Required
- Direct Signature
- Indirect Signature

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE COMPLAINT                    **07 CV 3840 (RWS)**


of


DONJON MARINE CO., INC., as
Owner of Tug WILLIAM E. for
Exoneration from or Limitation of
Liability,

                        Petitioner.

---

## NOTICE OF CROSS-MOTION WITH OPPOSITION TO PETITIONER'S SUMMARY JUDGMENT MOTION, ATTORNEY'S AFFIDAVIT, AFFIDAVIT OF DENNIS KIRBY AND EXHIBITS

**GORAYEB & ASSOCIATES, P.C.**
Attorney for Respondent
DENNIS KIRBY
100 William Street, Ste. 1205
New York, New York 10038
(212) 267-9222
FILE NO. 7401 - LL

Dated: New York, New York
    January 03, 2008

Mark H. Edwards (ME7106)