Mark H. Edwards (ME 7106)
GORAYEB & ASSOCIATES, P.C.
100 William Street, Suite 1205
New York, New York 10038
(212) 267-9222
Attorney for Respondent/Claimant
DENNIS KIRBY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN THE MATTER OF THE COMPLAINT

       of                                              07 civ 3840 (RWS)

DONJON MARINE CO., INC., as
Owner of Tug WILLIAM E. for
Exoneration from or Limitation of
Liability,

                    Petitioner.
-----------------------------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO
PETITIONER DONJON MARINE CO., INC.'S
MOTION FOR SUMMARY JUDGMENT AND IN
<u>SUPPORT OF RESPONDENT'S CROSS-MOTION</u>**

Of Counsel:

Mark H. Edwards (ME 7106)

                                              GORAYEB & ASSOCIATES, P.C.
                                              100 William Street, Suite 1205
                                              New York, New York 10038
                                              (212) 267-9222
                                              Attorney for Respondent/Claimant
                                              DENNIS KIRBY

## PRELIMINARY STATEMENT

Dennis Kirby (hereinafter, "Mr. Kirby" or "Kirby") disputes and denies that a meritless claim was filed against Donjon Marine Co., Inc. (hereinafter, "Donjon"). Mr. Kirby filed suit in state court based upon violation of New York State Labor Law §§200, 241(6) and 240(1) and common law negligence claims that are viable and meritorious. That action was subsequently removed to this court. Petitioner then filed and served a Verified Complaint seeking exoneration from or limitation of liability. Respondent/Claimant Dennis Kirby has asserted meritorious negligence claims to the maritime Complaint, as well as claims based on the violation of said §§200, 241(6) and 240(1).

To the extent that the Verified Complaint served in the prior state court action and in the Claim of Respondent Dennis Kirby And Answer To Petitioner's Verified Complaint do not formally recite 33 U.S.C. 905(b) and 33 U.S.C. 933 along with the assertion of federal common law negligence claims against Donjon, Respondent/Claimant Kirby should be granted leave to do so (see, proposed amended pleadings, Exhibit F), should the Court deem it necessary to do so.

Donjon Marine Co., Inc. is seeking summary judgment without having submitted an affidavit from any of its employees who were present at the dry dock prior to and on the day of Dennis Kirby's accident. Those individuals include the persons identified in the logs of Donjon Marine Co., Inc. (see, Exhibit B). The motion should be denied for this reason alone, pursuant to Rule 56(f).

## STATEMENT OF FACTS

At the time of his accident, Mr. Kirby was sandblasting the hull of Donjon's tugboat "William E." and was working on a 12-foot A-frame ladder that moved and collapsed and caused Mr. Kirby to fall to the floor of the dry dock, approximately 7-feet below and sustain serious injuries. Mr. Kirby was working as he was taught to do by his employer (Caddell Dry Doc & Repair Cp., Inc.; hereinafter, "Caddell"), standing on the steps such that he was facing away from the ladder with his back against the ladder. This is corroborated by Caddell's Accident Report, dated January 31, 2007 and prepared by Myrsa Dapolito (see, Exhibit B).

The ladder was not stable enough to support Mr. Kirby while he performed sandblasting work in cold, windy conditions. Nobody was holding the ladder while Mr. Kirby worked on it. The ladder was not secured against movement by any ropes. Mr. Kirby was not provided with anything to secure the ladder against movement, even though it was a very windy day. He was not given a safety harness, or a lifeline to prevent or break a fall. There was no scaffolding set up to provide a more stable work platform.

Mr. Kirby's affidavit sets forth that he was not provided with proper, reasonable and adequate safety protection at the time of his accident and that the lack of proper safety protection caused his accident and injuries. Mr. Kirby further avers that had he been provided with a ladder that was properly secured against movement, or a safety harness and lifeline, or a stable scaffold, the accident would not have occurred and he would not have been injured. He was

3

not provided with a safe place to work. Mr. Kirby's Affidavit establishes that "a" proximate cause of his accident was the failure to provide a proper safety device(s).

Mr. Kirby further avers that there were men from the tugboat that were inspecting the sandblasting work and who observed the unreasonable and unsafe conditions under which he was required to perform his work.

Conspicuous by its absence from Donjon's moving papers is an affidavit from anyone from Donjon which sets forth that Donjon did not supervise and control any aspect of the work and that Donjon, through its agents, servants and employees had no notice of the unreasonable and unsafe conditions under which Mr. Kirby was required to perform pressurized sandblasting work on an unsecured step-ladder in windy conditions.

