# EXHIBIT 2

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAWN McALLISTER and<br>KIMBERLY McALLISTER<br><br>v.<br><br>G & S INVESTORS,<br>G & S PORT CHESTER CORP.,<br>G & S PORT CHESTER, LLC,<br>PEG/PARK ARCHITECTS, P.C.,<br>LANGAN ENGINEERING AND<br>ENVIRONMENTAL SERVICES, INC.,<br>FARMINGDALE MAINTENANCE<br>SERVICES, INC. and<br>LOFTUS CONTRACTING CORP. | No. 03-CV-3364<br>(LDW)(EDT) |

## PLAINTIFFS' MOTION & NOTICE OF MOTION FOR SUMMARY JUDGMENT

1. Plaintiffs, Shawn McAllister and Kimberly McAllister, move for an order granting Rule 56.1 summary judgment against defendants, G&S Investors, G&S Port Chester Corp., and G&S Investors Port Chester, LLC.

2. Summary judgment is proper in this case because there is no genuine issue of any material fact and because plaintiffs are entitled to judgment as a matter of law. Specifically, defendants G&S Investors, G&S Port Chester Corp., and G&S Investors Port Chester, LLC. are in breach of Section 240 of the Labor Law of the State of New York.

1

3. This motion is based on the attached Memorandum in Support of the Motion, the Statement of Uncontroverted Facts Pursuant to Local Rule 56.1, the Summary Judgment Evidence as set forth in Plaintiff's Exhibit List, the Affidavit of engineer Joseph Cannizzo, P.E., and all pleadings and papers on file.

Respectfully submitted,

**SILBERSTEIN, AWAD & MIKLOS, P.C.**

By:_____
JOSEPH P. AWAD
No.: JPA 9553
600 Old Country Road, Suite 412
Garden City, New York 11530
(516) 832-7777
(516) 832-7877

ATTORNEYS FOR PLAINTIFFS

TO: **LAW OFFICES OF KRAL, CLERKIN,
REDMOND, RYAN, PERRY & GIRVAN, LLP**
Attorneys for defendants
G&S INVESTORS, G&S PORT CHESTER, CORP.,
G&S PORT CHESTER, LLC and
FARMINGDALE MAINTENANCE SERVICES, INC.
Attn: Thaddeus K. Rozanski, Esq.
69 East Jericho Turnpike
Mineola, New York 11501
(516) 742-3470

2

**CONGDON, FLAHERTY, O'CALLAGHAN, REID,
DONLON, TRAVIS & FISHLINGER**
Attorneys for Defendant
LOFTUS CONTRACTING CORP.
Attn: Robert T. Krause, Esq.
333 Earle Ovington Boulevard, 5th Floor
Uniondale, New York 11553
(516) 542-5900

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHAWN McALLISTER and<br>KIMBERLY McALLISTER<br><br>v.<br><br>G & S INVESTORS,<br>G & S PORT CHESTER CORP.,<br>G & S PORT CHESTER, LLC,<br>PEG/PARK ARCHITECTS, P.C.,<br>LANGAN ENGINEERING AND<br>ENVIRONMENTAL SERVICES, INC.,<br>FARMINGDALE MAINTENANCE<br>SERVICES, INC. and<br>LOFTUS CONTRACTING CORP. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No._03-CV-3364<br>(LDW)(EDT) |

**PLAINTIFFS' REPLY TO DEFENDANTS G&S INVESTORS, G&S PORT CHESTER CORP., AND G&S PORT CHESTER, LLC OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO NEW YORK STATE LABOR LAW §240 AND PLAINTIFFS' RESPONSE TO DEFENDANT, LOFTUS CONTRACTING CORP., MOTION FOR SUMMARY JUDGMENT**

**POINT I**

**PLAINTIFFS' STATE LABOR LAW CLAIMS AGAINST DEFENDANTS ARE NOT PREEMPTED BY EITHER THE LONGSHORE AND HARBOR WORKERS' COMPENSATION ACT OR FEDERAL COMMON LAW.**

A. Plaintiffs move for summary judgment against Defendants, G&S Investors, G&S Port Chester Corp., and G&S Port Chester, LLC under § 240 of the Labor Law

In its papers opposing plaintiffs' motion for summary judgment, defendants, G&S Investors, G&S Port Chester, Corp., and G&S Port Chester, LLC, and

Farmingdale Maintenance Services, Inc., argue that the plaintiffs' cause of action pursuant to §240 of New York State Labor Law is preempted by either the Longshore and Harbor Workers' Compensation Act (hereinafter referred to as "LHWCA") or federal common law, and as such, plaintiffs' motion for summary judgment on the §240 cause of action should be denied. Defendants' assertion of preemption is wrong because there is no basis for refusing to enforce New York Labor Law because "protecting workers employed in the state is within the historic police powers of the State and there is no clear and manifest congressional intent to preempt this state prerogative." Gravatt v. City of New York[1], 1998 WL 171491 (S.D.N.Y. April 10, 1998).

