Mark H. Edwards (ME 7106)
GORAYEB & ASSOCIATES, P.C.
100 William Street, Suite 1205
New York, New York 10038
(212) 267-9222
Attorney for Respondent/Claimant
DENNIS KIRBY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN THE MATTER OF THE COMPLAINT                 07 civ 3840 (RWS)

            of                                                **AFFIDAVIT OF**
                                         **MARK H. EDWARDS**

DONJON MARINE CO., INC., as
Owner of Tug WILLIAM E. for
Exoneration from or Limitation of
Liability,

           Petitioner.
-----------------------------------------------------------x
COUNTY OF NEW YORK)
                        )ss.:
STATE OF NEW YORK   )

    **MARK H. EDWARDS**, being duly sworn, deposes and says as follows:

    1.    I am associated with Gorayeb & Associates, P.C., attorney for Dennis Kirby, respondent/claimant in this action as well as the plaintiff in the related lawsuit [07-3742 (RWS)(DFE)]. I am familiar with the facts of this matter based upon my personal knowledge and/or review of the file.

    2.    This affidavit is submitted in response to the reply papers that were filed by Donjon Marine Co., Inc. (hereinafter, "Donjon"). Donjon both failed to submit a witness for deposition in advance of its motion for summary judgment and failed to submit an affidavit from one of its employees until it filed reply papers

on said motion. During oral argument on January 30, 2008, the Court granted Kirby leave to respond to the affidavit submitted by Gordon Keen (hereinafter, referred to as "Captain Keen"), Captain of the tug William E. on the date of the accident (1/31/07).

    3.    Captain Keen's affidavit claims, in part, that:

        a)    Caddell workers were not involved in Donjon's work;

        b)    Donjon's workers were not involved in any way in the work performed by Caddell Dry Dock's employees;

        c)    Donjon's workers did not interact with Caddell Dry Dock's workers in any way.

    4.    The assertions made in the affidavit of Captain Keen are contradicted by the bill submitted by Caddell Dry Dock And Repair Co., Inc. to Donjon because the bill indicates that there was involvement, direction, supervision and control by Donjon and/or its agents, servants and employees, as follows:

        a)    "TESTED RUDDER MOVEMENT TO OWNER'S REP SATISFACTION." [See, Exhibit B to Kirby cross-motion, paragraph "5.) MAIN RUDDER RENEWAL:-"];

        b)    Under Paragraph "7. TAIL SHAFT REPAIRS:-" it states, in part, "UPON APPROVAL, APPLIED FIBER GLAS (SIC) AND SHAFT COATING IWO (sic) EXPOSED AREAS BETWEEN LINERS, TESTED AND MADE UP AS ORIGINAL. UPON

        APPROVAL, RIGGED TAIL SHAFT TRANSFERRED TO VESSEL READY FOR INSTALLATION…UPON APPROVAL, REINSTALLED ALL REMOVALS IN ENGINE ROOM AS ORIGINAL."

c) Under Paragraph "8.) SEA VALVES:-" it states, in part, "AT OWNER'S REQUEST COMPLETELT (sic) REMOVED BEYOND REPAIR (1) 6" DIA VALVE FOR RENEWAL."

d) Under Paragraph "10. ZINC ANODES:-" it states, in part, "UNBOLTED DETERIORATED ZINC ANODES AND REMOVED FROM HULL WHERE DIRECTED FOR RENEWALS…INSTALLED YARD FURNISHED 6" X 11/4" X 12" ZINC ANODES TO HULL WHERE DIRECTED…"

e) Under Paragraph "12. MISCELLANEOUS STEEL REPAIRS:-" it states, in part, "FURNISHED LABOR, MATERIAL, EQUIPMENT. SET UP NECESSARY FIRE LINE, STAGING TO ACCOMPLISH STEEL REPAIRS WHERE DIRECTED BY OWNER REP AS FOLLOWS:-…B.) …CUT, SNAD [sic; "sand"] BLASTED AND COATED. FITTED AS DOUBLERS IWO (sic) BOTTOM AND SIDE SHELL PLATING PORT AND STBD WHERE DIRECTED BY OWNER REP…C.)…AT OWNER'S REQUEST DRY-DOCKED VESSEL AGAIN. LOCATED NEW EXTRA LEAKS IN PRESENCE OF OWNER

REP. SET UP NECESSARY FIRE LINE, STAGING TO ACCOMPLISH EXTRA STEEL REPAIRS WHERE DIRECTED BY OWNER REP AS FOLLOWS:-..."

f) Under Paragraph "13.) MISCELLANEOUS:-" it states, in part, "A.) AT OWNER'S REQUEST, PUMPED APPROX. 4000 GAL OF FUEL IWO (sic) FWD FUEL TANK AND STORED AS DIRECTED..."

g) Under paragraph "14.) OVER TIME (PREMIUM)" it states, in part, "AT OWNER'S REQUEST WORKED OVER TIME AS NECESSARY."

