James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue
New York, NY 10017
(212) 953-2381
Attorneys for Petitioner
DONJON MARINE CO., INC.
As owner of Tug WILLIAM E.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK         07 civ 3840 (RWS)
IN THE MATTER OF THE COMPLAINT

        of

DONJON MARINE CO., INC. as owner of Tug
WILLIAM E. for Exoneration from or Limitation
of Liability,

        Petitioner.

---

## DONJON MARINE CO., INC.'S
## SUPPLEMENTAL MEMORANDUM IN
## SUPPORT OF SUMMARY JUDGMENT

Of Counsel:

James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)

                      **RUBIN, FIORELLA & FRIEDMAN LLP**
                      292 Madison Avenue, 11th Floor
                      New York, NY 10017
                      212-953-2381
                      Attorneys for Petitioner
                      Donjon Marine Co, Inc.

At oral argument on January 30, 2008, the Court granted plaintiff leave to rebut a declaration of the tug captain submitted with Donjon Marine's reply papers. Plaintiff has responded only with an affidavit of counsel and has otherwise failed to articulate any triable issues of fact. The facts of this accident have not been disputed at all. Therefore, resolution by summary judgment is appropriate.

## POINT I

### AFFIDAVIT OF COUNSEL IS INADMISSIBLE

The Affidavit of Mark H. Edwards, plaintiff's counsel, is the only document submitted in an effort to: (i) rebut the Declaration of Captain Keen and (ii) seek additional discovery. The attorney affidavit misses the mark.

### Affidavit is Inadmissible

To defeat a motion for summary judgment, the opposing party is required to submit an affidavit which "shall be made on *personal knowledge* [and] *shall* set forth such facts as would be admissible in evidence." Fed.R.Civ.P. 56 (e). An affidavit submitted by counsel who lacks personal knowledge of the facts should be accorded no weight on a motion for summary judgment. *See* Wyler v. United States, 725 F.2d 156, 160 (2d Cir. 1983). "An attorney's familiarity with a case on which he is working, without more, is not sufficient to establish personal knowledge of the material facts of the case." Batori v. American Permalight, Inc., 2004 W.L. 2601120 at *2 (S.D.N.Y. Nov. 16, 2004). *See* Beyah v. Coughlin, 789 F.2d 986 (2d Cir. 1986); Omnipoint Communications, Inc. v. Common Council of Peekskill, 202 F. Supp.2d 210 (S.D.N.Y. 2002). Here, since the affidavit of plaintiff's counsel is not made upon personal knowledge and contains inadmissible hearsay and conclusory statements, it should be

disregarded. Omnipoint, 202 F. Supp.2d at 213 ("When an attorney's affirmation does not comply with Rule 56(e), the court should strike the portions thereof which are not made upon the affiant's personal knowledge, contain inadmissible hearsay or make conclusory statements").

Substantively, the affidavit fails to address the very issue this Court permitted plaintiff to address, to wit, whether the tug's crew had "active control" over or supervised plaintiff's work at the dry dock. To the contrary, the affidavit merely *concludes* that Donjon was "well aware of what work was being performed" and that there is "no denial in Captain Keen's affidavit that Donjon was unaware of the risk of injury and unreasonable and unsafe conditions under which Kirby was required [by his employer] to perform his work." Attorney Affidavit at 5 and 7.[1] These conclusory statements are not evidentiary and do not create a genuine issue of material fact.

Significantly, in his initial affidavit, plaintiff (Dennis Kirby) only suggested that on the morning of the accident, he "*saw two or three Caucasian men*" walking in the dry dock who "*were not Caddell employees.*" By any means, this does not demonstrate "active control" over the work by the tug owner. What's more, even plaintiff's employer, Caddell Dry Dock, averred that plaintiff was supervised by Caddell Dry Dock, not Donjon Marine. *See* Affidavit of Steve Kalil at 9.

Plaintiff has raised no triable issue of fact as to any of the Scindia duties of a vessel

---

[1] With these conclusory allegations, counsel's affidavit mentions documents either annexed as an exhibit to Donjon Marine's motion (i.e., Caddell Dry Dock's Work Order, Exhibit 3) or plaintiff's opposition (i.e., excerpts of the tug's log books, Exhibit B). These documents do not at all show "active control" over plaintiff's work by Donjon Marine, the owner of the tugboat, while being serviced at the dry dock. To the contrary, these documents show merely that Donjon Marine approved completed work performed by Caddell Dry Dock, and, as counsel concludes, was aware of the work being done.

owner, namely the (i) turnover duty; (ii) "active control" duty; and (iii) duty to intervene. *See* Donjon Marine's moving brief at pp. 6 - 9.