Indeed, the "Wheelhouse Log" and/or "Engineer's Log" provided by Donjon's Counsel show the presence of the following individuals who would appear to be employees of Donjon: Henry Franz, Brent Lambert, G. Koon, Bobby and, upon information and belief, another person named "Farrel," or "Farrell," whose name appears in the Wheelhouse Log and who is also identified as a "P/A." Donjon claims per its response to paragraph "15" of Exhibit B that it did not have documents responsive to respondent/claimant's demand for the names, job titles and addresses (if no longer employed) of each and every employee who was present at dry dock while the "William E." had work performed on it prior to and including the date of accident.

The work order issued by Caddell to Donjon (see, Exhibit B) shows that staging (scaffolding) was specifically designated for other work[1] on the tugboat, but not for sandblasting[2]. Donjon's discovery responses (see, Exhibit B, paragraphs "12-14") also show that Donjon had no safety plan and had no rules or regulations issued by itself or by Caddell that applied to the work being performed in dry dock or to Donjon's employees.

Donjon's claimed estimate of value of the tugboat ($95,000)[3] is contradicted by the higher value listed in its hull insurance policy ($150,000; see, Exhibit B, page "12A" of the policy) and the cost of repairs made by Caddell, totaled $180,326.92 (see, Exhibit B), which is almost twice the amount of the Mowbray Marine Sales Market Evaluation that accompanied Petitioner's Verified Complaint. It should be further pointed out that the bill of sale for the tugboat (see, Exhibit A) does not appear to contain an amount and the date on the appraisal is not completely legible.

---

[1] To wit, "5.) MAIN RUDDER RENEWAL:-"; "6.) PROPELLER:-"; "12.) MISCELLANEOUS STEEL REPAIRS:-"
[2] See, "3.) SAND SWEEP/SPOT BLAST AND PAINT HULL:-"
[3] The date on the so-called and conclusory Certificate Of Market Evaluation of Thomas O. Mowbray Marine Sales is illegible, but Counsel states that the date is May 15, 2007, which makes it subsequent to the $180,326.92 cost of repairs made to the tugboat by Caddell.

5

## POINT I

## FEDERAL LAW DOES NOT PREEMPT
## KIRBY'S STATE LAW CLAIMS

What he has asserted in addition to his 905(b) claim are state claims based upon the violations of Labor Law Sections 200 [the "safe place to work" statute], 241(6) [failure to provide reasonable and adequate protection and safety] and 240(1) ["scaffold statute"].

Clearly, Kirby's claim based upon Labor Law Section 200 is not preempted. "In short, a claim under N.Y. Lab. Law §200, like a claim under 33 U.S.C. 905(b) based on the negligence of a third-party vessel owner, may exist where a defendant has actual or constructive notice of a hazard and fails to protect workers from that hazard. See Scindia, 451 U.S. at 167, 175-76, 101 S.Ct. 1614; Mantovi, 217 A.D.2d at 651, 629 N.Y.S.2d at 487." O'Hara v. Weeks Marine, Inc., 294 F.3d 55, at 69 (C.A.2, 2002). The 905(b) claim, Labor Law 200 claim and state common law negligence claim [Labor Law 200 is but a codification of a common law negligence claim] are based upon Mr. Kirby's affidavit and the logs of Donjon, who has failed to produce a single witness for deposition, and not surprisingly so.

As the Court of Appeals for the Second Circuit further stated, in O'Hara, supra, at 65-66, "[d]espite the record's scant evidence respecting Weeks's conduct, we hold that a reasonable jury could find, based upon it, that Weeks[4] breached its 'duty to intervene' or its 'active control duty.' A vessel owner's

---

[4] Weeks was the general contractor and deployer of two barges on a pier-reconstruction project. Plaintiff O'Hara was injured on one of the barges while attempting to manually lift heavy steel forms.

Scindia duty to intervene arises upon actual knowledge of (1) a risk created by a dangerous condition; and (2) a high probability that the stevedoring entity or other contractor-here, Collazo [Ohara's employer]-will not exercise reasonable care under the circumstances to protect its employees from that risk. *Gravatt*, 226 F.3d at 121 (citing *Scindia,* 451 U.S. at 175-76, 101 S.Ct. 1614)."

Pursuant to Labor Law §200, an owner will bear liability under Section 200 if it exercises supervisory control over the activity that causes the accident, or it had actual or constructive notice of the condition that causes the hazard. <u>Russin v. Louis N. Picciano & Son</u>, 54 N.Y.2d 311, 429 N.E.2d 805, 445 N.Y.S.2d 127 (1981). Kirby has established a triable issue of fact as to Donjon's federal and state negligence.