In its complaint, plaintiffs did not allege a §240 cause of action against plaintiff's employer, defendant Farmingdale Maintenance Services, Inc., restricting plaintiff's claim against plaintiff's employer to its vessel owner's responsibility under the LHWCA and Second Circuit Appeals Court decisions (see e.g., Paragraphs 12, 20, 24, 30, 31-Plaintiff's First Cause of Action, and Paragraph 44-Plaintiff's Third Cause of Action set forth in plaintiffs' complaint). Plaintiffs' Section 240 cause of action, for which it is seeking summary judgment, is alleged against G&S Investors, G&S Port Chester, Corp., and G&S Port Chester, LLC, since these defendants are the owners, general contractors and developers of a massive land-based project in the City of Port

---

[1] A final judgment in Gravatt was reversed on other grounds in Gravatt v. City of New York, 226 F.3d 108 (2nd Cir. 2000).

2

Chester that included the rebuilding of the bulk-head (phase 3 of the project) as part of the land-based construction project. (Annexed hereto as Exhibit "L" are Bid Documents and Specifications Contract No. 99230, Bulkhead Rehabilitation Project on the Byram River, Phase 3; Land Acquisition and Disposition Agreement Dated as of July 14, 1999 by and between Village of Port Chester, Village of Port Chester Industrial Development Agency and G&S Port Chester, LLC; Letter of April 19, 2002 from Vachris Engineering to G&S Investors; Fax Cover sheet dated October 15, 1999 including letter of Revised letter of October 14, 1999).

### B. Farmingdale Maintenance Services, Inc. was the owner of the float vessel/stage

Although the plaintiffs alleged in their Complaint that G&S Investors, G&S Port Chester, Corp. and G&S Port Chester, LLC, had a dual capacity role at the bulk-head construction site in that they may have been owners of the float vessel/stage, the testimony of Ralph Huylar, who testified as a witness on behalf of defendant, Farmingdale Maintenance Services, Inc., failed to furnish evidence that G&S Investors, G&S Port Chester, Corp. and G&S Port Chester, LLC were owners or owners pro hac vice of the float vessel/stage[2]. A reading of Mr. Huylar's testimony leads to the conclusion that Farmingdale Maintenance Services, Inc. was the owner of the vessel. Defendants, who are in exclusive possession of documents claimed to have been executed

---

[2]  The defendants, G&S Investors, G&S Port Chester Corp., and G&S Port Chester, LLC denied vessel ownership and vessel responsibility under the LHWCA (See paragraph "TWENTY-FIRST" of Defendants' Answer.)

3

by Mr. Huylar at the time of the purchase of the subject float vessel/stage, have produced during discovery, no documents evidencing any other conclusion than Farmingdale Maintenance Services, Inc.'s ownership of the float vessel/stage.

"[T] the person thus put in possession and control of the vessel becomes special owner...Such a person is frequently described as owner pro hac vice which is merely a convenient expression to indicate that he stands in the place of the owner for the voyage or service contemplated and bears the owner's responsibility....." Blair v. United States Steel Corp., 444 F.2d 1390 (3rd Cir. 1971) citing Aird v. Weyerhaeuser S.S.Co., 169 F.2d 606 (3d Cir. 1948). Mr. Huylar's testimony clearly states that defendant, Farmingdale Maintenance Services, Inc., was in possession and control of the subject float vessel/stage. (Huyler transcript p 54, line 19; p. 55, line 2; p. 62, line 16-18; p.97; p. 98, line 3-7)

Thus, plaintiff's motion for summary judgment under §240 of the Labor Law has been submitted solely against G&S Investors, G&S Port Chester, Corp., and G&S Port Chester, LLC, and not against plaintiff's employer, Farmingdale Maintenance Services, Inc. who has been sued in its dual capacity, as the owner of the vessel, not properly equipped (see e.g., Plaintiff's counsel letter pursuant to this Court's rules requesting a pre-motion conference, dated October 4, 2004)(page 2) Attached hereto as Exhibit "M")

### C. The LHWCA does not preempt state law claims

The LHWCA clearly does not preempt state law claims as to parties who are not employers and/or vessels owners:

> "The LHWCA regulates the relationship only between (1) longshoreman/harbor workers, (2) their employers, and (3) vessel owners. No rights or remedies outside this triangle were disturbed or regulated by Congress. See Garvin v. Alumax of South Carolina, Inc, 787 F.2d 910,917 (4th Cir. 1986) ("Except with respect to claims against vessels...the LHWCA does not address the substantive rights of claimants against third parties."

Gravatt v. City of New York[3], 1998 WL 171491 (S.D.N.Y., April 10, 1998).

Other federal courts have addressed the issue of whether the LHWCA preempts state law and have held that it does *not*. (i.e. The LHWCA does not provide an exclusive remedy) Vega-Mena v. U,S., 990 F.2d 684 (1st Cir. 1993); Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg, Pennsylvania, 876 F.2d 1157 (5th Cir. 1989); Eagle-Picher Industries, Inc. v. U.S, 937 F.2d 625, 290 U.S. App. D.C. 307 (D.C. 1991); Hernandez v. Todd Shipyards Corp., 2004 U.S. Dist. LEXIS 12777 (D. La. July 8, 2004).

### D. Federal maritime law does not preempt New York State Labor Law claims

Defendants' opposition to granting summary judgment under plaintiff's §240 cause of action is based in part on the misstatement of fact and on a misreading and misstatement of statutory and case law discussing the doctrine of preemption in the

---

[3] A final judgment in Gravatt was reversed on other grounds in Gravatt v. City of New York, 226 F.3d 108 (2nd Cir. 2000).

5