5. Captain Keen's name appears in one of the tug's logs for January 31, 2007 (see, Wheelhouse Log contained within Exhibit "B" to Kirby's motion papers). The entry in the Engineer's Log for January 30, 2007 (see, Engineer's Log contained within Exhibit "B" to Kirby's motion papers) states "-CONT. PREPS TO SAND BLAST HULL" but it does not specify that that work was only being performed by Caddell workers. The entry in the Engineer's Log for January 22, 2007, states, in part, "-BROUGHT ON X-TRA 5 GAL BUCKET SALT FOR YARDS." Other entries in the Engineer's Log make it clear that Donjon was well aware of what work was being performed by Caddell employees.

6. In view of the foregoing, the work of Donjon and Caddell was therefore clearly interrelated. Clearly, Donjon has failed to eliminate triable issues of fact on every material issue.

7. There is no denial in Captain Keen's affidavit that Donjon was unaware of the risk of injury and unreasonable and unsafe conditions under which Kirby was required to perform his work the day of his accident even though Captain Keen would appear to have been present that day. Captain Keen's affidavit does not rule out that Donjon may have violated its "active control duty" and/or its "duty to intervene" under Scindia.

8. Kirby served a notice of deposition prior to receiving Donjon's discovery responses because they were overdue. Donjon did not produce a single witness for deposition on November 27, 2007, including Captain Keen, upon whose belated affidavit it now relies. Donjon failed to timely provide Kirby with discovery responses and did not serve same until on or about November 26, 2007. The next day (the day on which the depositions had been noticed), Donjon moved for summary judgment.

9. On or about November 26, 2007, the day prior to the date noticed for Donjon's depositions, our office, by Shanik Rodriguez, who was performing calendar clerk duties that day, received a telephone call from Donjon's Counsel, who advised Ms. Rodriguez that he would not be producing a witness because we were not specific as to who we wanted to depose. We did not agree to adjourn the deposition(s); rather, Donjon unilaterally stated that it would not produce a witness. At that time, we could not specify who we wanted to depose because we did not yet know the names of anyone from Donjon who was present and we had not yet received and reviewed Donjon's discovery responses, which were received in our

office on November 28, 2007 (received two months after Kirby's demands had been served on 9/26/07).

10. It is respectfully requested that the Court deny Donjon's motion for reasons pursuant to Federal Rule 56(e) and (f) as Kirby should be granted the opportunity to conduct a deposition of Captain Keen. Kirby cannot presently present facts essential to completely justify his position other than what has been provided thus far. Upon information and belief, Captain Keen's affidavit presents a mere fraction of what he knows regarding this project.

11. The Court should allow Kirby to properly challenge Captain Keen's affidavit by way of deposition, at which time the extent of his knowledge will be fathomed regarding the work being performed as well as all of the surrounding facts and circumstances regarding Kirby's accident.

**WHEREFORE,** it is respectfully requested that Donjon's summary judgment motion be denied and that the Court grant to Kirby such other and further relief as the Court deems just and proper and in the interests of justice.

_____
Mark H. Edwards

Sworn to before me this
6th day of February, 2008

_____
Notary Public

MARIA URGILES
Notary Public, State of New York
No. 01UR6133253
Qualified in Queens County
Commission Expires Sep. 12, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE COMPLAINT                07 CV 3840 (RWS)

of

DONJON MARINE CO., INC., as
Owner of Tug WILLIAM E. for
Exoneration from or Limitation of
Liability,

Petitioner.

**ATTORNEY'S AFFIDAVIT**

**GORAYEB & ASSOCIATES, P.C.**
Attorney for Respondent
DENNIS KIRBY
100 William Street, Ste. 1205
New York, New York 10038
(212) 267-9222
FILE NO. 7401 - LL

Dated: New York, New York
February 6, 2008

Mark H. Edwards (ME 7106)