## POINT II

### PLAINTIFF FAILS TO ESTABLISH NEED FOR DISCOVERY

A four-part test has been established by the Second Circuit to determine whether discovery is necessary pursuant to Rule 56(f). Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994). The affidavit in support must include (i) the nature of the uncompleted discovery; (ii) how the facts sought are reasonably expected to create a genuine issue of material fact; (iii) what efforts the litigant has made to obtain those facts; (iv) and why those efforts were unsuccessful. *Id. See also* Demry v. Extebank Deferred Comp., 216 F.3d 283 (2d Cir. 2000) (discovery should be denied where the requested discovery will not create a genuine dispute of material fact).

Plaintiff cannot satisfy three prongs of this test. The tug captain, Captain Keen, stated by sworn declaration, that the tug's crew had no supervision or control over plaintiff's work. *See* Keen Declaration at 4. Even plaintiff's employer stated that plaintiff's supervisor was a Caddell Dry Dock employee. *See* Affidavit of Steve Kalil, president of Caddell Dry Dock, at 9. Plaintiff was given leave by the Court specifically rebut these otherwise undisputed facts, but has not done so. Indeed, plaintiff has not introduced any evidence to show that Donjon Marine had any involvement in plaintiff's work. Plaintiff seeks to forestall the just and speedy resolution of this case (*see* Fed.R.Civ.P. 1) by deposing Captain Keen to probe his knowledge of "the surrounding facts and circumstances regarding Kirby's accident." *See* Attorney Affidavit at 11. Rule 56 (f) does not permit discovery on the "mere hope that further evidence may develop prior to trial [as

this] is an insufficient basis on which to justify the denial of the motion." <u>Contemporary Mission Inc. v. United States Postal Serv.</u>, 648 F.2d 97, 102 (2d Cir. 1981). Moreover, the "facts and circumstances regarding Kirby's accident" are not in dispute. He admits falling off a ladder that was not in any way connected to the tugboat, due to the combination of a strong wind and the force of his sandblaster.

Accordingly, plaintiff has not established how the discovery sought is reasonably expected to create a genuine issue of material fact.

Likewise, plaintiff has not established the third and fourth prongs of the Rule 56 (f) test. Plaintiff states that Donjon Marine did not produce any witnesses for deposition. Nonetheless, plaintiff does not dispute that his Notice of Deposition was improper in several respects, as discussed in Donjon Marine's Reply Memorandum. Plaintiff does not dispute that the Notice failed both to provide sufficient time to produce a witness, and to properly identify who plaintiff wished to depose. Plaintiff's response now is that he did not know who he wanted to depose. *See* Attorney Affidavit at 9. Rule 30(b)(6) provides a simple answer to this problem, yet plaintiff did not demand a Rule 30(b)(6) deposition.

Plaintiff has not introduced any facts to demonstrate how the deposition of Captain Keen will create a genuine issue of material fact. Accordingly, plaintiff is not entitled to conduct discovery pursuant to Rule 56 (f). *See* <u>Paddington Partners</u>, 34 F.3d at 1138 (rejecting discovery based on a "bare assertion" and speculation as to what potentially could be discovered).

## CONCLUSION

There are no genuine issues of material fact present in this case that warrants a trial. The accident facts are not in dispute. As a matter of law, plaintiff's state law claims are preempted by the federal Longshore and Harbor Workers' Compensation Act. In addition, Donjon Marine did not breach any duty it may have owed to plaintiff under that Act, and has established that it is entitled to exoneration from liability under federal admiralty law.

Accordingly, as a matter of law, plaintiff's complaint should be dismissed.

Dated: February 14, 2008

> RUBIN, FIORELLA & FRIEDMAN LLP
> Attorneys for Petitioner
> DONJON MARINE CO., INC.
> By: _____
> James E. Mercante (JM 4231)
> Michael E. Stern (MS 9113)
> 292 Madison Avenue, 11th Floor
> New York, New York 10017
> 212 953-2381
> Our File No. 609-8731