Kirby's Labor Law Section 241(6) claim also has merit and is not preempted. According to Kirby, who only stands 5'8" tall and weighs a mere 135-pounds, the 12-foot aluminum, A-frame step-ladder that he was required to sandblast on while working with his back to the ladder, tipped and then fell over, causing him to fall 7-feet to the floor of the dry dock and sustain serious injuries. Said claim is not preempted by federal law and the 241(6) claim applies against a vessel owner such as Donjon. <u>O'Hara v. Weeks Marine, Inc.</u>, 294 F.3d 55, at 69 (C.A.2, 2002); <u>Cammon v. City of New York</u>, 95 N.Y.2d 583, 744 N.E.2d 114, 721 N.Y.S.2d 579 (2000); <u>Songui v. City of New York</u>, 2 A.D.3d 706, 770 N.Y.S.2d 103 (2d Dept., 2003).

Kirby has a viable 241(6) cause of action. <u>Ross v. Curtis-Palmer Hydro-Elec. Co.</u>, 81 N.Y.2d 494, 618 N.E.2d 82, 601 N.Y.S.2d 49. The "specific"

section of Rule 23 of the Industrial Code of the State of New York [12 NYCRR 23] that was violated is Section 23-1.21(b)(1).

Likewise, the Labor Law 240(1) cause of action is not preempted. "...[I]t is clear that LHWCA and Section 240 share the same objective-the protection of workers and placement of financial responsibility on those most likely to be able to prevent the injury. *See Cammon v. City of New York*, 95 N.Y.2d 583, 588-89, 721 N.Y.S.2d 579, 583, 744 N.E.2d 114 (2000). Finally, there is no direct conflict between the LHWCA and Section 240. While the statutes require different findings for liability to be imposed, these different theories can be presented to a jury by use of a special verdict form. *Gravatt,* 1998 WL 171491[5]." McAllister v. G&S Investors, 358 F.Supp.2d 146, 150 (E.D.N.Y., 2005); Aguilar v. Henry Marine Service, Inc., 12 A.D.3d 542, 785 N.Y.S.2d 95 (2d Dept., 2004) [plaintiff fell from a tugboat while performing a land-based alteration of a vessel in dry dock pursuant to contract].

In support of the foregoing, the tugboat is to be considered a "structure" under the Labor Law. Chaffee v. Union Dry Dock Company, 68 A.D. 578, 73 N.Y.S. 908 (4th Dept., 1902); Lewis-Moors v. Contel of New York, Inc., 167 A.D.2d 732, 563 N.Y.S.2d 303 (3d Dept., 1990). The work that Kirby was involved in clearly qualifies as "construction work" as defined by the Industrial Code (12 NYCRR 23-1.4[b][13]). The work was also major repair work and an alteration to a structure that involved making significant physical changes to the structure for purposes of the Labor Law claims being asserted.

---

[5] Assuming partial summary judgment is not granted on that cause of action, which in this case it should be.

## POINT II

## DONJON WAS NEGLIGENT; *ARGUENDO*, AT A MINIMUM, IT HAS FAILED TO ELIMINATE TRIABLE ISSUES OF FACT ON THIS ISSUE

The affidavit of Kirby sets forth that his work was being inspected by the tugboats employees. The logs establish the presence of Donjon employees. Donjon has failed to submit a witness for deposition and has failed to submit an affidavit from any of its employees who had knowledge of the work being performed and conditions at the site.

Donjon had workers of its own on site that were actively involved in the operations and/or actively controlled the barge. According to Kirby, Donjon had actual knowledge that Caddell was not exercising reasonable care to protect its employees, especially Kirby. In particular, Donjon employees observed the precarious manner in which Kirby was directed and required to do his work. No other workers were provided to Kirby to hold his ladder. No safety harness or lifeline was provided in violation of OSHA [29 C.F.R. 1926], Section 1926.501 because of the failure to have fall protection, including but not limited to 1926.501(b)(1) since Kirby was more than 6-feet above the floor and had no fall protection. Kirby was not provided with any scaffolding which would have provided a more stable working platform on which to sandblast.

Donjon breached its breached its "duty to intervene" and its "active control duty." It therefore bears repeating, that, "[a] vessel owner's *Scindia* duty to intervene arises upon actual knowledge of (1) a risk created by a dangerous condition; and (2) a high probability that the stevedoring entity or other

9

contractor-here, Collazo-will not exercise reasonable care under the circumstances to protect its employees from that risk. *Gravatt*, 226 F.3d at 121 (citing *Scindia*, 451 U.S. at 175-76, 101 S.Ct. 1614)." O'Hara v. Weeks Marine, Inc., 294 F.3d 55, at 65-66 (C.A.2, 2002). O'Hara also stands for the proposition that a jury fact question exists as to a vessel owner's negligence if there is notice of an open and obvious danger and allowed men to keep working; that a trier of fact could infer negligence from Donjon's knowledge that no other Caddell employees were available to secure the ladder, or provide scaffolding; if it knew of the risks inherent in the manner in which Kirby was required to perform his work. Although it is denied that Kirby was comparatively negligent, O'Hara also stands for the proposition that a ship owner will not be relieved of liability if the worker performs the work in spite of a dangerous condition.

Upon information and belief, Donjon's port engineer attended meetings with Jim Mullusky and directed certain elements of the work. The fact that Mullusky was a painting supervisor and a superior of Mr. Kirby does not mean that Donjon did not actively control the work and the project. Donjon submits no evidence that it did not supervise or control any aspects of the work and the logs indicate otherwise.

### POINT III

### DONJON IS NOT ENTITLED TO EXONERATION OF LIABILITY

Donjon is completely incorrect that Kirby has not alleged that he was injured by Donjon's negligence. Kirby's Verified Complaint (see, Donjon's Exhibit

"2") against Donjon in 07 civ 3742 (RWS)(DFE) most certainly asserts negligence allegations (e.g., paragraphs "26," "27," "28," "29" and "37." Also, Kirby's Claim (see, Donjon's Exhibit "4") against Donjon in this proceeding also alleges negligence (e.g., paragraph "8").

Kirby has set forth triable issues of fact concerning Donjon's negligence and it is Donjon that has failed in its burden of proof. More important, Donjon has failed to eliminate triable issues of fact. Based on the record before the Court, Kirby's affidavit, Donjon's logs and Donjon's failure to either submit to a deposition or submit an affidavit from a witness with knowledge, its motion must be denied in all respects.

## POINT IV

## DONJON IS NOT ENTITLED TO LIMIT LIABILITY

Donjon has failed to submit a witness for a deposition. Donjon has failed to submit an affidavit from any person who was on site the day of and prior to Kirby's accident (and there were multiple individuals in the dry dock). Donjon has failed to provide information as to the names, job titles and addresses (if no longer employed) of each and every employee present at dry dock #3 prior to and on the date of accident.

Kirby has shown that Donjon had privity and knowledge of negligent acts and omissions, including its own and it is therefore not entitled to limit its liability. Furthermore, Donjon's claim that the value of the vessel is $95,000 is belied by the evidence that the tugboat was claimed to have a value of $150,000 for

insurance purposes and $180,326.92 in repairs were made to the tugboat before the so-called and conclusory "market evaluation" was performed. In short, the tugboat is worth substantially more than the amount claimed and the Court may wish to *sua sponte* vacate its prior Order in that regard.

The inferences to be drawn from all underlying facts are clearly to be viewed in a light most favorable to Mr. Kirby and Donjon is not entitled to the relief requested in its motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### POINT V

### KIRBY'S CROSS-MOTION TO SERVE AMENDED PLEADINGS TO FORMALLY RECITE NEGLIGENCE CLAIMS BASED UPON 33 U.S.C. 905(b) AND 33 U.S.C. 933 SHOULD BE GRANTED

FRCP 15 provides that leave to amend pleadings shall be freely given when justice so requires. Gorayeb & Associates, P.C. is not a maritime law firm. This is the first case that has been handled involving the within issues. It is a complex area of the law.

To the extent that 33 U.S.C. 905(b) and 33 U.S.C. 933 should be formally recited and do not come within the rubric of the negligence claims that have been asserted against it, Kirby respectfully seeks leave to serve amended pleadings as proposed in Exhibit F. Respondent nevertheless verily believes that negligence claims have properly been asserted, inclusive of federal common law claims. Certainly, there can be no prejudice to Donjon and it cannot now

ingenuously claim surprise, given that it has moved to dismiss said claims and has fully briefed its position. The affidavit of Dennis Kirby and the prior pleadings serve as affidavits of merit in this regard.

## CONCLUSION

It is respectfully requested that an Order should be issued denying the summary judgment motion of Donjon Marine Co., Inc. and granting Dennis Kirby's cross-motion together with such other and further relief as this Honorable Court deems just and proper and in the interests of justice.

Dated: New York, NY
       January 3, 2008

_____
Mark H. Edwards (ME 7106)
GORAYEB & ASSOCIATES, P.C.
Attorney for DENNIS KIRBY
100 William Street, Suite 1205
New York, NY 10038
(212) 267-9222

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br><br>of<br>DONJON MARINE CO., INC., as<br>Owner of Tug WILLIAM E. for<br>Exoneration from or Limitation of<br>Liability,<br><br>                    Petitioner. | 07 CV 3840 (RWS) |

**MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S SUMMARY JUDGMENT MOTION AND IN SUPPORT OF RESPONDENT'S CROSS-MOTION**

GORAYEB & ASSOCIATES, P.C.
Attorney for Respondent
DENNIS KIRBY
100 William Street, Ste. 1205
New York, New York 10038
(212) 267-9222
FILE NO. 7401 - LL

Dated: New York, New York
       January 03, 2008

_____
Mark H. Edwards (ME7106)